

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL A CORNWELL
Vs.
USMAN BANDUKRA

C.A. No.    2005 CA 006897 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MICHAEL L RANKIN
August 29, 2005
Initial Conference: 9:30 am, Friday, December 09, 2005
Location: Courtroom 519
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL A. CORNWELL            :
    Plaintiff                  :
vs.                            :            Case No.:
                               :
USMAN BANDUKRA                 :
    and                        :
MATTHEW J. GALLAGHER           :
    Defendants                 :

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
OF THE TRUTH OF ANY MATTER TO DEFENDANT BANDUKRA**

Pursuant to Rule 36, plaintiff requests admissions from defendant.

### Instructions

a. Plaintiff requests admissions from you for the truth of the matters set forth herein.

b. You may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons you cannot admit or deny the matter. If you fail to admit the genuineness of any document or the truth of any matter that plaintiff is requesting hereunder pursuant to Rule 36, and if the plaintiff thereafter proves the genuiness of any document or the truth of any matter, the plaintiff may apply to the Court for an order requiring you to pay reasonable expenses incurred in making that proof, including reasonable attorney's fees. The Court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) you had reasonable ground to believe that you might prevail on the matter, or (4) there was other good reason for the failure to admit to the matter requested.

c. Plaintiff may move to determine the sufficiency of your answers or objections. Unless the Court determines that your objection is justified, it shall order that an answer be served. If the Court determines that any of your answers do not comply with the Rules, it may order either that

the matter is admitted or that you serve an amended answer. The Court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a time prior to trial. Rule 37(a)(4) applies to the award of expenses incurred in relation to the motion.

d. You are deemed to have admitted the matters requested unless within forty five (45) days after your were served with the summons and complaint in this case you serve the plaintiff a written answer, or objection, for each of the matters requested, signed by you or by your attorney.

e. Your answer shall specifically admit or deny the matter, you shall set forth in detail the reason(s) you cannot truthfully admit or deny the matter. Each denial that you make, if any, shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter an admission is requested, you shall specify so much of the requested matter as is true and qualify or deny the remainder of the requested matter.

f. You shall not give lack of information or knowledge as a reason for your failure to admit or deny unless you state that you have made a reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the matter.

g. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request for admission.

h. Any matter that you admit is conclusively established unless the Court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the Court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the Court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Your answer may only be used in this case only.

i. Plaintiff reserves the right to request your admission on the genuineness of documents.

j.  Plaintiff reserves the right to request additional admissions of facts from you.

k.  The term "accident" refers to the automobile accident alleged in plaintiff's Complaint.

l.  Unless otherwise indicated by context, each request concerns the time of the accident.

### Request for Admissions of the Truth of the Following Matters

1.  The accident occurred in the District of Columbia.

2.  The accident occurred at location set forth in the Complaint.

3.  The accident occurred on the date set forth in the Complaint.

4.  The vehicle plaintiff occupied was in a stopped position when the collision for which this action is concerned occurred.

5.  The vehicle that you were driving struck and collided with the rear of defendant Gallagher's vehicle when the collision for which this action is concerned occurred.

6.  The vehicle that you were driving struck and collided with the rear of Gallagher vehicle which was in stopped position behind the vehicle that plaintiff occupied when the collision for which this action is concerned occurred.

7.  Your negligent driving was the cause of the accident in that:

    a.  You failed to avoid the rear-end collision;

    b.  You were following defendant Gallagher's vehicle too closely;

    c.  You failed to keep a proper look out;

    d.  You failed to maintain proper control of, or over, your vehicle.

    e.  You drove your vehicle at an excessive rate of speed.

    f.  You did not use ordinary care.

    g.  You violated the traffic laws that were then in effect.

8. You were negligent in that you failed to keep your vehicle adequately and sufficiently maintained and not doing so was a substantial cause of the accident.

9. You were negligent in that you consumed alcohol in excess of the legal limits and/or in such an amount impairing his ability to operate his vehicle in a safe manner.

10. Plaintiff was not contributorily negligent in causing the accident.

11. Plaintiff did not assume any risks relative to the accident.

12. Your negligent driving proximately caused plaintiff to sustain damages.

13. You are liable for damages to plaintiff as a result of the accident.

WHEREFORE, for each request defendant denied, plaintiff hereby respectfully requests, after having to prove each such matter, the Court to order defendant to pay plaintiff's reasonable expenses incurred in making that proof, including reasonable attorney's fees, in that (1) each such request was not objectionable under Rule 36(a); (2) each such admission sought was of substantial importance; (3) defendant did not have a reasonable ground(s) to believe that she might prevail on each such matter, and (4) she had no other good reason for her failure to admit each such matter.

Respectfully submitted,
CHRISTOPHER M. JOHNS LLC

Christopher M. Johns, Esq.
DC Bar Number 433783
P.O. Box 975, Laurel, MD 20707
Telephone: 301-674-6900

4

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL A. CORNWELL          :
    Plaintiff                :
vs.                          :          Case No.:
                             :
USMAN BANDUKRA               :
    and                      :
MATTHEW J. GALLAGHER         :
    Defendants               :

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT BANDUKRA**

a. These interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial.

b. The term "person" includes an individual, general or limited partnership, joint stock company, unincorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

c. The term "identify" (1) when used in reference to a natural person, means that person's full name, last known residential and business addresses, and home and business telephone numbers; (2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, chart, etc.) or attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

d. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the automobile accident mentioned or complained of in plaintiff's Complaint.

e. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agent, representatives and, unless privileged, his attorneys. When answer is made by a corporate defendant, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his or her information.

f. The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in paragraph (e).

g. The term "document" includes a writing, diagram, photograph, video tape, recording, and other data from which information can be obtained and converted into a usable form.

h. The terms "and" and "or" have both conjunctive and disjunctive meanings; and "any" and "all" as used herein mean "each and every".

i. The present tense shall be construed to include the past tense and visa versa.

j. The singular shall be construed to include the plural and visa versa.

**Pursuant to Rule 33, you are requested to answer the following Interrogatories:**

1. State your full name; aliases; birth date; social security number; residential and business addresses for the past 5 years (using dates); residential, business and mobile phone numbers that you had on 08-30-2002 and during 09-2002 (and identify the companies through which you had phone service for each number); current marital status (identifying your current spouse) and your marital status during 08-2002 (and if different than your current spouse, identify your spouse during 08-2002), and your driver's license number and the issuing jurisdiction.

2. Identify each of your employers during the past 5 years and the dates and nature of your employment by, and the positions that you held with, each such employer that you identified.

2

3. If any person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person might be liable, and describe any question or challenge raised by the person relating to coverage (please attach each applicable declaration page to your answer).

4. Identify each eyewitness to all or part of the accident.

5. Identify each person who was in the motor vehicle that you were driving.

6. Identify the owner or owners of the motor vehicle that you were driving.

7. For the entire day of the accident, state the itinerary of the vehicle that you were driving, including: the time and place of the beginning and each actual stop and planned stop of the trip, the purpose(s) of each actual stop and planned stop of the trip, the number of minutes that you spent at each actual stop and planned stop, and the number of minutes (if any) you, and/or any occupant (identify), were late in leaving for the trip or in arriving at an actual and planned stop.

8. If at the time of the accident, you were engaged in an activity for another person(s), or jointly for yourself and another person or other persons, concisely state the nature of each such activity and purpose, and identify each other such person and document related thereto.

9. Identify each person who was at or near the scene at the time of the accident.

10. Identify each person who arrived at the scene within 2 hours after the accident.

11. Identify each person who investigated the cause and/or circumstances of the accident.

12. Identify each person who investigated plaintiff's injuries and damages.

13. Identify each person, not heretofore mentioned, having personal knowledge of facts material to this case and state the subject matter of said person's personal knowledge.

14. Identify each person, not mentioned above, having discoverable information tending to support a position that you have taken or intend to take and state the subject matter thereof.

15. Identify each person with whom you have had communicated with (non-privileged written or verbal) concerning the accident. And for each such communication, identify each person present, state the manner of communication (telephone, in person, written, etc.), state the date and time of each such communication, state the substance of each such communication, identify each document made, if any, relative to, or to memorialize, each such verbal communication, and identify the person(s) who have possession, custody, or control of any such document relating to each such communication.

16. Identify each non-privileged written statement, and each written note of a verbal communication, concerning the accident and/or this action. State the substance of each such written statement and each such note, and identify who has possession, custody, or control of each.

17. State which of the persons named in your answers are known by you or are related to you and the extent and character of the acquaintanceship or nature of the relationship.

18. Identify each person whom you propose to call as an expert witness, state the subject matter on which each proposed expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, state a summary of the grounds for each opinion, and attach any written report made by each expert concerning those facts and opinions.

19. Identify each person who has given you written statements concerning the accident.

20. Identify each person who has given you recorded statements concerning the accident.

21. If a report was made in the ordinary course of business with respect to the accident, state the date of each report, state the substance of the report, identify each person who made the report, and identify each person having possession, custody, or control of each such report.

22. Identify each and every document (photographs, videotape, plats, diagrams, etc.) of the accident itself, the accident scene, or of any vehicle involved in the accident and identify each person having possession, custody, or control of each such document.

23. Identify each and every object or tangible thing related to the accident and identify each person having possession, custody, or control of each such object or tangible thing.

24. If you intend to rely upon any document or tangible things to support a position that you have taken or intend to take in this case, provide a brief description, by category and location, of each such document and thing (identifying each person with possession, custody, or control).

25. Concisely describe how you contend the accident took place (including the position, speed, direction, and location of each vehicle and witness before, during and after the accident).

26. If you contend that plaintiff acted in such a manner as to cause or contribute to the accident, concisely describe the facts upon which you rely for making such contention.

27. If you contend that a person not a party to this action, and/or a mechanical failure(s), caused or contributed to the accident, identify each such person and/or mechanical failure, and concisely describe the facts upon which you rely for making each such contention.

28. If you were charged with any offense arising out of the accident, state the nature of each charge, the court and case number, and the disposition of each. Identify each document relative thereto and identify who has possession, custody, or control of each such document.

29. State whether you have within your possession, custody, or control, or whether you have knowledge of, any recordings or transcripts of testimony in any proceeding arising out of the accident. If so, state the date, state the subject matter, and identify each person who has possession, custody, or control of each such recording or transcript.

30. State whether you used any alcoholic beverages and/or drugs (controlled or otherwise) within 24 hours before the accident, and for each used, state: the nature, type, brand, and amount of each such beverage and/or drug that you consumed; each time and place that you consumed each such beverage and/or drug, and identify who prescribed you any such controlled drug.

31. State the date when and where you obtained a driver's license and state the nature of each restriction that you were subject to on the date of the accident. For each such restriction, state whether you contend that at the time of the accident you complied, or did not comply, with each such restriction, and concisely state the facts upon which you rely for each of your contentions.

32. Re-state each entry on your driving record for the past five (5) years.

33. Describe the nature of each disability, illness, disease, injury, or condition you contend affected you at the time of the accident and identify each of your examining and/or treating health care providers relative to each such disability, illness, disease, injury, or condition.

34. Concerning your vehicle that was involved in the accident, state its identification number; make; model; and license plate number. State the date and from whom you acquired it and its mileage and its condition (brakes, tires, etc.) when you acquired it. State the date, mileage, cost and nature of each and every service of, and/or repair of, said vehicle after you acquired it. State its mileage at the time of the accident and concisely describe any un-repaired damage to the vehicle, and/or needed repairs to the vehicle, that existed immediately prior to the accident.

35. Accurately and specifically describe the nature, extent, part and location of each item damaged on your vehicle that was involved in the accident. If it was repaired relative to the accident, identify each person who repaired it and state the dates and costs of each such repair. Identify each person having possession, custody, or control of each picture and document made relative to the accident damage to said vehicle (pictures, estimates, repair receipts, checks, etc.).

36. State whether you have been convicted of a criminal offense that was punishable by death or by imprisonment in excess of one year, or which involved dishonesty or false statement (regardless of punishment). For each such conviction, state the case number and the court's name, address and telephone number. For each such conviction, state whether it has been the subject of a pardon, annulment, or other equivalent procedure granted or issued on the basis of innocence, or if the conviction has been the subject of a certificate of rehabilitation or its equivalent and you have not been convicted of a subsequent criminal offense. For each such conviction, state whether a period of more than 10 years has elapsed since the date of your incarceration, parole, or probation.

Respectfully submitted,
CHRISTOPHER M. JOHNS LLC

---

Christopher M. Johns, Esq.
DC Bar Number 433783
P.O. Box 975, Laurel, MD 20707
Telephone: 301-674-6900

7

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL A. CORNWELL         :
    Plaintiff                :
vs.                          :    Case No.:
                             :
USMAN BANDUKRA               :
    and                      :
MATTHEW J. GALLAGHER         :
    Defendants               :

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT BANDUKRA**

Plaintiff, though undersigned counsel, hereby requests defendant, pursuant to the Rule 34, to produce the following documents and tangible things for inspection and copying (or true copies of the documents that are herein requested), at the office of counsel for the plaintiff, within the 45 day time period required for her to make a response.

1. Insurance policy declaration page of each policy identified in interrogatory answer 3.

2. Each document related to the itinerary and activities that you described in your interrogatory answers 7 and 8, including but not limited to: schedules, letters, calendars, time tables, late notes, cash receipts and other documents relating to your itinerary on the accident date.

3. Each report and document relied upon to make each report (interrogatories 11 and 12).

4. Each written communication asked about and identified in interrogatory answer 15.

5. Each document identified in your interrogatory answer 16.

6. Expert reports (interrogatory 18), and each document or thing relied on in making their report, and in reaching their findings and opinions (whether or not they made a report).

7. Each signed statement asked about in interrogatory number 19.

8. Each recorded statement asked about in interrogatory number 20.

9. Each report made in the ordinary course of business asked about in interrogatory 21.

10. Each document identified in your answer to interrogatory answer 22.

11. Each object or thing identified in your answer to interrogatory answer 23.

12. Each document or thing asked about in interrogatory 24.

13. Each document relating to a contended mechanical failure (interrogatory number 27).

14. Each document identified in interrogatory number 28.

15. Each document identified in interrogatory number 29.

16. Each document relative to your consumption of alcohol and/or drugs, if any, within 24 hours of the accident, including but not limited to, prescriptions, medical records, and receipts.

17. Your driving record relative to your driver's license for the past 5 years.

18. Your prescriptions for eye glasses, if any, for the past 5 years.

19. Medical records from the health care providers asked about in interrogatory number 33.

20. Documents related to the purchase and registration of your vehicle in the accident (including, but not limited to, the purchase contract, title, registration, insurance, etc.) and documents related to the repair/servicing of said vehicle in the accident (interrogatory number 34).

21. Documents related to accident damage to your vehicle (interrogatory number 35).

22. Documents related to each conviction asked about in interrogatory number 36.

23. Each of your credit card statements covering July, August and September 2002.

24. Each of your debit card statements covering July, August and September 2002.

25. Each of your checks dated during July, August and September 2002.

26. Each of your mobil phone call history during August and September, 2002.

Respectfully submitted,
CHRISTOPHER M. JOHNS LLC
Christopher M. Johns, Esq. (433783)
P.O. Box 975, Laurel, MD 20707
Telephone: 301-674-6900

2