IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL<br><br>Plaintiff<br><br>v.<br><br>USMAN BANDUKRA, et al<br><br>Defendants | Case No: 1:05-CV-02258-HHK |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT BANDUKRA'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Usman Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, with his Reply to Opposition to Motion for Summary Judgment and in support thereof states as follows:

1.   Defendant Bandukra's Motion for Summary Judgment should be granted because Plaintiff sued the wrong person.[1] Mr. Bandukra was not driving any car involved in the accident. Mr. Bandukra, a New York resident, was not even in the District of Columbia on the date of the accident. Mr. Bandukra did not own any of the cars involved in the accident. Plaintiff's Opposition fails to provide any legitimate or substantive basis for this Court to deny Defendant's motion and Plaintiff apparently concedes he sued the wrong person. Accordingly, Defendant's motion should be granted.

---

[1] For the Court's convenience, copies of Defendant's Motion for Summary Judgment and Plaintiff's Opposition are attached hereto as **Exhibits 1 and 2**.

2.      Plaintiff has not (nor can he) articulate any basis for establishing liability against Defendant Bandukra. Instead, Plaintiff merely claims that he was somehow misled by Defendant, prior to the litigation, into believing Mr. Bandukra was the driver of the vehicle. This claim lacks merit. Contrary to Plaintiff's allegation, neither Defendant Bandukra nor Defendant Bandukra's counsel ever represented that Mr. Bandukra was the driver or owner of a vehicle involved in the accident. Rather, in direct response to a demand letter Defendant's insurer received from Plaintiff's counsel identifying Mr. Bandukra as their insured, Defendant disputed liability and rejected Plaintiff's demand.[2] In no uncertain terms, defense counsel stated:

> Certainly, in the event that your client's car was struck, it was not struck by my client's car.

See Exhibit 5 to Plaintiff's Opposition to Motion for Summary Judgment.

3.      Plaintiff's contention that he did not know of the identity of the driver of the car or was somehow misled is disingenuous. First, the police report clearly identifies the drivers of the vehicles involved in the accident. See Exhibit 2 to Motion for Summary Judgment. Second, as of November 2002, one of Plaintiff's former attorneys was on notice of the identity of the driver as is evidenced by his specific reference to the driver (Sabiha Bandukra) in his November 25, 2002 letter to Kemper Insurance, Defendant's insurer. See November 25, 2002 letter from Lowell "the Hammer" Stanley[3] attached hereto as **Exhibit 3**. Why this express knowledge held by Plaintiff was not passed onto Plaintiff's current counsel, if it was not, is unclear. Plaintiff, however, has been on

---

[2] Defendant objects to the use of this communication, made solely for the purpose of settlement, in this litigation and it may not be used as an admission of any wrongdoing by any party. Because Plaintiff relies on this letter in his Opposition to Motion for Summary Judgment, Defendant is forced to correct Plaintiff's misrepresentation as to the letter's contents. See F.R.E. Rule 408.
[3] Upon information and belief, Plaintiff has had at least three different attorneys represent him from November 2002 through the date the lawsuit was filed.

notice as to the identity of the driver since the date of the accident, or at the very least, since November 2002.

4.     The arguments raised by Plaintiff in his Motion to Amend do not provide any support for his Opposition to Defendant's Motion for Summary Judgment and those matters must be treated separately and independently.  The motion for summary judgment deals only with Plaintiff's claims against Defendant Usman Bandukra.  Plaintiff's Motion to Amend seeks to add a new party - - not to clarify or add any new claims against Defendant Bandukra.  Accordingly, Plaintiff's arguments relating to why his claims against the potential new party should relate back have no relevance to Defendant's motion for summary judgment.[4]

WHEREFORE, Defendant Usman Bandukra respectfully requests this honorable Court to grant this motion for summary judgment and to enter an Order dismissing Plaintiff's claims against Defendant Bandukra and entering judgment in favor of Mr. Bandukra as a matter of law, for costs and attorney's fees incurred and for such other relief this Court deems appropriate.

Respectfully submitted,

_____
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)
Attorney for Defendant,
*Usman Bandukra*

---

[4] Defendant rejects Plaintiff's claim that the any new claims against new parties should relate back as will be addressed in Defendant's Opposition to Motion to Amend.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of November, 2005, a copy of the foregoing was sent by first class mail, postage prepaid to:

> Christopher M. Johns, Esq.
> 18961 Highstream Drive
> Germantown, Maryland 20874
>
> Richard S. Shrager
> 107 North Adams Street
> Rockville, Maryland 20850

>           _____//s//_____
>                    Jennifer S. Jackman

181205