## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION



MICHAEL A. CORNWELL
400 East Second Avenue
P.O. Box 264
Franklin, Va 23851

     Plaintiff

v.

USMAN BANDUKRA
24 Margie Street
Oceanside, NY 11572

and

MATTHEW J. GALLAGHER
7819 Somerset Court
Greenbelt, MD 20770

     Defendant

Case No:    0006897
Judge:    Michael L. Rankin
Next Scheduled Event:
Initial Scheduling Conference – 12/9/05

RECEIVED
CIVIL CLERK'S OFFICE
NOV 0 9 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

---

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Usman Bandukra, through undersigned counsel and Whiteford, Taylor &
Preston, pursuant to Rule 56 of the Superior Court Civil Procedure Rules, with this Motion for
Summary Judgment, and in support thereof, states as follows:

1.    Plaintiff sued the wrong person. Defendant Usman Bandukra was not involved in
the accident at issue in the Complaint. Mr. Bandukra did not own or operate the vehicle allegedly
involved. Indeed, Mr. Bandukra was not in the District of Columbia on the date of the accident.
Accordingly, judgment should be entered in favor of Mr. Bandukra as a matter of law.

2.    Defendant hereby adopts and incorporates the accompanying memorandum as though fully set forth herein.

WHEREFORE, Defendant Usman Bandukra respectfully requests this honorable Court to grant this motion for summary judgment and to enter an Order dismissing Plaintiff's claims against Defendant Bandukra and entering judgment in favor of Mr. Bandukra as a matter of law, for costs and attorney's fees incurred and for such other relief this Court deems appropriate.

Respectfully submitted,

_____
Jennifer S. Jackman
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800

Attorney for Defendant,
*Usman Bandukra*

I HEREBY CERTIFY that on this ___ day of November, 2005, a copy of the foregoing Motion was sent by first class mail, postage prepaid to:

Christopher M. Johns, Esq.
P.O. Box 975
Laurel, MD 20707

Matthew Gallagher
7819 Somerset Court
Greenbelt, MD 20770

_____
Jennifer S. Jackman

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL A. CORNWELL
400 East Second Avenue
P.O. Box 264
Franklin, Va 23851

       Plaintiff

v.

USMAN BANDUKRA
24 Margie Street
Oceanside, NY 11572

and

MATTHEW J. GALLAGHER
7819 Somerset Court
Greenbelt, MD 20770

       Defendant

Case No:    0006897
Judge:    Michael L. Rankin
Next Scheduled Event:
Initial Scheduling Conference – 12/9/05

---

### <u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW, Usman Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, pursuant to Rule 56 of the Superior Court Civil Procedure Rules, with this Motion for Summary Judgment, and in support thereof, states as follows:

Plaintiff sued the wrong person. Defendant Usman Bandukra was not involved in the accident at issue in the Complaint. Mr. Bandukra did not own or operate the vehicle allegedly involved. Indeed, Mr. Bandukra was not in the District of Columbia on the date of the accident. Accordingly, judgment should be entered in favor of Mr. Bandukra as a matter of law.

I.    STATEMENT OF UNDISPUTED FACTS

This case arises out of an automobile accident occurring in the District of Columbia on August 30, 2002. (Complaint, ¶6.) Plaintiff was a back seat passenger in a car stopped for a red light on New York Avenue. (Complaint, ¶6.) While stopped at the intersection, a vehicle driven by Defendant Gallagher was stopped behind Plaintiff's vehicle. (Complaint, ¶6.) A third vehicle driving behind Defendant Gallagher's vehicle allegedly struck Defendant Gallagher's vehicle from the rear. (Complaint, ¶6.) Defendant Gallagher's vehicle then allegedly struck Plaintiff's vehicle. (Complaint, ¶6.)

Defendant Bandukra was not involved in the accident. See Usman Bandukra Affidavit, ¶ 2, attached as **Exhibit 1**. Defendant Bandukra was not even in the District of Columbia at the time of the accident. (**Exhibit 1**, ¶3.) Defendant Bandukra did not and does not own the vehicle allegedly involved in the accident. (**Exhibit 1**, ¶3-6.) Defendant Bandukra was not operating the vehicle allegedly involved in the accident on August 30, 2002. (**Exhibit 1**, ¶2.)

The vehicle allegedly involved in the accident was a 2002 Lexus with a New York license plate numbered BTK5065 and VIN Number JTJHF1OU020263969. See Police Report attached as **Exhibit 2**. Mr. Bandukra does not own that vehicle. (**Exhibit 1**, ¶4-6.) See also Title attached as **Exhibit 3**. Mr. Bandukra does not own a 2002 Lexus. (**Exhibit 1**, ¶ 4.) The driver's license belonging to the person purportedly involved in the accident was a New York license numbered 972 038 096. (**Exhibit 2**.) Mr. Bandukra does not have that driver's license number. (**Exhibit 1**, ¶ 7.) See also Copy of Usman Bandukra's License attached as **Exhibit 4**. The birth date of the driver of the vehicle purportedly is October 29, 1957. (**Exhibit 2**.) Mr. Bandukra's birth date is September 11, 1947. (**Exhibit 1**, ¶ 9.) See also Bandukra Answers to Interrogatories, Nos. 1, 5, 6, 7-10, attached as **Exhibit 5**.

## II.    ARGUMENT

### A.    Standard for Summary Judgment.

Summary Judgment should be granted because there are no genuine disputes as to any material fact and Mr. Bandukra is entitled to judgment as a matter of law. *Lamphier v. Washington Hospital Center*, 525 A.2d 729 (D.C. 1987); *Anderson v. Liberty Kibby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986).

Once the required showing has been made by Mr. Bandukra, the burden shifts to Plaintiff to show the existence of an issue of material fact. *Landow v. Georgetown-Inland W. Corp.*, 454 A.2d 310 (D.C. 1982). Mere conclusory allegations by Plaintiff are insufficient to stave off the entry of summary judgment. *Musa v. Continental Ins. Co.*, 644 A.2d 999 (D.C. 1994).

### B.    Defendant Is Entitled To Judgment As A Matter of Law.

Defendant is entitled to judgment as a matter of law. It is undisputed that Usman Bandukra was not the owner or driver of the vehicle allegedly involved in the accident. Usman Bandukra was not involved in any way in the accident. Usman Bandukra was not even in the District of Columbia on the date of the accident. Usman Bandukra is not identified in the police report. It is clear that Plaintiff sued the wrong party. Accordingly, Mr. Bandukra is entitled to judgment as a matter of law.

WHEREFORE, Defendant Usman Bandukra respectfully requests this honorable Court to grant this motion for summary judgment and to enter an Order dismissing Plaintiff's claims against Defendant Bandukra and entering judgment in favor of Mr. Bandukra as a matter of law, for costs and attorney's fees incurred and for such other relief this Court deems appropriate.

Respectfully submitted,

Jennifer S. Jackman
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800

Attorney for Defendant,
*Usman Bandukra*

180422

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL A. CORNWELL
400 East Second Avenue
P.O. Box 264
Franklin, Va 23851

       Plaintiff

v.

USMAN BANDUKRA
24 Margie Street
Oceanside, NY 11572

and

MATTHEW J. GALLAGHER
7819 Somerset Court
Greenbelt, MD 20770

       Defendant

Case No:    0006897
Judge:    Michael L. Rankin
Next Scheduled Event:
Initial Scheduling Conference – 12/9/05

---

### AFFIDAVIT OF USMAN BANDUKRA

State of New York
County of New York
To wit: ss

      I, Usman Bandukra, hereby state and affirm based on personal knowledge and under the

penalties of perjury as follows:

    1.     I am over 18 years of age and competent to testify.

    2.     I was not involved in an automobile accident in the District of Columbia on August

30, 2002.

    3.     On August 30, 2002, I was not in the District of Columbia.



EXHIBIT

1

4.    I do not own a 2002 Lexus.

5.    I do not own any vehicles with the license plate number BTK5065.

6.    I do not own any vehicles with the VIN Number JTJHF1OUO20263969.

7.    My driver's license number is 465011211.

8.    The document attached as Exhibit 4 to the Motion for Summary Judgment is a true and accurate copy of my driver's license.

9.    My birth date is September 11, 1947.


I declare under the penalty of perjury that the foregoing is true and correct.  Executed on the 7ᵗʰ day of November, 2005.

_UP 1/2—ake_
Usman Bandukra

On the ___7ᵗʰ___ day of ___November___, 2005, ___Usman Bandukra___

_____ appeared before me a Notary Public for the aforesaid jurisdiction and swore to the above statements as true.

_(signature)_
Notary Public

___9 - 13 - 2009___
My commission expires

LOIS B. ANDERSON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AN6030478
QUALIFIED IN NASS. COUNTY
MY COMMISSION EXPIRES: SEPT. 13, 2009

- 2 -

**TRAFFIC ACCIDENT REPORT**

Metropolitan Police Department, Washington, D.C.

PD 10 Rev. 7/85   Prescribed by Directive G.O. 401.2

#5569

EXHIBIT 2

| PERSONS INVOLVED | | |
| --- | --- | --- |
| GALLAGHER, CATHERINE / 3009 SW 4th DRIVE CAPE CORAL, FL 33914 / (239) 834-6401 | 44 | F |
| BEARDSLEY, JANET / 501 S. MAIN ST SUGROVE VA 23354 / (540) 561-0831 | 44 | M |
| MONDELL, MICHAEL / 100 D. FORESTONE RD. FRANKLIN, VA / (757) 561-0831 | 45 | M |

PERSONS INVOLVED includes D-1 SABHA W. BANDUKRA, D-2 MATTHEW JOHN GALLAGHER, D-3 JOHN R. CROMWELL II.

Date of accident: 8-30-02   Day: FRIDAY   Time: 1315

Location: FIRST & NEW YORK AVENUE N.W. AT INTERSECTION

Unit 1 — Driver: BANDUKRA, SABHA W. / 24 MARGIE STREET OCEANSIDE NY / NY / 10-29-51
Owner: big Mouche / 800 MUL CONRAD / 212 038 016

Unit 2 — Driver: GALLAGHER, MATTHEW JOHN / 1819 SOMERSET COURT GREENBELT MD / 45-58
Owner: same

Unit 3 — Driver: LATIMORE, ROY / 106 CENTER ST FRANKLIN, VA. 23851 / 10-12-59

Unit 4 — Driver: CROMWELL II, JOHN R. / 100 FORESTONE RD #D / FRANKLIN VA

130409

COMPLAINT NUMBER 130409

| | Name of Injured Person | Where (Taken To/From) | By Whom | Status |
|---|---|---|---|---|
| INJURED TO HOSPITAL | COMANIEL, MICHEAL | WASH HOSP CEN. | AMB12 | Admitted / Released |
| | BLADENSH, JANET | WASH HOSP CEN | AMB 6 | Admitted / Released |
| | LATIERE, ROY | GEORGETOWN HOSP. | AMB 6 | Admitted / Released |

**VEHICLE NO. 1**
NAME: COMANIEL, MICHEAL
DIRECTION OF TRAVEL AND STREET: ON NEW YORK AV.
TOWED BY:
DRIVEN AWAY BY: D-1

**VEHICLE NO. 2**
NAME: BLADENSH, JANET
DIRECTION: ON NEW YORK AV WEST FACIAG WEST
TOWED BY:
DRIVEN AWAY BY: D-2

**VEHICLE NO. 3**
NAME: LATIERE, ROY
DIRECTION: ON NEW YORK AVENU WEST
TOWED BY: PERRY'S TOWING
LOCATION TOWED TO: 200 K STREET NE

**VEHICLE NO. 4**
NAME:
TOWED BY:
LOCATION TOWED TO:

NOTE: This report is used for statistical analysis of vehicular accidents and for the prevention thereof. The data given represents the opinion and conclusions of the reporting officer based on his/her judgment after considering all of the facts disclosed through his/her investigation of this accident.

FIRST ST.

NEW YORK AV.

(35 MPH)

△3  △2  △1

NORTH

Complaint No. 180-409

Darken the appropriate block in each category.

Complaint No. 130-409

Charge (report must support the charge.) COLLIDING

No. 3

**NARRATIVE:** Give a concise statement, in your own words, of the facts that are not covered in this report, or to clarify any items that are not satisfactorily explained. Use Continuation Sheet if report (or additional space. If statements are taken, use PD 118 (DMI/Burpeet Statement), or PD 119 (Cmnt./Witness Statement). If accident occurred in a construction zone, describe type of construction.

VEHICLE #1 WHICH WAS TRAVELING WESTBOUND ON NEW YORK AVENUE NW STRUCK VEHICLE #2 WHICH WAS AT A STAND STILL FACING WESTBOUND ON NEW YORK AVENUE NW CAUSING HIM TO STRIKE VEHICLE #3 WHICH WAS ALSO AT A STANDSTILL FACING WESTBOUND ON NEW YORK AVENUE NW. VEHICLE #'S 2 AND 3 WERE STOPPED AT A RED SIGNAL LIGHT. THERE IS NO DAMAGE TO VEHICLE #3. OR THE FRONT OF VEHICLE #2. ALSO THERE IS NO DAMAGE TO VEHICLE #1.

| Item No. | CONTINUATION SHEET (List item number of section continued with required information.) | Complaint No. |
|---|---|---|
| | | |

BANDUKRA,SABIHA,U
24 MARGIE ST
OCEANSIDE NY    11572

004071



## CERTIFICATE OF TITLE

### NEW YORK STATE

| Title and Identification No | | | Year | Make | Model Code | Body/Hull | LIENS<br>Document No. |
|---|---|---|---|---|---|---|---|
| JTJHF10U020263969<br>JTJHF10U020263969 | | | 2002 | LEXUS | RX3 | SUBN | 209739S |
| Color | Wt./Sts./Eqth. | Fuel | Cyl./Prop. | New or Used | Type of Title | | Date Issued |
| BL | 3816 | GAS | 6 | NEW | VEHICLE | | 8/30/02 |

Name and Address of Owner(s)

ODOMETER READING    00027
ACTUAL MILEAGE

BANDUKRA, SABIHA, U
24 MARGIE ST
OCEANSIDE NY    11572

This document is your proof of ownership for this vehicle, boat or manufactured home. Keep it in a safe place, not with your license or registration or in your vehicle or boat. To dispose of your vehicle, boat or manufactured home, complete the transfer section on the back and give this title to the new owner.

| Lienholder | Lienholder |
|---|---|
| TOYOTA MOTOR CREDIT<br>PO BOX 105386<br>ATLANTA GA    30348 | ★ ONE LIEN RECORDED ★ |
| Lienholder | Lienholder |
| ★ ONE LIEN RECORDED ★ | ★ ONE LIEN RECORDED ★ |

MV-999 (10/01)

## DEPARTMENT OF MOTOR VEHICLES

**EXHIBIT**

3



EXHIBIT

4

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL A. CORNWELL

      Plaintiff

v.

USMAN BANDUKRA, et al

      Defendants

Case No:    0006897
Judge:    Michael L. Rankin
Next Scheduled Event:
Initial Scheduling Conference – 12/9/05

---

## DEFENDANT BANDUKRA'S OBJECTIONS AND
## ANSWERS TO PLAINTIFF'S INTERROGATORIES

COMES NOW, Defendant Usman Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, with his Objections and Answers to Plaintiff's Interrogatories and in support thereof, states as follows:

(a)    These Answers have been prepared with the assistance of counsel. Therefore, exact word choice of an answer may not be the exact word choice of the answering party.

(b)    Since these Interrogatories are continuing in nature, the answering party reserves the right to supplement, either by addition or deletion, these Answers.

(c)    The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and, unless privileged, its attorneys.



EXHIBIT

5

## GENERAL OBJECTIONS

Defendant objects to the instructions contained in the Plaintiff's Interrogatories to Defendant to the extent they exceed what is allowed under the Rules.

Defendant objects to all of Plaintiff's Interrogatories to the extent they:

(1)     seek discovery of information subject to the attorney-client privilege or that, which is entitled to protection from discovery by the work product doctrine;

(2)     seek discovery of information not relevant to the subject matter of this action and that is not reasonably calculated to lead to the discovery of admissible evidence;

(3)     seek certain legal conclusions and conclusions as to legal effect of certain information, which the defendant is not required to make;

(4)     seek disclosure of information prepared in anticipation of litigation and/or trial, and where plaintiff has not shown that she has a substantial need for such information in preparation of her case and that she is unable, without undue hardship, to obtain the substantial equivalent of such information by other means;

(5)     are oppressive and unduly burdensome, vague and ambiguous, overly broad, annoying and harassing, or to the extent that the information or documents sought are as readily accessible to plaintiffs as defendant;

(6)     purport to assume facts which are inaccurate or argumentative, and/or to the extent that they are so confusing or vague as not to be susceptible to a reasoned interpretation or response; and/or they are otherwise defective in form.

(7)     Exceed the number of interrogatories permissible under Rule 33, including subparts.

-2-

Defendant incorporates each of the above objections into each and every Answer to Interrogatories.

**Interrogatory No. 1**:  State your (a) full name, (b) aliases, (c) birth date, (d) social security number, (e) residential and (f) business address for the past 5 yeas (using dates); (g) residential business and mobile phone numbers that you had on 08-30-2002 and during 09-2002 (and identifying the companies through which you had phone service for each number); (h) current marital status (identifying your current spouse) and your marital status during 08-2002 (and if different from your current spouse, identify your spouse during 08-2002), and (i) your driver's license number and (k) the issuing jurisdiction.

**Answer**:       (a) Usman Bandukra

　　　　　　　(b)  None

　　　　　　　(c)  September 11, 1947

　　　　　　　(d)  Defendant objects to providing his social security number.  The request is not

reasonably calculated to lead to the discovery of admissible evidence and seek confidential

information.

　　　　　　　(e)  24 Margie Street, Oceanside, NY 11572

　　　　　　　(f) 24 Margie Street, Oceanside, NY 11572

　　　　　　　(g)  Defendant objects to providing his cell phone information for the year 2002 as it

is not reasonably calculated to lead to the discovery of admissible evidence.

　　　　　　　(h)  Mr. Bandukra is married to Sabiha Bandukra.

　　　　　　　(i)   465 011 211

　　　　　　　(j)  New York

**Interrogatory No. 2**:  Identify (a) each of your employers during the past 5 years and the (b) dates and nature of your employment by, and the (c) positions that you held with, each such employer that you identified.

**Objection**:    (a) – (c) Defendant objects to this interrogatory as it is over broad and not

reasonably calculated to lead to the discovery of admissible evidence. This lawsuit arises out of an

automobile accident - - an accident in which Defendant was not involved. Accordingly,

information relating to his employment is wholly unrelated to any claim. To the extent that

Plaintiff is attempting to establish that the accident occurred during the course of Mr. Bandukra's

employment, it did not, as Mr. Bandukra was not there.

**Interrogatory No. 3**: If any person carrying on an insurance business might be liable to satisfy part
or all of a judgment that might be entered in this action or to indemnify or reimburse for payments
made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance
agreement under which the person might be liable, and describe any question or challenge raised by
the person relating to coverage (please attach each applicable declaration page to your answer).

**Answer**:    Kemper Auto & Home with liability limits of $250,000 per person/$500,000 per

occurrence.

**Interrogatory No. 4**: Identify each eyewitness to all or part of the accident.

**Answer**:    Defendant was not involved in the accident and has no personal knowledge

regarding the accident. In further answering, Defendant refers Plaintiff to the attached police report.

**Interrogatory No. 5**: Identify each person who was in the motor vehicle you were driving.

**Answer**:    Defendant was not driving or present in any motor vehicle involved in the accident.

**Interrogatory No. 6**: Identify the owner or owners of the motor vehicle that you were driving.

**Answer**:    Defendant was not driving any motor vehicle involved in the accident.

**Interrogatory No. 7**: For the entire date of the accident, (a) state the itinerary of the vehicle that
you were driving, including: the time and place of the beginning and each actual stop and planned
stop of the trip, (b) the purpose(s) of each actual stop and planned stop of the trip, (c) the number of
minutes that you spent at each actual stop and planned stop, (d) and the number of minutes (if any)
you, and/or any occupant (identify), were late in leaving for the trip or in arriving at an actual and
planned stop.

-4-

**Answer:**      (a) – (d) Defendant was not involved in the accident and he does not recall his

itinerary on the date of the accident.  Defendant knows that he was in New York on the date of the

accident.

**Interrogatory No. 8**:  If at the time of the accident, you were engaged in an activity for another person(s), or jointly for yourself and another person or other persons, concisely state the nature of each such activity and purpose, and identify each other such person and document related thereto.

**Answer:**      Defendant was not involved in the accident and thus was not engaged in an activity

for any other person with regard to the accident.

**Interrogatory No. 9**:  Identify each person who was at or near the scene at the time of the accident.

**Answer:**      Defendant was not present at the accident and has no personal knowledge as to who

was at or near the scene.  In further answering, Defendant refers Plaintiff to the attached police

report.

**Interrogatory No. 10**: Identify each person who arrived at the scene within 2 hours after the accident.

**Answer:**      Defendant was not present at the accident and has no personal knowledge as to who

arrived at the scene.

**Interrogatory No. 11**: Identify each person who investigated the cause and/or circumstances of the accident..

**Answer:**      Defendant was not involved in the accident and has no personal knowledge as to

who investigated the accident.  In further answering, Defendant refers Plaintiff to the police report

that is attached.

**Interrogatory No. 12**: Identify each person who investigated plaintiff's injuries and damages.

**Objection and Answer:**      Defendant objects to this request to the extent that it seeks

information that is protected from discovery through the attorney-client privilege and work and

investigations conducted in anticipation of litigation. Without waiving the aforementioned

objection, Defendant has no knowledge as to any such investigation. Defendant understands that

Plaintiff submitted medical records to his insurer but does not know what, if any investigation was

conducted.

**Interrogatory No. 13**: Identify each person, no heretofore mentioned, having personal knowledge of facts material to this case and state the subject matter of said person's personal knowledge.

**Objection and Answer**:    Defendant objects to this interrogatory to the extent it seeks

information that is protected from discovery through the attorney work product doctrine. Without

waiving the aforementioned objection, Defendant refers Plaintiff to the police report that is

attached.

**Interrogatory No. 14**: Identify each person, not mentioned above, having discoverable information tending to support a position that you have taken or intend to take and state the subject matter thereof.

**Objection and Answer**: Defendant objects to this interrogatory to the extent that it seeks

information that is protected from discovery through the attorney work product doctrine. Without

waiving the aforementioned objection, those individuals present at the accident, including the

responding police officer, would have knowledge of the fact that Defendant was not there.

**Interrogatory No. 15**:  Identify (a) each person with whom you have had[sic] communicated with (non-privileged written or verbal) concerning the accident. And for each such communication, (b) identify each person present, (c) state the manner of communication (telephone, in person, written, etc.), (d) state the date and time of each such communication, (e) state the substance of each such communication, (f) identify each document made, if any, relative to, or to memorialize, each such verbal communication, and (g) identify the person(s) who have possession, custody, or control of any such document relating to each such communication.

**Objection and Answer** (a)-(g) Defendant discussed the accident with his wife. He does not recall

the date of those communications. Defendant also discussed Plaintiff's claims against him relating

to the accident in which he was not involved with his insurance company, after being placed on

notice of Plaintiff's intention to file suit/make a claim. Those communications are privileged as

they occurred in anticipation of litigation. Defendant does not recall the date of those

conversations.

**Interrogatory No. 16**:  Identify each non-privileged written statement, and each written note of a verbal communication, concerning the accident and/or this action. State the substance of each such written statement and each such note, and identify who has possession, custody, or control of each.

**Answer**:        Defendant has not authored, nor is he aware of, any such statements.

**Interrogatory No. 17**:  State which of the persons named in your answers are known by you or are related to you and the extent and character of the acquaintanceship or nature of the relationship.

**Answer**:        Other than his wife, none.

**Interrogatory No. 18**:  Identify each person whom you propose to call as an expert witness, state the subject matter on which each proposed expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, state a summary of the grounds for each opinion, and attach any written report made by each expert concerning those facts and opinions.

**Objection and Answer**:        Defendant objects to this interrogatory to the extent it exceeds the

scope of permissible discovery under the rules or includes information that it privileged through the

attorney work product doctrine or the attorney client privilege. Without waiving the

aforementioned objection, Defendant has not yet made this determination.

**Interrogatory No. 19**:  Identify each person who has given you written statements concerning the accident.

**Answer**:        None.

**Interrogatory No. 20**:  Identify each person who has given you recorded statements concerning the accident.

**Answer**:        None.

**Interrogatory No. 21**:  If a report was made in the ordinary course of business with respect to the accident, state the date of each report, state the substance of the report, identify each person who made the report, and identify each person having possession, custody or control of each such report.

**Answer**:      None.

**Interrogatory No. 22**: Identify each and every document (photographs, videotape, plats, diagrams, etc.) of the accident itself, the accident scene, or of any vehicle involved in the accident and identify each person having possession, custody or control of each such document.

**Answer**:      Documents include: police report Complaint No. 130409; Certificate of Title to

2002 Lexus; Registration to 2002 Lexus, letter dated December 4, 2002 from Sabiha Bandukra to

Kemper Auto & Home Insurance.  Defendant and Defendant's counsel have copies of the

documents.

**Interrogatory No. 23**:  Identify each and every object or tangible thing related to the accident and identify each person having possession, custody or control of each such object or tangible thing.

**Answer**:      See Answer to Interrogatory No. 22.

**Interrogatory No. 24**: If you intend to rely upon any document or tangible things to support a position that you have taken or intend to take in this case provide a brief description, by category and location, of each such document and thing (identifying each person with possession, custody or control).

**Answer**:      Defendant relies upon the police report and certificate of title showing that he was

not present at the accident and has no ownership interest in the vehicle allegedly involved.

**Interrogatory No. 25**:  Concisely describe how you contend the accident took place (including the position, speed, direction, and location of each vehicle and witness before, during and after the accident).

**Answer**:      Defendant was not involved in the accident and has no personal knowledge

regarding the accident.  After conducting discovery, Defendant may supplement this answer.

**Interrogatory No. 26**:  If you contend that plaintiff acted in such a manner as to cause or contribute to the accident, concisely describe the facts upon which you rely for making such contention.

**Answer**:          Defendant was not involved in the accident and has no personal knowledge

regarding the accident. After conducting discovery, Defendant may supplement this answer.

**Interrogatory No. 27**: If you contend that a person not a party to this action, and/or a mechanical failure(s), caused or contributed to the accident, identify each such person and/or mechanical failure, and concisely describe the facts upon which you rely for making each such contention.

**Answer**:          Defendant was not involved in the accident and has no personal knowledge

regarding the accident. After conducting discovery, Defendant may supplement this answer.

**Interrogatory No. 28**: If you were charged with any offense arising out of the accident, state the nature of each charge, the court and case number, and the disposition of each. Identify each document relative thereto and identify who has possession, custody or control of each such document.

**Answer**:          Defendant was not involved in the accident; thus, he was not charged with any such

offenses.

**Interrogatory No. 29**: State whether you have within your possession, custody or control, or whether you have knowledge of, any recordings or transcripts of testimony in any proceeding arising out of the accident. If so, state the date, state the subject matter, and identify each person who has possession, custody or control of each such recording or transcript.

**Answer**:          None.

**Interrogatory No. 30**: State whether you used any alcoholic beverages and/or drugs (controlled or otherwise) within 24 hours before the accident, and for each used: state: the nature, type, brand and amount of each such beverage and /or drug that you consumed; each time and place that you consumed each such beverage and/or drug, and identify who prescribed you any such controlled drug.

**Answer**:          Defendant did not consume any alcohol or drugs on August 29, 2002 or August 30,

2002.

**Interrogatory No. 31**: State the date when and where you obtained a driver's license and state the nature of each restriction that you were subject to on the date of the accident. For each such restriction, state whether you contend that at the time of the accident you complied, or did not comply, with each said restriction, and concisely state the facts upon which you rely for each of your contentions.

**Objection and Answer**:    Defendant objects to this request as it is not reasonably calculated to

lead to the discovery of admissible evidence as Defendant was not involved in the accident on

August 30, 2002. Thus, information relating to the history of his license is wholly unrelated to this

litigation. Without waiving the aforementioned objection, Defendant first obtained his driver's

license in or about 1975 or 1976 in New York.

**Interrogatory No. 32**: Re-state each entry on your driving record for the past (5) years.

**Objection and Answer**:    Defendant objects to this request as it is not reasonably calculated to

lead to the discovery of admissible evidence as Defendant was not involved in the accident on

August 30, 2002. Thus, his driving record is wholly unrelated to this litigation. Without waiving

the aforementioned objection, Defendant does not have a copy of his driver's record; accordingly,

he cannot "re-state each entry".

**Interrogatory No. 33**:    Describe the nature of each disability, illness, disease, injury or condition
you contend affected you at the time of the accident and identify each of your examining and/or
treating health care providers relative to each such disability, illness, disease, injury or condition.

**Objection and Answer**:    Defendant objects to this request as it is not reasonably calculated to

lead to the discovery of admissible evidence as Defendant was not involved in the accident on

August 30, 2002. Thus, information relating to Defendant's medical condition is wholly unrelated

to this litigation. Without waiving the aforementioned objection, Defendant was not involved in

the accident; accordingly, no such conditions affected him at the time of the accident.

**Interrogatory No. 34**:    Concerning your vehicle that was involved in the accident, state its (a) (b)
identification number, (c) make, (d) model; and (e) license plate number. State the (f) date and
from whom you acquired it and (g) its mileage and (h) its condition (brakes, tires, etc.) when you
acquired it. State the (i) date, (j) mileage, (k) cost and (l) nature of each and every service of, and/or
repair of, said vehicle after you acquired it. State its (m) mileage at the time of the accident and (n)
concisely describe any un-repaired damage to the vehicle, and/or needed repairs to the vehicle, that
existed immediately prior to the accident.

**Answer**: (a) – (n) Defendant's vehicle was not involved in the accident.

**Interrogatory No. 35**: Accurately and specifically describe the nature, extent, part and location of each item damaged on your vehicle that was involved in the accident. If it was repaired relative to the accident, identify each person who repaired it and state the dates and costs of each such repair. Identify each person having possession, custody or control of each picture and document made relative to the accident damage to said vehicle (pictures, estimates, repair receipts, checks, etc.)

**Answer**:     Defendant's vehicle was not involved in or damaged in the accident.

**Interrogatory No. 36**: State whether (a) you have been convicted of a criminal offense that was punishable by death or by imprisonment in excess of one year, or which involved dishonesty or false statement (regardless of punishment). For each such conviction, (b) state the case number and the court's name, address and telephone number. For each such conviction, (c) state whether it has been the subject of a pardon, annulment, or other equivalent procedure granted or issued on the basis of innocence, or if the conviction has been the subject of a certificate of rehabilitation or its equivalent and you have not been convicted of a subsequent criminal offense. For each such conviction, (d) state whether a period of more than 10 years has elapsed since the date of your incarceration, parole or probation.

**Answer**:     (a) – (d) No.

UNDER THE PENALTIES OF PERJURY, on this ___ day of November , 2005, I do hereby swear and affirm that I have reviewed the foregoing Answers to Interrogatories and that they are true and accurate to the best of my information and belief.

_____

Usman Bandukra

Respectfully submitted,

_____

Jennifer S. Jackman
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Washington, DC  20036-5405
(202) 659-6800
*Attorney for Defendant,*
*Usman Bandukra*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this $\nearrow$ day of November, 2005, a copy of the

foregoing was  sent first class postage prepaid mail to:

Christopher M. Johns, Esq.
P.O. Box 975
Laurel, MD 20707

Matthew Gallagher
7819 Somerset Court
Greenbelt, MD 20770

_____
Jennifer S. Jackman

*180437*

### SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

MICHAEL A. CORNWELL
400 East Second Avenue
P.O. Box 264
Franklin, Va 23851

      Plaintiff

v.

USMAN BANDUKRA
24 Margie Street
Oceanside, NY 11572

and

MATTHEW J. GALLAGHER
7819 Somerset Court
Greenbelt, MD 20770

      Defendant

Case No:    0006897
Judge:    Michael L. Rankin
Next Scheduled Event:
Initial Scheduling Conference – 12/9/05

### ORDER

THIS MATTER having come before the Court on Defendant Usman Bandukra's

Motion for Summary Judgment, it is hereby

ORDERED, that the Defendant's motion is hereby GRANTED; and it is further

ORDERED that Plaintiff's Complaint against Usman Bandukra is dismissed with prejudice.

IT IS SO ORDERED.

_____
Judge Rankin

SEND COPIES TO:

Jennifer S. Jackman, Esq.
WHITEFORD, TAYLOR & PRESTON, LLP
1025 Connecticut Avenue, NW
Suite 400
Washington, DC 20036
*Counsel for Defendant Bandukra*

Christopher M. Johns, Esq.
P.O. Box 975
Laurel, MD 20707
*Counsel for Plaintiff*


Matthew Gallagher
7819 Somerset Court
Greenbelt, MD 20770
*Defendant*


*180616*