## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL | |
| | |
| Plaintiff | Case No:        1:05-cv-02258-HHK |
| | |
| v. | |
| | |
| USMAN BANDUKRA, et al | |
| | |
| Defendants | |

## DEFENDANT BANDUKRA'S OPPOSITION TO PLAINTIFF'S
## MOTION TO AMEND COMPLAINT

COMES NOW, Usman Bandukra, through undersigned counsel and Whiteford, Taylor &

Preston, with his Opposition to Plaintiff's Motion to Amend Complaint and in support thereof

states as follows:

Plaintiff's Motion to Amend his Complaint to add Sabiha Bandukra as a new Defendant in

this lawsuit arising out of an automobile accident occurring in August 2002 should be denied

because Plaintiff's proposed amendment is futile.   Plaintiff's new claim against this proposed new

defendant is barred by the statute of limitations and does not relate back to the date of the original

pleading.   Rule 15(c), which provides for relation back, does not apply because Plaintiff sued the

wrong party as opposed to the right party with the wrong name.   Plaintiff has had actual knowledge

that Sabiha Bandukra, the new defendant he seeks to add, was the driver of the vehicle involved in

the accident since 2002.   Despite that knowledge, after waiting until the eve of the expiration of the

statute of limitations, Plaintiff did not name Sabiha Bandukra as a defendant.   This is the not the

type of "mistake" to which Rule 15(c) applies.   While Rule 15(c) permits a plaintiff to correct the

situation where the **proper,** but misnamed, defendant is before the Court, it does not permit a plaintiff to correct the situation where he fails to originally name a defendant  - - even when he lacks knowledge as to that person's identity.

Even assuming *arguendo,* that Rule 15(c) applies to this set of facts, the amendment still does not relate back because Sabiha Bandukra did not know, or have reason to know, within the time provided in Rule 4(m), that but for Plaintiff's "mistake", she would have been a defendant. Additionally, Sabiha Bandukra did not have notice, within the time provided in Rule 4(m), of the institution of the lawsuit against her.  Accordingly, Plaintiff's Motion to Amend should be denied.

I.     <u>FACTUAL BACKGROUND</u>

On or about August 30, 2002, plaintiff allegedly was involved in a motor vehicle accident in the District of Columbia.  A police report was prepared as a result of the accident that identified the drivers of the vehicles involved.  <u>See</u> police report attached as **Exhibit 1**.  The police report clearly identified Sabiha Bandukra as the driver of one of the vehicles. <u>See</u> **Exhibit 1**.

On November 25, 2002, Plaintiff, through his then attorney, Lowell A. Stanley, sent Kemper Insurance Company a letter notifying the insurance company that he represented Plaintiff. <u>See</u> letter dated November 25, 2002, attached as **Exhibit 2**. Kemper Insurance Company insured Sabiha Bandukra and her husband, Usman Bandukra, at the time of the accident.[1]  <u>See</u> Affidavit of Usman Bandukra attached as **Exhibit 3**.  Attorney Stanley's November 2002 letter referenced Mrs. Bandukra - -not her husband - - establishing that as of November 2002, Plaintiff knew the identity of the person involved in the accident.  <u>See</u> **Exhibit 2**.

---

[1] Usman Bandukra is the primary insured on the policy.

Over the next three years, Plaintiff apparently changed attorneys. As of June 2005, Plaintiff was represented by his current counsel, Christopher Johns. On June 28, 2005, Mr. Johns sent Unitrin Direct (Kemper Insurance) a demand letter which identified Usman Bandukra as an insured. See letter dated June 28, 2005 attached as **Exhibit 4**. Mr. Johns' letter was vague and contained no factual allegations regarding the driver of the vehicle or the accident itself. Nor did his letter articulate any basis for liability. See **Exhibit 4**.

On July 18, 2005, undersigned counsel responded to Plaintiff's June 28, 2005 letter and stated in no uncertain terms that:

> Certainly, in the event that your client's car was struck, it was not struck by my client's car.

See July 18, 2005 letter attached as **Exhibit 5**. Additionally, Mr. Bandukra rejected liability and Plaintiff's offer for Mr. Bandukra to assign any potential bad faith claims to Plaintiff.[2] See **Exhibit 5**. Importantly, there was no suggestion, implicit or otherwise, that Mr. Bandukra was the driver or owner of the vehicle involved in the accident and there were no misrepresentations made by Mr. Bandukra, Kemper Insurance, or counsel. See **Exhibit 5.**

For whatever reason, Plaintiff waited until August 29, 2005, the day before the statute of limitations expired, to file suit in the Superior Court for the District of Columbia. See Complaint attached as **Exhibit 6**. In his Complaint, Plaintiff identified two Defendants - - Matthew Gallagher and Usman Bandukra. See **Exhibit 6**. Plaintiff alleged that Usman Bandukra was the driver of one of the vehicles involved in the accident. See **Exhibit 6**. Plaintiff now concedes this allegation is incorrect.

---

[2] Nuisance offers are frequently made at the direction of insurance companies to avoid costly litigation based solely upon business and economic decisions - - not as admissions of liability. The fact that an offer is made is certainly not an

Pursuant to Rule 4(m) of the Superior Court Civil Procedure Rules, Plaintiff had sixty (60) days to serve Defendants with the Summons and Complaint. Accordingly, Plaintiff had until October 27, 2005 to serve Defendants. Plaintiff served Usman Bandukra with the Summons and Complaint on October 21, 2005 via certified mail in a package with Mickey Mouse wrappings. The package was addressed only to Usman Bandukra.

Sabiha Bandukra was never served with the Complaint. <u>See</u> Affidavit of Sabiha Bandukra attached as **Exhibit 7.** When Mr. Bandukra opened the package containing the lawsuit, he opened the certified mail alone. <u>See</u> **Exhibits 3 and 7**.

On November 2, 2005, <u>after</u> the time in which Plaintiff had to serve Defendants under Rule 4(m), Mr. Bandukra learned, for the first time, that he had a defense to the lawsuit because he was not the driver or owner of the vehicle.[3] <u>See</u> **Exhibits 3 and 7**. On November 9, 2005, Defendant Bandukra filed a Motion for Summary Judgment.

## II.  <u>ARGUMENT</u>

### A.  **Standard for Motions to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure allows parties to amend complaints when justice so requires. *Navegar v. U.S.A.,* 986 F.Supp. 650 (D.D.C. 1997). "When justice so requires" has been defined by the Supreme Court as the absence of certain factors including, *inter alia,* undue delay, bad faith, dilatory motive and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962). The grant or denial of an opportunity to amend is within the discretion of the District Court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir. 1996).

---

admission of liability or that the right party has been identified. <u>See</u> F.R.E. Rule 408 (Settlement offers are not admissible to prove liability of a claim).
[3] Mr. and Mrs. Bandukra had erroneously assumed the Plaintiff had a cause of action against Mr. Bandukra directly because he was the primary insured on the policy. <u>See</u> **Exhibits 3 and 7**.

**B.       Plaintiff's Proposed Amendment Is Futile.**

Plaintiff's proposed amendment is futile because it seeks to add a new party, after the statute of limitations has expired.  Despite Plaintiff's argument otherwise, the amendment does not relate back to the date the original Complaint was filed under Rule 15(c).  Accordingly, Plaintiff's Motion to Amend should be denied.

1.          Plaintiff's Claim Against Sabiha Bandukra is Barred By The Statute of Limitations.

Plaintiff's claim against Sabiha Bandukra is barred by the statute of limitations.  The car accident at issue occurred on August 30, 2002.  The statute of limitations for negligence actions in the District of Columbia is three years.  D.C. Code §12-301.  Because more than three years have passed since the accident, Plaintiff's claims against Sabiha Bandukra arising out the accident are barred by the statue of limitations.

2.          Plaintiff's Claim Against Sabiha Bandukra Does Not Relate Back.

Plaintiff's claim against Sabiha Bandukra does not relate back to the date the original Complaint was filed.  Plaintiff's proposed amended complaint does not seek to clarify claims or correct a misnomer, it seeks to add an entirely new party.  As such, it does not equate to a Rule 15(c) "mistake" and does not relate back to the date the original Complaint was filed.

Rule 15(c) provides as follows:

> An amendment of a pleading relates back to the date of the original pleading when
> (1)    relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2)    the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3)    the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied

5

> and, within the period provided by Rule 4(m) for service of the
> summons and complaint, the party to be brought in by amendment
>
> (A)     has received such notice of the institution of the action that
>         the party will not be prejudiced in maintaining a defense on
>         the merits, and
>
> (B)     knew or should have known that, but for a mistake
>         concerning the identity of the proper party, the action would
>         have been brought against the party.

See Super. Cr. Civ. Pro. Rule 15(c) and F.R.C.P. Rule 15(c).

Because Plaintiff's claim against Sabiha Bandukra is barred by the statute of limitations, in order to amend his pleading and have it relate back, Plaintiff must prove that (a) his failure to name Sabiha Bandukra as a party in his initial complaint qualified as a mistake under Rule 15(c); (b) that Sabiha Bandukra knew or should have known, within the time period provided in Rule 4(m) that but for this mistake, she would have been a party; and that (c) Sabiha Bandukra had notice of the institution of the action against her within the time period provided in Rule 4(m). Plaintiff has not and cannot meet this burden.

> ### a.     *Rule 15(c) Does Not Apply Because Plaintiff Sued the <u>Wrong Party</u> - - Not the Right Party With the Wrong Name.*

This is not a case wherein Plaintiff sued the right party by the wrong name. Rather, Plaintiff sued the wrong party; thus, Rule 15(c) does not apply. Rule 15(c) addresses the issue of the "misnamed" defendant not the "wrong" defendant.[4] *Gipson v. Wells Fargo*, 382 F.Supp. 2d 116 (D.D.C. 2005) <u>citing</u> *Rendall-Speranza v. Nassim*, 103 F.3d 913 (D.C. Cir. 1997). Rule 15(c) permits a plaintiff to correct the situation where the **proper**, but misnamed, defendant is before the court - - not to correct the situation where a plaintiff fails to originally name a defendant because he lacks knowledge of his identity. *Gipson*, <u>supra</u> at 119. <u>See</u> also *Roberts v. Michaels*, 219 F.3d 775,

---

[4] <u>See</u> <u>also</u> Advisory Committee Notes to F.R.C.P. Rule 15(c) referring to the 1991 amendment as a "name-correcting amendment'.

777-78 (8th Cir. 2000)(holding that "the district court erred in failing to consider the well-recognized distinction between a complaint that sues the wrong party and a complaint that sues the right party by the wrong name".)

Moreover, even where the plaintiff fails to originally name a defendant because he lacks knowledge of their identity, it is not for purposes of Rule 15(c)(3) a mistake entitled to relation back. *Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034 *17, 71 Fair Empl. Prac. Cas. (BNA) 374 (D.D.C. May 13, 1996) citing *Barrow v. Wethersfield Police Dept*, 66 F.3d 466, 470 (2d. Cir. 1995).

Other circuits considering the issue of whether claims against newly named defendants relate back have found that such claims do <u>not</u> relate back.   For example, the Sixth Circuit held that new parties may not be added after the statute of limitations has run and that such arguments do not satisfy the "mistaken identity" requirement of Rule 15(c).  <u>See</u> *Grigsby,* <u>supra</u> citing *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996).  <u>See</u> <u>also</u> *Lovelace v. O'Hara*, 985 F.2d 847, 850(6th Cir. 1993)(where original complaint against individual in official capacity, amendment naming defendant in individual capacity not a mistake under Rule 15(c)).  The Seventh Circuit addressed the "mistake" element of Rule 15(c) stating that:

> Amendment with relation back is generally permitted in order to correct a *misnomer* of a defendant where the proper party is already before the court and the effect is merely to correct the name under which he is sued.  But a <u>new</u> defendant cannot normally be substituted or added by amendment after the statute of limitation has run. . . . Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant   . . . whether or not the purported substitute party knew or should have known that the action would be brought against him. (*Emphasis added.)*

See *Grigsby*, supra citing Worthington *v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (quoting *Wood v. Woarcheck*, 618 F.2d 1225 (7th Cir. 1980). See also *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir. 1979)("appellees could very well have believed that they were not named as parties in the original complaint for tactical reasons or because appellant lacked evidence of their alleged participation when he filed the complaint").

Plaintiff cannot be heard to argue that his naming of Usman Bandukra constitutes a Rule 15(c) mistake. "In this Circuit, the word 'mistake' is narrowly interpreted to preclude relation back of amendments where a plaintiff was fully aware of the defendant's identity during the limitations period". *Sparshott v. Feld Entertainment, Inc.*, 89 F.Supp. 2d 1, 3 (D.D.C. 2000). Plaintiff has been on notice of Sabiha Bandukra's identity since the date of the accident - - August 30, 2002. The police report generated as a result of the accident clearly identifies Sabiha Bandukra as the driver and makes absolutely no reference to Usman Bandukra. See **Exhibit 1**. Furthermore, Plaintiff's own attorney had notice of Sabiha Bandukra's identity in November 2002 when he wrote to Mrs. Bandukra's insurance company. See **Exhibit 2**. Had Plaintiff researched the title or registration of the vehicle involved, he clearly would have discovered that Sabiha Bandukra owned the car - - not Usman Bandukra.

Plaintiff's attempt to qualify his error as a Rule 15(c) mistake by arguing that he was misled by Defendant is disingenuous, lacks merit and is unsupported by any evidence. For whatever reason, Plaintiff's current counsel initiated contact with Mr. and Mrs. Bandukra's insurance company and identified Mr. Bandukra as the "insured" - - which he was. See **Exhibit 4**. In his letter, Plaintiff's counsel did not make any factual allegations as to the basis for liability or as to the

8

driver or operator of the vehicle.  Instead, after correctly identifying Usman Bandukra as an insured,

Plaintiff's counsel merely provided:

> I understand that on about 09-05-2003 a $250 offer through Kemper Auto and Home Insurance was made to Mr. Cornwell and that today an offer of $20,000 was made to settle the claim.  My client also rejects the $20,000. At this point, we feel that the policy limits should be disregarded. My client offers your insured that not to execute a judgment for amounts exceeding his insurance policy limits provided that he assigns any bad-faith and negligent claims that your insured has against Kemper Auto and Home Insurance and Unitrin Direct . . . . Please have your insured, or his attorney, respond to my offer with in the next 10 days.

See **Exhibit 4**.

Mr. Bandukra is the primary insured on the policy that covers Mrs. Bandukra.  In response

to Plaintiff's demand letter that identified Mr. Bandukra as the insured, Mr. Bandukra responded,

through counsel, rejecting Plaintiff's demand and clearly stating that "in the event that your client's

car was struck, it was not struck by my client's car."  See **Exhibit 5**.  The mere fact that the Mr.

Bandukra responded to Plaintiff's vague demand letter, through counsel, rejecting liability but

making a nuisance value offer of settlement is not an admission of liability or a misrepresentation.

See F.R.E. 408. Contrary to Plaintiff's unsubstantiated allegation, neither Mr. nor Mrs. Bandukra

ever engaged in any conduct that misled or misrepresented their identities or involvement in the

accident and there is no evidence to the contrary.  Nor did Mr. Bandukra ever negotiate on his

wife's behalf.  Finally, Plaintiff was not and could not be misled as to the identity of the driver of

the vehicle, as Plaintiff had actual notice dating to November 2002 that the vehicle was operated by

Sabiha Bandukra.

9

Simply put, Plaintiff failed to sue the right party, despite being on notice as to Sabiha Bandukra's identity since 2002. Plaintiff waited until the eve of the statute of limitations to file his Complaint and did so at his own peril. Because Plaintiff's proposed amendment does not correct a misnomer of the proper defendant but instead seeks to add a new party, it does not qualify as a "mistake" under Rule 15(c), and as such, the new claim against the new party does not relate back.

> **b.     Sabiha Bandukra did not know, or have reason to know, within the time period provided in Rule 4(m), that but for Plaintiff's mistake, she would have been a defendant.**

Assuming, *arguendo,* that Plaintiff's failure to name Sabiha Bandukra qualified as a Rule 15(c) mistake, Plaintiff must prove that Sabiha Bandukra knew, or had reason to know, <u>within</u> the time period provided in Rule 4(m), that but for Plaintiff's mistake, she would have been sued. Plaintiff has not proven this factor, nor can he. Rule 4(m) of the Superior Court Civil Procedure Rules provides that service must be effected within sixty (60) days of the filing of the Complaint - - or by October 27, 2005. Plaintiff concedes this point in his Motion to Amend. No such notice was provided to Sabiha Bandukra.

Plaintiff has not set forth any facts, supported by the record, to establish Sabiha Bandukra knew or should have known that she was the target defendant, and not her husband. The <u>only</u> evidence on the record is to the contrary. Sabiha Bandukra never read the lawsuit and she and her husband never discussed its contents - - other than his advising her that he had been sued because of the August 2002 accident. <u>See</u> **Exhibits 3 and 7**. Sabiha Bandukra, who has no legal training or education, understood Plaintiff elected to sue her husband since he was the primary insured under the insurance policy. <u>See</u> **Exhibit 7.** Mrs. Bandukra did not discuss the merits of Plaintiff's claims with her husband or any defenses to the claims. <u>See</u> **Exhibits 3 and 7**. Indeed, Mr. Bandukra, who

10

has no legal experience or education, did not even realize that he had a defense to the claim and he too erroneously assumed that Plaintiff's claim was based upon his insurance policy. See **Exhibit 3.** It was not until November 2, 2005, after the time provided for in Rule 4(m), that Mr. Bandukra first learned that he had defenses to the lawsuit. See **Exhibits 3 and 7.** Accordingly, because Sabiha Bandukra did not know, or have reason to know, that but for Plaintiff's "mistake," she should have been sued, Plaintiff's claim does not relate back.

> **c.      *Sabiha Bandukra did not have notice within the time provided in Rule 4(m) of the institution of the lawsuit against her.***

An alternative basis for denying Plaintiff's motion to amend is his failure to provide timely notice to Sabiha Bandukra of the institution of the action against her. To be timely, Plaintiff was required to provide notice to Sabiha Bandukra within the time period provided by Rule 4(m) for service of the Complaint -- October 27, 2005. Plaintiff concedes that no actual notice was given to Sabiha Bandukra by the deadline.

Rule 15(c) requires a Plaintiff to provide notice of the institution of an action - - not just notice that an action against that party might ensue. *Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034, 71 Fair Empl. Prac. Cas (BNA) 734 (D.D.C. May 13, 1996). In *Grigsby*, Plaintiff argued that the new defendant had notice of the action, such that the claim would relate back, because Plaintiff served him with a copy of the proposed amended complaint within the Rule 4(m) time period. The Court rejected that argument stating:

> Even assuming that delivery of a copy of the amended complaint on Brunning on May 1, 1995 alerted him to the pending action, Ms. Grigsby has failed to establish the notice required by Rule 15(c). That rule states that the newly named party must have "received notice of the institution of the action that he will not be prejudiced." . . . An action is commenced by the filing of an action. Delivery of an

> amended complaint to Brunning could not give him notice of
> the institution of the action, because ***Rule 15(c) requires
> notice of the actual institution of the action not mere notice
> that an action might ensue*** . . . Moreover, Ms. Grigsby is
> operating under the erroneous impression that a claim is
> timely, even if filed subsequent to the close of the limitations
> period, if the defendant was apprised of the pending lawsuit
> within the limitations period. Not surprisingly, no authority
> is offered for such a suggestion. (*Emphasis added.*)

*Grigsby*, supra at 15-16.

In this case, Plaintiff is attempting to make a similar argument to that which failed in

*Grigsby;* however, Plaintiff's argument is even more attenuated as Sabiha Bandukra was not even

served with the amended complaint or the complaint within the Rule 4(m) period. Instead, Plaintiff

argues that because Sabiha's husband was timely served with a lawsuit identifying him as a party,

service on the husband counted as notice to the wife that she too would be made a party at some

later date, such that those later claims when made against her would relate back.[5]  Not surprisingly,

Plaintiff offers no authority for this argument.

Plaintiff fails to cite any evidence that establishes that Sabiha Bandukra received notice of

the claims against her before October 27, 2005 - - nor can he.[6]  Sabiha Bandukra was not provided

with any notice, within the Rule 4(m) period, that an action might even ensue, let alone notice of

the actual institution of an action, against her. Indeed, Plaintiff himself failed to take any action,

prior to October 27, 2005, with regard to amending the complaint to include Mrs. Bandukra.

---

[5] In addition to the fact that there is no legal support for Plaintiff's argument, there is no factual support either. Mrs. Bandukra was not present when Mr. Bandukra opened the package and did not discuss the substance of the Complaint with Mr. Bandukra. See **Exhibits 3 and 7**.

[6] Instead, Plaintiff attempts to make unsupported conclusions, that have been completely rebutted by Mr. and Mrs. Bandukra's sworn affidavits. For example, contrary to Plaintiff's suggestion, Mr. Bandukra did not think that the mailing contained a gift for he and his wife as the package was addressed only to Mr. Bandukra and Mr. Bandukra never discussed the substance of the Complaint with his wife. See **Exhibit 3 and 7**.

Accordingly, the suggestion that Mrs. Bandukra was somehow on notice of that claim - - a claim

that did not yet even yet exist  - - is illogical.  Accordingly, because Sabiha Bandukra had no notice

of the institution of the lawsuit against her by October 27, 2005, Plaintiff's proposed amended

claims do not relate back.

### III.    <u>CONCLUSION</u>

Plaintiff's Motion to Amend should be denied.  Plaintiff's proposed amendment is futile since

the new claim is barred by the statute of limitations.  Plaintiff's proposed claim against a <u>new</u>

defendant - - Sabiha Bandukra - -does not relate back under Rule 15(c).  Rule 15(c) does not apply

because Plaintiff is not merely attempting to correct the name of the right defendant.  Instead,

Plaintiff sued the wrong party and seeks to now sue the right party - - after the expiration of the

statue of limitations.  Rule 15(c) does not save claims when the wrong party is sued.  Additionally,

Sabiha Bandukra did not know, within the Rule 4(m) period, that but for Plaintiff's "mistake", she

would have been sued.  Finally, Plaintiff failed to provide Sabiha Bandukra, within the Rule 4(m)

period, with notice of the institution of the action against her.  Accordingly, Plaintiff's Motion to

Amend must be denied.

WHEREFORE, Defendant Usman Bandukra respectfully requests this honorable Court to deny Plaintiff's Motion to Amend and for such other relief this Court deems appropriate.

Respectfully submitted,

_____//s//_____
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant,
*Usman Bandukra*

## LOCAL RULE 5.4(B)(5) CERTIFICATION

Undersigned counsel hereby certifies that I have the original signed Affidavits referenced herein and attached hereto and that those Affidavits are available for review upon request by a party or the Court.

_____//s//_____
Jennifer S. Jackman

14

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 2nd day of December, 2005, a copy of the foregoing was

sent by first class mail, postage prepaid to:

        Christopher M. Johns, Esq.
        18961 Highstream Drive
        Germantown, Maryland 20874

        Richard S. Shrager
        107 North Adams Street
        Rockville, Maryland 20850


                _____//s//_____
                Jennifer S. Jackman

181240

15