IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL : | |
|     Plaintiff : | |
| v. : | Case No. : 1:05-cv-02258-HHK |
| : | |
| USMAN BANDUKRA, et al. : | |
|     Defendants : | |

**REPLY TO DEFENDANT BANDUKRA'S OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT**

NOW COMES, the plaintiff Michael A. Cornwell, through undersigned counsel, in reply to defendant Usman Bandukra's opposition to plaintiff's motion to amend, stating that:

**a. The Application of Rule 15(c) Is <u>Not</u> Limited to Only Misnomer Cases.**

Defendant begins his substantive legal argument in section "a" of his opposition (p. 6, 7 and 8). Therein he asks the court to find that Rule 15(c)(3) <u>only</u> applies to misnomer, and not to misidentification cases. This position is without <u>any</u> legal basis and is contrary to the express language of Rule 15(c)(3) and to the 11 cases he cites in section "a".[1] No rule nor case says that Rule 15(c)(3) only allows misnomer amendments. In the face of such clear law, plaintiff is puzzled by defendant's misrepresentation to this court and wonders if doing so subjects him to a Rule 11 review especially where the authority he does cite is to the contrary. *Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034 *17, 71 Fair Empl. Prac. Cas. (BNA) 374, **377** (D.D.C. 1996).

---

[1] **(1)** *Gipson v. Wells Fargo*, 382 F.Supp.2d 116 (D.D.C. 2005)(cited on page *6*); **(2)** *Rendall-Speranza v. Nassim,* 103 F.3d 913 (D.C. Cir. 1997)(cited on page *6*); **(3)** *Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000)(cited on page *6*); **(4)** *Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034 *17, 71 Fair Empl. Prac. Cas. (BNA) 374 (D.D.C. May 13, 1996)(cited on pages *7* and *8*); **(5)** *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 470 (2d.Cir.1995)(cited page *7*); **(6)** *Cox v. Treadway,* 75 F.3d 230 (6th Cir. 1996)(cited on page *7*); **(7)** *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993)(cited on page *7*); **(8)** *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)(cited on page *8*); **(9)** *Wood v. Woarcheck*, 618 F.2d 1225 (7th Cir. 1980)(cited on page *8*); **(10)** *Hern. Jimenez v. Calero Tol.*, 604 F.2d 99, 103 (1st Cir. 1979)(cited page *8*); and, **(11)** Sparshott v. Feld Entertainment, 89 F.Supp.2d 1, 3 (D.D.C. 2000)(cited page *8*).

The first case defendant cites in section "a" on page 6 is *Gipson v. Wells Fargo Corp.,* 382 F.Supp.2d 116 (D.D.C. 2005). It is a misnomer, not a misidentification case. This case nevertheless supports plaintiff's motion to amend. The court in *Gipson* granted plaintiff's motion for leave to amend and denied defendant's summary judgment motion because the requirements of Rule 15(c)(3) were met also noting plaintiff's promptness in moving to amend the complaint.

The court noted how the Rules were reformed to eliminate technicalities that prevented the substantive resolution of genuine disputes on the merits. *Id. at 123*. The accident in this case resulted in plaintiff having a neck operation. This case should likewise be decided on the merits. Like *Gipson,* the plaintiff in this case promptly moved to amend upon learning of the mistake in suing Usman. Although *Gipson* is a misnomer case allowing an amendment, it does not support defendant's contention that Rule 15(c)(3) does not allow misidentification cases to be amended.

The second case defendant relies on is *Rendall-Speranza v. Nassim,* 103 F.3d 913 (D.C. Cir. 1997)(also cited in *Gipson* on page 119*)* which is a "mistake of legal judgment" case, or where plaintiff failed to name defendant because of an error in legal judgment, rather than a mistake in identity. Plaintiff in *Rendall* knew the identity of, but chose not to sue the defendant.

The case at bar is not an error in legal judgment case. Naming Usman, instead of Sabiha, Bandukra resulted from a mere mistake in identification. Undersigned counsel and plaintiff were told by plaintiff's prior attorney that Usman was the at fault driver. *Exhibits 8 and 9.* On about 02-17-05, plaintiff's prior counsel wrote defendant Usman, through his insurance company, a demand letter specifically naming Usman as the at-fault driver. Plaintiff's undersigned attorney relied on this letter (and defense counsel misleading reply letter *Exhibit 5*) when instituting this action. Defendant's misrepresentation and main argument that Rule 15(c)(3) does not apply to misidentification cases is also <u>not</u> supported by *Rendall v. Nassim,* 103 F.3d 913 (1997).

2

Furthermore, *Rendall-Speranza v. Nassim,* 103 F.3d 913 (D.C. Cir. 1997) is an abundant source of support for plaintiff's motion for leave to amend. *Rendall* is a D.C. Circuit case that followed the First, Third and Ninth Circuits. The First Circuit case that it relied on was *Wilson v. U.S. Government,* 23 F.3d 559, 563 (1st Cir. 1994). *Wilson* was subsequently reviewed by the First Circuit in *Leonard v. Parry,* 219 F.3d 25 (1st Cir. 2000). *Leonard* is an analogist case.

*Leonard*, like this case, is a motor vehicle accident case. Like this case, the plaintiff mistakenly sued the wrong party, instead of the at fault driver. Similar to this case, the defendant in *Leonard* lead the plaintiff to believe that the policy holder was the at fault driver. In this case, plaintiff's prior counsel listed and represented the policy holder Usman as the at fault driver *(Exhibits 8 and 9)* and defense counsel used her 07-18-05 letter to perpetuated this mistake. *Exhibit 5.* This case is stronger than *Leonard* in that Cornwell promptly moved to amend.

At issue in *Leonard* was the third element of Rule 15(c)(3), or whether the plaintiff made a mistake about the proper party's identity and whether the proper party knew or should have known, but for the mistake, the action would have been brought against her. *Leonard,* 219 F.3d at 28. The court found that it was "**plain from the face of the original complaint-which erroneously stated that Boulanger was driving at the time of the accident-that Leonard made a mistake concerning the identity of the proper party defendant**." *Id.* The court further stated that the defendant knew to a certainty that she, not Boulanger, had been operating the Jeep when the accident occurred and that she therefore knew or should have known <u>from the moment that she knew of the institution of the action</u> that the action originally would have been brought against her but for the mistake about who was driving. *Id.* An **objective reasonable person test**, <u>not a subjective test</u>, was used to analyze what the defendant knew about the mistake of identity.

3

Similarly, it is clear from the plain face of Cornwell's original complaint that he mistakenly believed that Usman, not Sabiha, was the at fault driver. Like *Leonard*, this is a simple mistaken identity case. Using an objective reasonable person standard, it is also clear that Sabiha knew, or should have known, that she should have been named instead of her husband Usman. The facts in this case are stronger in that the at fault driver Sabiha resides with and is married to defendant Usman who attempted to settle this case on his wife's Sabiha's behalf.

The third case relied on by defendant on page 6 of its opposition (and in *Gipson)* is *Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000). Although *Roberts* is a misnomer case, it is applicable in that the defendant in *Roberts*, like the defendant in this case, mislead plaintiff into naming the wrong defendant (in *Michaels* by misnomer, here by misidentification). After misleading the plaintiff, the defendant moved for summary judgment and the plaintiff promptly moved to amend. Citing the fraudulent conduct by the defendant, the appeals court reversed the lower court's denial of plaintiff's motion to amend. *Id. at 779.* Again, nothing in *Roberts* supports the proposition that Rule 15(c)(3) does not apply to "mistaken identity" cases.

The fourth case heavily relied on by defendant in its opposition on pages 7 and 8 (and also cited in *Gipson)* is *Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034 *17, 71 Fair Empl. Prac. Cas. (BNA) 374, **378** (D.D.C. May 13, 1996). *Grigsby* is clearly dissimilar to this case as the plaintiff in *Grisby* did <u>not</u> even allege a mistake in identity, nor a misnomer. Unlike this case, Grigsby made a deliberate choice not to initially sue a defendant. In this case, plaintiff and his undersigned counsel relied on plaintiff's prior attorney as to the identity of the at fault driver. Defense counsel used her 07-18-2005 letter to perpetuate their mistake. Grigsby not naming the proper defendant was a matter of choice, not of mistake. *Id.* Again, nothing in *Grisby* supports defendant's main argument that Rule 15(c)(3) does not apply to "mistaken identity" cases.

4

The fifth case relied on by defendant on page 7 of his opposition is *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 470 (2d.Cir.1995). *Barrow,* however, is not a misnomer, nor a mistaken identity case. It is a John Doe case where at the time of filing, the plaintiff lacked knowledge of <u>any</u> proper party. The court looked to the Notes of the Advisory Committee on Rules, 1991 amendment to Rule 15(c) and reasoned that Rule 15(c)(3) only applies to misnomer and mis-identity cases and not to cases where the plaintiff lacks knowledge of <u>any</u> proper party defendant. This case does not apply to this case as plaintiff did not name-John Doe-as defendant. Further, *Barrow* is contrary to defendant's notion that Rule 15(c)(3) only applies to misnomers.

The sixth case relied on by defendant on page 7 of its opposition is *Cox v. Treadway,* 75 F.3d 230 (6th Cir. 1996). This is another "John Doe" case that is inapplicable for the same reasons stated above about *Barrow* and is also contrary to defendant's misrepresentation that Rule 15(c)(3) only applies to misnomer cases. The seventh case relied on by defendant on page 7 is *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993). Although *Lovelace* is not a John Doe case, it is inapplicable in that in *Lovelace* the court found that the plaintiff made an intentional choice not to name the proper party in the initial complaint. *Lovelace* is unlike this case in that Cornwell did not deliberately make a choice not to name Sabiha as the at fault driver in this case. *Lovelace* is also contrary to the misrepresentation that Rule 15(c)(3) only applies to misnomers.

The eighth and ninth cases cited by defendant on page 8 of his opposition are *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993) and *Wood v. Woarcheck*, 618 F.2d 1225 (7th Cir. 1980). These are two more inapplicable John Doe cases where no mistake was found in naming the defendant John Doe in that plaintiffs lacked specific knowledge of the identity of any defendants. These are the third and fourth John Doe cases that defendant cited and none of them support defendant's contention that Rule (c)(3) does not apply to misidentifications cases.

The tenth case that defendant cited on page 8 of his opposition is *Hern. Jimenez v. Calero Tol.*, 604 F.2d 99, 103 (1st Cir. 1979). *Jimenez* is a 1979 First Circuit case which is no longer persuasive after the First Circuit's decision in the above analogous *Leonard* case. The court in *Jimenez* found that the defendants sought to be added may have not been named for tactical reasons. This is contrary to this case in that Sabiha was the only at fault driver. Under the objective reasonable person "knew or should have known" test, she clearly knew that but for the mistake in identity, she would have named as the defendant at fault driver. *Jimenez* also does not support defendant's misrepresentation that Rule 15(c)(3) doesn't apply to misidentifications.

The eleventh and final case defendant cited on page 8 of his opposition is *Sparshott v. Feld Entertainment*, 89 F.Supp.2d 1, 3 (D.D.C. 2000). Unlike plaintiff Cornwell in this case, the plaintiff in *Sparshott* made a deliberate choice not to name what turned out to be the proper party. *Sparshott*, like the other 10 cases defendant cited, is also <u>not</u> a mistaken identity case. The defendant in *Sparshott*, unlike this case, did not perpetuate the plaintiff's mistaken belief as to the at fault party's identity. *Id. at 3*. To the contrary, plaintiff Cornwell, and undersigned counsel, relied on plaintiff's prior counsel's 02-17-2005 demand letter and defense counsel's 07-18-05 letter to mistakenly identify Usman Bandukra as the at fault driver in this case. Like the other 10 cases that defendant cited, *Sparshott* is also contrary to the defendant's misrepresentation to this court that Rule 15(c)(3) does <u>not</u> permit a plaintiff to amend pleadings for a mistake in identity.

Because it is clear that this is <u>not</u> a misnomer case, that it is <u>not</u> a case where plaintiff made a deliberate choice to not sue the at fault party, that it is <u>not</u> a John Doe defendant case, and because defendant does <u>not</u> provide any authority for his proposition that Rule 15(c)(3) prohibits the amendment of this mistaken identity case, this court should grant plaintiff's motion to amend.

**b. Rule 15(c)(3) does <u>Not</u> use a "Reason to Know" standard and Sabiha Bandukra timely knew, or should have known, that but for the mistake, she would have been named.**

Similar to section "a" of his opposition, in section "b" defendant also attempts to mislead this court on the express provisions of Rule 15(c)(3). Defendant misrepresents that Rule 15(c)(3) uses the "reason to know" test when Rule 15(c)(3) expressly uses the "should have known" test.[2] However, it is not a material misrepresentation in this case in that under either **objective** test, Sabiha knew that, but for a mistake in identity, this action would have been brought against her.

Even though the defendant argues the wrong and more stringent "reason to know" standard, the "reason to know" test is nevertheless, like the "should have known" test, an **objective**, not a subjective, test. *Leonard v. Parry,* 219 F.3d 25 (1st Cir. 2000) and *Restatement of Torts, 2nd §12*. In an identical fact pattern, the Court of Appeals in *Leonard* held that the defendant knew to a certainty that she, not Boulanger, had been operating the Jeep when the accident occurred and that she therefore knew, or **should have known**, **from the moment that she knew of the institution of the action** that the action originally would have been brought against her but for the mistake about who was driving. *Id*. This is identical to the facts in this case. From the moment that Sabiha knew of the institution of this action, she also knew to a certainty that she, not Usman, had been operating the car when the accident occurred and that she therefore similarly knew, or should have known, from the moment that she knew of this action that it would have initially been brought against her but for the mistake about who was driving. A reasonable person (having normal acuteness of perception and soundness of judgment) in her

---

[2] Rule 15(c)(3) in part states that: the amendment changes the party … against whom the claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or **should have known** that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

7

circumstances would know this. *Restate. of Torts, 2ⁿᵈ §12*. **The First Circuit Court of Appeals has already charged a defendant under identical facts as in this case with knowledge.**

Plaintiff also contends that the Bandukras knew about the wrong party defense prior to 11-02-2005 (in their affidavits, the Bandukras state that they learned of the wrong party defense on 11-02-2005 which is still well within the 120 day Rule 4(m) period).[3] First, defendant admits knowing of plaintiff's 06-28-2005 letter in paragraph 7 of his affidavit. And defendant's insurance company also states in their 07-06-2005 letter *(Exhibit 10)* that they discussed undersigned counsel's 06-28-2005 letter with both defendant and defense counsel. It is likely it was at that time, the insurance company and defense counsel discussed the wrong party defense with Usman at that time and not thereafter on 11-02-05, as the Bandukras say in their affidavits.

Second, for defense counsel to write her misleading 07-18-2005 *(Exhibit 5)* letter about the defenses that Usman Bandukra had in this case and his rejection of plaintiff's request for his assignment of the potential bad faith claim against his insurance company, she had to have some input about the accident not only from Usman, but likely also from Sabiha, the actual at fault driver and she had to discuss the wrong defendant defense with them in that she was ethically required to fully inform Usman of all defenses, especially the complete and best defense he had of not being the at fault driver, relative to rejecting plaintiff's offer not to enforce an excess judgment against him in exchange for his assignment of the bad faith claim to plaintiff. In her 07-18-05 letter, defense counsel specifically stated: **"[r]egarding your offer for Mr. Bandukra to assign any potential bad faith claims to Mr. Cornwell, Mr. Bandukra rejects this offer.** It

---

[3] The time for serving defendants is still open as this matter has been transferred to federal court. It was filed on 08-28-05. The 120 day Rule 4(m) period is therefore open until 12-26-2005.

is just <u>not</u> credible that defense counsel did not discuss the wrong party defense <u>before</u> 11-02-05 in that she was ethically required to discuss this best, simplest and complete defense before then.

In part "b" of its opposition, defendant again misrepresents the objective test that is stated in Rule 15(c)(3) under which Sabiha should have known that but for the mistaken identity, she would have been named as the at fault driver in this case. However, under these facts, she likely actually knew this to be the case. In their affidavits, her husband told her of the wrong party defense on the day he learned of it. However, it wasn't as late as 11-02-2005. Defense counsel was ethically required to tell the Usman of the wrong party defense when she wrote her defense letter and conveyed plaintiff's offer to him on about 07-18-2005 and he in turn likely told his wife on the same day that he learned of it as they each stated in their opposition affidavits.

### c. Sabiha admits to having timely notice of the institution of this case against Usman

For the third time, defendant is attempting to mislead this court by stating that plaintiff has to <u>show</u> that Sabiha Bandukra was on notice of the institution of an <u>action</u> <u>in</u> <u>which</u> <u>she</u> <u>was</u> <u>the</u> <u>named</u> <u>defendant</u> <u>before</u> the expiration of the Rule 4(m) period. This is clearly not the standard set forth in Rule 15(c)(3). Further, plaintiff does not concede that Sabiha did not have timely notice of the institution of this action against Usman prior to 10-27-2005 as defendant states in his opposition. To the contrary, **in her own affidavit, Sabiha admits that her husband told her about being sued after her husband opened the package containing the law suit papers on 10-21-2005.** *Affidavit, paragraph 8.* She does not contend that this was after the 10-27-2005 cut-off date (assuming 60, not 120 days, still applies in this now federal case). Other matters in her and her husband's affidavit are false. Ms. Bandukra volunteered to Miller that her husband told her that they had received a gift which he brought home for them to both open on Friday night (10-21). Mickey Mouse is a popular character, even for adults, in their culture.

9

**d. Estoppel.**

Under the facts and circumstances of this case, defendant should be estopped from opposing plaintiff's leave to amend his complaint. In *Travelers Indemnity Co. v. U.S. for the Use of Construction Specialties Company*, 382 F.2d 103 (8th Cir. 1967), the court found that Travelers did not reveal that it was not the proper party to the plaintiff when called upon to do so until <u>after</u> the statute of limitations had already expired. *Id at 106 and also see, Sparshott v. Feld Enter.*, 89 F.Supp.2d 1, 3 (D.D.C. 2000)(estoppel as grounds to amend). The court allowed the amendment noting how the defendant "hid in the bushes so to speak and finally struck the plaintiff from ambush." *Id.* In this case, plaintiff's prior counsel sent a demand letter on 02-17-2005 *(Exhibit 8)* identifying Mr. Bandukra as the driver of the at fault vehicle. In response to undersigned counsel's 06-28-2005 letter offering Mr. Bandukra to assign his potential bad faith claim in exchange for the plaintiff not executing any judgment in excess of the limits against him, defense counsel wrote plaintiff's counsel her 07-18-2005 letter. Nowhere in her letter does she simply state the quick and complete defense, that Usman was not the at fault driver.

Defendant attached to his opposition as Exhibit 2, a letter <u>to the insurance company from an attorney named</u> "Lowell 'The Hammer' Stanley". Lowell 'The Hammer" Stanley terminated his representation of plaintiff on November 7th, 2003. Plaintiff never saw the at fault driver at the accident scene and "Lowell 'The Hammer' Stanley" never told or wrote to plaintiff about the identity of the at fault driver. *Exhibits 9 and 11*. Plaintiff's next attorney was Lance A. Jackson. *Exhibit 8*. He told plaintiff that Usman was the at fault driver in this case as is further stated in his 02-17-05 demand letter specifically naming Usman as the at fault driver *(Exhibit 8)*. Plaintiff and undersigned counsel relied on plaintiff's second and subsequent attorney's verbal and written representation of Usman being the at fault driver. **Attorney Jackson mailed to plaintiff**

10

**the demand letter identifying Usman as the at fault driver.** Defense counsel purposely perpetuated plaintiff's and his counsel's mistake in identity with her 07-18-2005 defense letter.

On page 3 of defendant's opposition, defendant once again tries to mislead this court by stating that she did not mislead plaintiff with her 07-18-2005 letter by saying or implying that Usman was the driver. This case involves a 3 car chain collision. Defendant Sabiha's car was the last car in the chain. It was never alleged that she hit the car in which plaintiff was a passenger. It was alleged that she hit the middle car (defendant Gallagher) that was in a stopped position behind plaintiff's car. This caused defendant Gallagher's car to hit plaintiff's car. **So when defendant states on page 3 of his opposition that "[c]ertainly, in the event that your client's car was struck, it was not struck by my client's car"** for the proposition that defendant told plaintiff that Usman was not in the accident is absurd. Instead, all she was contending with this was that it was Gallagher (middle car), not Bandukra (back car), was who hit plaintiff (front car). Defendant knows that plaintiff all along contended that it was Bandukra (back car) who caused Gallagher (middle car) to hit plaintiff (front car). As page 3 of the opposition demonstrates, misleading the plaintiff with said 07-18-05 letter wasn't enough, as defendant now attempts to use the same letter to mislead this court. One is only left to conclude that defendant attempted, and did, mislead plaintiff into naming Usman, instead of Sabiha as the at fault driver. Plaintiff respectfully submits that he is entitled to add Sabiha to this case on solid grounds of estoppel.

## Conclusion

For the above reasons, plaintiff respectfully requests this court to grant his motion for leave to amend. Plaintiff respectfully suggests that defendant's pattern of misrepresenting law and fact has caused counsel and this court to spend unnecessarily time dealing with this matter.

Respectfully submitted,

_____/s/_____
Christopher M. Johns (MD15677)
Box 975, Laurel, MD 20725
301-674-6900 ; 301-540-5901 (fax)
*Attorney for the Plaintiff*

### LOCAL RULE 5.4(b)(5) CERTIFICATION

Undersigned counsel hereby certifies that I have the original signed Affidavit referenced herein and attached hereto and that the Affidavit is available for review upon request.

_____/s/_____
Christopher M. Johns

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of December, 2005, a copy of the foregoing was mailed by first class mail, postage pre-paid, to: Jennifer S. Jackman of Whiteford, Taylor & Preston L.L.P., 1025 Connecticut Avenue, N.W., Suite 400, Washington, D.C. 20036-5405; and to: Richard S. Shrager, 107 North Adams Street, Rockville, MD 20850.

_____/s/_____
Christopher M. Johns