IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL<br><br>Plaintiff<br><br>v.<br><br>USMAN BANDUKRA, et al<br><br>Defendants | Case No:    1:05-cv-02258-HHK |

**DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

COMES NOW, Defendant Usman Bandukra, through undersigned counsel Whiteford, Taylor & Preston, LLP with his Surreply to Plaintiff's Reply to Defendant Bandukra's Opposition to Plaintiff's Motion to Amend Complaint and in support thereof states as follows:

Plaintiff for the first time raises the issue of service in Plaintiff's Reply to Defendant Bandukra's Opposition to Plaintiff's Motion to Amend Complaint. In footnote 3 on page 8 of Plaintiff's Reply, Plaintiff asserts the 120 day Federal Rule 4(m) is applicable since the matter has been transferred from state court to federal court. Plaintiff cites no legal authority for this proposition and is in fact wrong.

In essence, Plaintiff is suggesting Federal Rule 4(m) applies to this matter. Federal Rule 4(m) permits a 120 day period for service, but this rule is applicable to service of process in cases originally filed in federal court not state court. "Rule 4(m) governs cases originally filed in federal courts, and applies to removed cases after the date of removal." *Eccles v. National Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D.Md. 1998). See also *Rentz v. Swift Transportation Co., Inc.*, 185

F.R.D. 693 (M.D.Ga. 1998); *Oiler v. Biomet Orthopedics*, 2003 WL 22228574 (E.D.La.); *McKenna v. Beezy*, 130 F.R.D. 655 (N.D.Ill. 1989); *Sampson v. County of Cook*, 2004 WL 1879944 (N.D.Ill.). When a party has been served in state court prior to removal of the case to federal court, it is "well-settled that state law governs" service of process before removal. *Id.* at 519. See also *Nealey v. Transportacion Maritima Mexicana*, 662 F.2d 1275, 1282 (9th Cir. 1980) (finding proper issue and service under state law remain sufficient after removal to federal court).

In short, Federal Rule 4(m) does not apply and is not applicable to this matter. Accordingly, Plaintiff's suggestion that the 120 day Federal Rule 4(m) applies is without basis.

Respectfully submitted,

_____//s//_____
John J. Hathway (#412664)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC 20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Counsel for Defendant,
*Usman Bandukra*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2005, a copy of the foregoing was sent via electronic mail to:

> Christopher M. Johns, Esq.
> P.O. Box 975
> Laurel, MD 20707
>
> Richard S. Schrager, Esq.
> Mallon A. Snyder Chtd
> 107 North Adams Street
> Rockville, Maryland 20850

                                                 _____//s//_____
                                                 Jennifer S. Jackman

182172