IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL A. CORNWELL    :
     Plaintiff          :
vs.                   :
                      :    **Case No.: 2005 CA 006897 B**
USMAN BANDUKRA     :    Judge Michael L. Rankin
MATTHEW J. GALLAGHER :    Initial Scheduling Conference 12-09-2005
     Defendants       :    **Rule 12-I Certificate Attached**

<u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT</u>

    Plaintiff Michael Cornwell, through counsel, hereby moves to amend his complaint

pursuant to Rule 15(c) by adding party Sabha (a/k/a Sabiha) Bandukra and for grounds states:

    This is a motion for leave to amend to change defendant from Usman (husband) to

Sabha (wife) Bandukra under "Relation Back" Rule 15(c) in that the proposed amendment

arose out of the same occurrence and, within the 60 day Rule 4(m) period: (i) Sabha received

notice of this action being filed when her husband was served; and, (ii) Sabha knew, or should

have known, that but for a mistake naming her husband as the defendant driver, the action

would have been brought against her as the driver in that she knew herself to be the driver.

Sabha Bandukra therefore will not be prejudiced in maintaining a defense on the merits.

Plaintiff incorporates herein the accompanying memorandum of points and authorities.

    WHEREFORE, the plaintiff Michael Cornwell respectfully requests an order granting

leave to amend his complaint and extending the time to serve defendant Sabha Bandukra.

Respectfully submitted,
CHRISTOPHER M. JOHNS LLC

_____
Christopher M. Johns, Esq. (433783)
Box 975, Laurel, MD 20725
Telephone: 301-674-6900
Facsimile: 301-540-5901

### RULES 5(e) & 5-I CERTIFICATE

I HEREBY CERTIFY that on November 20th, 2005, a chamber's copy of this motion was mailed by 1st class mail, postage pre-paid to: Honorable Michael L. Rankin, Chamber's Room 5630, Moultrie Courthouse, 500 Indiana Avenue, N.W., Washington, D.C. 20001.

_____
Christopher M. Johns, Esq. (433783)

### RULE 12-I(e) CERTIFICATE

I HEREBY CERTIFY that on November 16th, 2005, prior to filing this motion, plaintiff sought consent for the relief that he requests from all parties in this case. *Exhibit 6.*

_____
Christopher M. Johns, Esq. (433783)

### RULE 12-I(h) CERTIFICATE

I HEREBY CERTIFY that as of November 20th, 2005, there was no scheduling order.

_____
Christopher M. Johns, Esq. (433783)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of November, 2005, I served the foregoing motion by **HAND DELIVERY** to: Jennifer S. Jackman, Esq., Whiteford, Taylor & Preston, L.L.P., 1025 Connecticut Avenue, N.W., Washington, D.C. 20036-5405; and by 1st class mail, postage pre-paid, to: Mallon A. Snyder and Richard S. Schrager, 107 North Adams Street, Rockville, MD 20850.

_____
Christopher M. Johns, Esq. (433783)

2

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL A. CORNWELL    :
      Plaintiff    :
vs.    :
          :    **Case No.: 2005 CA 006897 B**
USMAN BANDUKRA    :    Judge Michael L. Rankin
MATTHEW J. GALLAGHER :    Initial Scheduling Conference 12-09-2005
      Defendants    :    **Rule 12-I Certificate Attached**

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND HIS COMPLAINT

    Plaintiff Michael Cornwell, through counsel, hereby moves to amend his complaint pursuant to SCR 15(c) by adding Sabha (or "Sabiha") Bandukra and for grounds states that:

    1.  This is a motion for leave to amend to change defendant from Usman (husband) to Sabha (wife) Bandukra under "Relation Back" Rule 15(c) in that the proposed amendment arose out of the same occurrence and, within the 60 day Rule 4(m) period: (i) Sabha received notice of this action being filed when her husband was served; and, (ii) Sabha knew, or should have known, that but for a mistake naming her husband as the defendant driver, the action would have been brought against her as the driver in that she knew herself to be the driver. Sabha Bandukra therefore will not be prejudiced in maintaining a defense on the merits.[1] This is a case plaintiff's counsel received shortly before the statute of limitations was due to expire.

---

[1] Rule 15(c) "relation back of amendments" in part provides:
    [a]n amendment of a pleading relates back to the date of the original pleading when ... (2) the claim ... asserted in the amended pleading arose out of the ... occurrence set forth ... in the original pleading, or the amendment changes the party ... against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should of known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

2.   First, the complaint and the amendment *(Exhibit 1)* concern the same accident and therefore SCR 15(c)(2) is met in that the amendment arose out of the same occurrence.

3.   The next requirement of SCR 15(c)(2) is whether Sabha Bandukra had timely notice of the institution of the law suit. The annotated cases cited behind SCR 15(c) were decided under the old *Schiavone* rule, or that the defendant sought to be added by amendment had to have notice of the institution of the law suit by the last day of the statute of limitations. This restrictive time period is no longer applicable under federal law or in the District of Columbia. SCR 15(c) expressly instead states that said notice period ends 60 days after the complaint is filed, at the end of the SCR 4(m) period. *SCR 15(c)* and See *Pritchett v. Stillwell, 604 A.2d 886 (D.C.App. 1992)* and *Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379 (1986)*.

4.   The notice requirement was timely met in this case. On Friday, 10-21-2005 *(Exhibit 2)*, at his post office, defendant Usman Bandukra signed for and picked up a box that he thought was a gift for himself and his wife, Sabha. *Exhibit 3*. This box contained plaintiff's court papers against Usman for the accident in which Sabha was the driver. That same Friday night, defendant took the box home to his wife Sabha so that they could open the "gift" box together. *Id.* To each of their surprise, when they opened the box, they each saw plaintiff's complaint and other court documents. *Id.* This all occurred on Friday 10-21-05 before the 10-27-05 Rule 4(m) cut-off date. Defendant Usman Bandukra, and his wife Sabha Bandukra, had actual notice of the institution of a law suit for this accident on Friday, 10-21-2005. *Exhibit 3*.

5.   Even if one were to assume that only Usman opened the box, after telling his wife that the box contained a gift for both of them, he naturally must have told his wife Sabha that the box instead contained lawsuit papers. He certainly had to tell his wife Sabha not to worry in that plaintiff may lose because he sued himself, instead of his wife, Sabha. Discussing this

2

lawsuit with his wife Sabha is consistent with Usman's admission in interrogatory answer 15 that he discussed this case both with his wife and with the insurance company. *Exhibit 4.*

6.  Even if one were to argue that Sabha did not see nor hear of this case before 10-27-2005, Sabha nevertheless had notice of this action through her husband, Usman. Since at least 07-18-2005, Usman, through defense counsel, has maintained an offer to settle this case with plaintiff, *unbeknownst to undersigned counsel on behalf of Sabha.* See, for example, defense counsel's 07-18-2005 good faith response letter in which she memorializes her client Usman's, not Sabha's, offer to settle this matter for $20,000. *Exhibit 5.* With this letter, defense counsel further mislead plaintiff's counsel in his mistaken belief that Usman was the driver. To accomplish this deception, Usman necessarily had to act as an agent for his wife in this case as he did when Usman expressly made an offer to plaintiff to settle this matter. Notice to Usman of this case was also notice to his wife Sabha in that he was acting on her behalf. It is well established law that notice to an agent constitutes notice to the principal. It is interesting to note that in defense counsel's 07-18-05 *good faith response letter,* no where among the alleged defenses is the complete and simple defense stated that Usman was not the driver in the accident. In light of defendant's deceptive 07-18-05 letter, any contradictory allegations that defendant makes in *response* to this motion are also likely to be deceptive.

7.  Finding that Sabha had timely notice of this lawsuit is analogous to SCR 4(c)(3) and SCR 4(e)(2) in that that personal service on one resident constitutes service on another resident and that service can be had by mailing process to a defendant's address. Sabha resides with Usman. Because Usman was timely served, Sabha also timely received notice.

8.  Therefore the second requirement of 15(c) is met in that Sabha timely had notice.

9.  Third, plaintiff counsel's mistake as to the identify of the at fault driver was perpetuated by defense counsel's deceptive 07-18-2005 letter *(Exhibit 5)* letter and defendant

3

Usman's offer to settle this case <u>without</u> the disclosure that he was attempting to settle on behalf of his wife. Plaintiff didn't know he was acting as his wife's agent. *See, Sparshott v. Feld Entertainment, Inc., 89 F.Supp.2d 1 (D.D.C. 2000)(*where the court considered whether the plaintiff's mistake of defendant was occasioned by the acts of the defendant). The third mistake requirement of naming Usman as defendant instead of Sabha is satisfied in this case.

10. Fourth, Sabha surely knew, or should have known that, but for plaintiff's mistake concerning the identity of the proper party, the case would have initially been brought against her in that she clearly knew that she, and not her husband, was the at fault driver and that her husband was attempting to settle the matter on her behalf. She also knew that plaintiff did not accept the $20,000 settlement offer and that therefore a law suit was imminent. *Exhibit 5.*

11. The proposed amendment relates back to the initial filing in this case because all of the conditions of Rule 15(c) are met. First, the proposed amendment arose out of the same occurrence set forth in the initial complaint. Second, before 10-27-2005, Sabha received notice of this action being filed. Third, plaintiff's mistake in naming Usman was perpetuated by defense counsel's 07-18-05 letter and defendant's offer to settle the case on behalf of his wife. And fourth, Sabha knew, or should have known, that but for plaintiff's mistake naming her husband, the action would have been brought against her as the driver in the accident.

12. Finally, among the following reasons are why Sabha Bandukra will clearly not be prejudiced by the proposed amendment adding her as a defendant. *For defense counsel to write her 07-18-2005 letter on behalf of Usman, defense counsel had to speak with Sabha Bandukra, herself, to raise the defenses that she raised in the letter as Sabha was the one in the accident.* Sabha will likely be represented by the same defense counsel and/or firm. Her likely defense counsel has been involved in this case before the statute of limitations had run,

4

or as early as 07-18-2005. Also the SCR 4(m) period is very near the statute of limitations date in that plaintiff never extended the SCR 4(m), or the SCR 15(c), cut-off date in this case.

13. Further evidenced by defense counsel's 07-18-2005 letter *(Exhibit 5)*, Sabha knew that plaintiff's institution of a law suit relative to the accident in which she was at fault was imminent. Sabha's husband Usman acted as her agent in unsuccessfully attempting to settle this case on her behalf. Sabha will not be prejudiced in that plaintiff is moving to amend early in this case, before the initial scheduling conference, and not, for example, after discovery. Sabha therefore will not be prejudiced in attempting to maintain her defenses on the merits.

14. All four requirements of SCR 15(c) being satisfied, it clearly would <u>not</u> be an abuse of discretion for the Court to grant plaintiff's motion to amend his complaint adding Sabha as the at fault defendant driver in that SCR 15(c) is to be applied liberally in order to further the Rule's purpose to ensure that litigation be decided upon the merits rather than upon technical pleading rules. *See, Hartford Accident & Indem. Co. v. District of Columbia, 441 A.2d 969, 972 n. 4 (D.C.1982) and Strother v. District of Columbia, 372 A.2d 1291 (1977).*

15. From the documents that the defendant Usman Bandukra submitted through defense counsel, it is not clear whether Usman's wife's name is spelled "Sabha" or "Sabiha."

WHEREFORE, the plaintiff Michael Cornwell respectfully requests an order granting leave to amend his complaint and extending the time to serve defendant Sabha Bandukra.

Respectfully submitted,
CHRISTOPHER M. JOHNS LLC

Christopher M. Johns, Esq. (433783)
Box 975, Laurel, MD 20725
Telephone: 301-674-6900
Facsimile: 301-540-5901

# EXHIBIT 1

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| MICHAEL A. CORNWELL |
|---|

*Plaintiff*

VS.                                                              Civil Action No. | 2005 ca 006897 B |

| SABHA (a/k/a Sabiha) BANDUKRA |
|---|

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| CHRISTOPHER M. JOHNS |
|---|

Name of Plaintiff's Attorney

| BOX 975, LAUREL, MD 20707 |
|---|

Address

By _____

Deputy Clerk

| 301-674-6900 |
|---|

Telephone

Date | 11-19-2005 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93      **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **MICHAEL A. CORNWELL** | : | |
| **400 East Second Avenue** | : | |
| **Post Office Box 264** | : | |
| **Franklin, VA 23851** | : | |
|     **Plaintiff** | : | |
| **vs.** | : | |
| | : | |
| **USMAN BANDUKRA;** | | |
| **SABHA U. BANDUKRA** | : | |
| **(a/k/a SABIHA U. BANDUKRA)** | : | |
| **24 Margie Street** | : | **Case No.: 2005 CA 006897 B** |
| **Oceanside, New York 11572;** | : | |
|     **and** | : | |
| **MATTHEW J. GALLAGHER** | : | |
| **7819 Somerset Court** | : | |
| **Greenbelt, MD 20770** | : | |
| | : | |
|     **Defendants** | : | **JURY DEMAND** |

### AMENDED COMPLAINT
### (C: Personal Torts: 04 Automobile Negligence)

NOW COMES Plaintiff Michael Cornwell, through undersigned counsel, hereby sues defendants Sabha U. Bandukra and Matthew J. Gallagher, and for a cause of action states that:

1. Plaintiff Michael Cornwell resides in Virginia.

2. Defendant Usman Bandukra resides in New York.

3. Defendant Sabha Bandukra resides in New York.

4. Defendant Matthew J. Gallagher resides in Maryland.

5. The operative facts took place in the District of Columbia.

6. Jurisdiction of this Court is founded on D.C. Code (1981 Edition), Section 11-921 and/or jurisdiction is founded on D.C. Code (1981 Edition), Sections 13-423(1) and (3).

7. On about Friday 08-30-2002, plaintiff Michael Cornwell was a back seat passenger of a 2000 Chevrolet Cavalier (being driven by non-party Roy Latheri) that was

stopped for a red light on New York Avenue at the intersection of New York Avenue and First Street, N.W., Washington, D.C. While stopped at said intersection a vehicle being driven and owned by defendant Matthew J. Gallagher was also in a stopped position at said intersection directly behind the vehicle in which the plaintiff was a passenger. At the time that the above two vehicles were stopped at said intersection a third vehicle owned by and being driven by defendant Sabha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries.

8.    At the time of the aforesaid accident, all three of the above mentioned vehicles were using the same road way and were traveling or stopped in the same direction. As such, defendant Bandukra, and/or in the alternative defendant Gallagher, had a primary duty or duty to avoid the said rear end collision that injured plaintiff. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty owed to plaintiff to avoid the rear end collision. Defendant Bandukra, and/or in the alternative defendant Gallagher, failing to avoid the rear end collision was a substantial cause of the accident, permanently injuring plaintiff.

9.    At the time of the accident, the vehicles that the defendants were operating were using the same road way as the vehicle in which the plaintiff occupied. As such, defendant Bandukra, and/or in the alternative defendant Gallagher, had a duty to always keep a proper look out. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached their duty to keep a proper look out and to protect other occupants, like the plaintiff, because they failed to reasonably observe plaintiff's vehicle, they failed to reasonably observe the traffic, and/or they failed to reasonably observe other conditions, which confronted defendants while

2

they used the roadway behind, and in plain view of, plaintiff's vehicle. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty owed to the plaintiff to maintain a proper look out. Defendant Bandukra's, and/or in the alternative defendant Gallagher's, failing to maintain a proper look out was a substantial cause of the accident resulting in plaintiff sustaining permanent, painful and debilitating injuries.

10. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other vehicle occupants, such as the plaintiff, to maintain proper control of, or over, the vehicle that each was driving at the time of the accident. At the time of the accident, the vehicle that plaintiff occupied and the vehicle driven by defendant Gallagher were in a stationary positions. At the time that the above two vehicles were stopped at said intersection a third vehicle owned by and being driven by defendant Sabha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries. Defendant Bandukra, and/or in the alternative defendant Gallagher, drove the vehicle that each was driving into the rear of the vehicle which was occupied by the plaintiff. Defendant Bandukra breached the duty that he owed to the plaintiff to maintain proper control of, or over, the vehicle that he was driving. Defendant Bandukra's failure to maintain proper control was a substantial cause of the accident. In addition, or in the alternative, defendant Gallagher stopped his vehicle too closely to the vehicle that the plaintiff occupied thereby causing it to strike the vehicle that plaintiff occupied when defendant Gallagher's vehicle was struck by defendant Bandukra's vehicle.

3

11. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other vehicle occupants, such as the plaintiff, to not follow too closely. At the time of the accident, the vehicle that plaintiff occupied and the vehicle driven by defendant Gallagher were in a stationary positions. At the time that the above two vehicles were stopped at said intersection a third vehicle, owned by and being driven by defendant Sabha Bandukra, was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries. Defendant Bandukra, and/or in the alternative defendant Gallagher, drove the vehicle that each was driving into the rear of the vehicle which was occupied by the plaintiff. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty that he owed to the plaintiff to not follow, and/or stop, too closely to the vehicle in which the plaintiff occupied. Defendant Bandukra's, and/or in the alternative defendant Gallagher's, failure to follow at a safe distance which was a substantial cause of the accident. In addition, or in the alternative, defendant Gallagher stopped his vehicle too closely to the vehicle plaintiff occupied causing it to strike the vehicle plaintiff occupied when defendant Gallagher's vehicle was struck by defendant Bandukra's vehicle.

12. At the time of the accident, defendant Bandukra, and/or in the alternative defendant Gallagher, each owed a duty to other vehicle occupants, such as plaintiff, not to drive each of their vehicles at an excessive speed under the circumstances. At the time and place of the accident, the circumstances were that that the plaintiff occupied was in a stopped position. The circumstances were also that the vehicles that defendants were driving were behind the vehicle that the plaintiff occupied and using the same road way, and while doing

4

so, they drove their vehicles at a high rate of speed causing the collision. In addition, defendants drove their vehicles in excess of the posted speed limits there in effect at the time and place of the accident and/or for the circumstances. They breached the duty that each owed to the plaintiff not to do so. Defendants doing so was a substantial cause of the accident.

13. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other people using the same road way, such as the plaintiff, to use ordinary care to avoid colliding with other people's vehicles, such as the vehicle occupied by the plaintiff, and to protect other people, such as the plaintiff, by following the traffic laws that were then in effect. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached these duties that they owed to the plaintiff by not using ordinary care and/or by violating traffic laws that were in effect. Defendant Bandukra, and/or in the alternative defendant Gallagher, not using ordinary care and/or violating traffic laws was a substantial cause of the accident.

14. Defendant Bandukra, and/or in the alternative defendant Gallagher, owed a duty to the occupants of other motor vehicle, like the plaintiff, who were also using the same road way, to keep their vehicles adequately and sufficiently maintained. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached this duty by not keeping their vehicles adequately/sufficiently maintained and not doing so was a substantial cause of the accident.

15. The aforesaid negligence was a proximate cause of the collision resulting in the injuries and damages sustained by the plaintiff. The plaintiff sustained extensive, serious, and permanent physical, mental, emotional injuries and economic damages having, and which will continue to have, a substantial and extreme painful, adverse and debilitating effect on plaintiff's physical, mental, emotional and economic well-being. The plaintiff has suffered continuous, intense and permanent physical, mental and emotional debilitating pain, suffering, distress, agony, despair, anxiety, embarrassment, and depression which he will suffer into the

5

foreseeable future. The plaintiff has sustained permanent scaring. The plaintiff has sustained past medical expenses and costs and will incur future medical expenses and costs. Plaintiff has sustained a loss of earnings and/or earnings capacity and will sustain a loss of earnings and/or earnings capacity in the future. The plaintiff has sustained life time care expenses and will likely sustain life time care expenses in the future. The plaintiff has sustained economic hardships and will likely sustain economic hardships into the future. The plaintiff has suffered and will likely continue to suffer from a loss of sleep. The plaintiff has been severely inconvenienced and plaintiff will be continuously and severely inconvenienced in the future. In addition thereto and/or in the alternative, as a result of the collision, plaintiff sustained and aggravation and/or worsening of a pre-existing conditions and/or plaintiff was susceptible to sustaining certain physical injuries. The plaintiff has sustained past, and will continue to sustain into the future, an impairment of his ability to enjoy his life. The above injuries and damages that the plaintiff has sustained, are sustaining, and in the future will sustain, had, have, and will have a substantial adverse effect on his overall health and well being.

16. At the time and place of the accident, defendant Sabha Bandukra (agent) was driving her car on behalf of defendant Usman Bandukra (principal), or for both her and her husband defendant Usman's benefit. Defendant Usman Bandukra is also liable as defendant Sabha Bandukra was acting as an agent for defendant Usman Bandukra. At the time and place of the accident, defendant Sabha Bandukra was acting as defendant Usman Bandukra's general agent to transact all the business of defendant Usman Bandukra while in the District of Columbia, or all of the business of defendant Usman Bandukra of a particular kind, or in a particular place, or to do all acts connected with a particular trade, business or employment while she was in the District of Columbia. Alternatively, during the time of the accident,

6

defendant Sabha Bandukra, on behalf of her husband, was involved in a single transaction, or series of transactions, not involving continuity of service for defendant Usman Bandukra.

WHEREFORE, the plaintiff Michael Cornwell hereby demands a judgment against defendant Sabha Bandukra, Usman Bandukra, and/or defendant Matthew J. Gallagher, individually, severally, and/or jointly, in excess of $1,000,000, post judgment interest, costs of this action, and such further relief that the court deems appropriate under these circumstances.

Respectfully submitted,
CHRISTOPHER M. JOHNS LLC

_____
Christopher M. Johns, Esq. (433783)
Box 975, Laurel, MD 20725
Telephone: 301-674-6900
Facsimile: 301-540-5901

<u>JURY DEMAND</u>
Plaintiff, through counsel, hereby demands trial by jury.

_____
Christopher M. Johns, Esq.

7

# EXHIBIT 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: *USMAN BANDUKRA*

24 Margie ST.
Oceanside, NY
11572

2. Article Number
   (Transfer from service label)     7005 2570 0001 8430 0639

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
   BANDUKRA                       10-21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RESTRIC
DELIVE

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# EXHIBIT 3

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL A. CORNWELL      :
     Plaintiff      : **Case No.: 2005 CA 006897 B**

vs.      : Judge: **Michael L. Rankin**

USMAN BANDUKRA      : Initial Scheduling Conference: **12-09-05**

MATTHEW J. GALLAGHER      :
     Defendants      :

### AFFIDAVIT OF ARNOLD B. MILLER

1. I, Arnold B. Miller, am over 18 years of age and competent to testify.

2. I called Ms. Sabha U. Bandukra on 11-14-2005 at around 10 am in conjunction with being hired to serve her with a to be received amended complaint in this case.

3. I called her using the phone number 1-516-766-0660 which is listed as her residential number at 24 Margie Street, Oceanside, NY 11572-3511.

4. She indicated that she and her husband (Usman) initially thought that the box (that contained plaintiff's complaint and discovery) was a gift to both of them.

5. She indicated that they both saw and opened the box containing what they thought was a gift (complaint/discovery) when her husband Usman received it (10-21-05).

6. She indicated that they both took the complaint and papers out of the box.

7. She indicated that the complaint and papers were thereafter sent to an attorney.

8. During a call from attorney Jennifer Jackman on 11-15-05, I asked her if Ms. Bandukra was her client. Instead of saying yes, or no, she indicated that Ms. Bandukra was not a party to this case. Ms. Jackman did not give me an answer on whether she would or would not accept service of an identical amended complaint (naming Ms. Bandukra as the driver) because a motion to amend was not filed.

9. Attached are copies of some of the law enforcement awards that I have received.

     I, Arnold B. Miller, hereby declare under the penalty of perjury and upon personal knowledge that the foregoing is true and correct.      _Arnold B. Miller_

                                                         Arnold B. Miller

State of Maryland, Montgomery County, To wit: ss
     On the _17_ day of November, 2005, Arnold B. Miller appeared before me a Notary Public for the aforesaid jurisdiction and swore to the above statements as true.

                                             Notary Public
                                             GLADINE R. AZOMME
                                             NOTARY PUBLIC STATE OF MARYLAND
My commission expires:                                        My Commission Expires



# Office of the Sheriff, Prince George's County Maryland



**Alonzo D. Black,** the Sheriff of Prince George's County, Maryland, having Trust and Confidence in the Integrity, Prudence and Ability of the Person Recorded in the Document, and in recognition of his many years of public service to the citizens of Prince George's County,

Hereby Appoints and Commissions

## AB Miller

**Honorary Deputy Sheriff,** a position of Respect, Gratefully Conveyed to Select few, with a Loyal Interest in our Beloved County. This Certificate is Awarded with Official Confidence the the person will continue to Merit the Esteem and Favor of our Citizens in Prince George's County.

Sheriff Alonzo D. Black, November 15, 2002



# Howard County
## M A R Y L A N D



*In recognition of meritorious and exemplary service
to the citizens of Howard County*

**in a law enforcement related manner**
*this*

# Citizen Award

*is hereby bestowed on*

# Arnold B. Miller



_____
**Charles I. Ecker, County Executive**

_____
**James N. Robey, Chief of Police**

**Be it known that this award is presented
on the 18th of April, Nineteen hundred
and ninety-seven.**



THE MONTGOMERY COUNTY DEPARTMENT OF POLICE

# Certificate of Appreciation

*With Sincere Appreciation*

*to*

## Arnold B. Miller

For his exceptional efforts in the Darcars auto theft case
which led to the recovery of stolen vehicles
and the arrest of those involved.

March 25, 1998

Date

Director, Criminal Investigation Division



# LAUREL POLICE DEPARTMENT

350 Municipal Square                    Laurel, Maryland 20707-4150

**Roy P. Gilmore**
Chief of Police

November 8, 1999

Mr. Arnold B. Miller
9700 Washington Boulevard
Laurel, Maryland 20723

Dear Mr. Miller:

You are to be congratulated and thanked for your outstanding efforts in locating and helping to apprehend a fugitive. Your exemplary community service and assistance to law enforcement is what the police community partnership is all about.

Again, congratulations and thanks for your support.

Sincerely,

Roy P. Gilmore
Chief of Police

RPG:cob



A Nationally Accredited Agency

Washington (301) 498-0092
Baltimore (410) 792-0137
Fax (301) 498-8003
TDD (301) 498-7735



J. JOSEPH CURRAN, JR.
*ATTORNEY GENERAL*

CARMEN M. SHEPARD
DONNA HILL STATON
*DEPUTY ATTORNEYS GENERAL*

JAMES W. HIMES
*ASSISTANT ATTORNEY GENERAL*
ESTHER GOLDRING
*ASSISTANT ATTORNEY GENERAL*
JAMES P.A. O'CONOR, JR.
*ASSISTANT ATTORNEY GENERAL*

## OFFICE OF THE ATTORNEY GENERAL
UNINSURED EMPLOYERS' FUND
HAMPTON PLAZA-SUITE 402
300 EAST JOPPA ROAD
TOWSON, MARYLAND 21286

(410) 321-4137
FAX (410) 321-3975
August 12, 1999

Mr. Arnold B. Miller
9700 Washington Boulevard
Laurel, Maryland 20723

Attention: Arnold B. Miller

Dear Mr. Miller:

     We would like to thank you for assisting us in our investigation on a Workers Compensation case. We appreciate your time an effort of appearing at the hearing as a witness.

     With great regard keep us the good work.

     Sincerely,

     James E. Brewer
     Claims Investigator

JEB/pmb



## DEPARTMENT OF POLICE

February 5, 1999

Mr. Arnold B. Miller
9700 Washington Blvd.
Laurel, Maryland 20723

Dear Mr. Miller:

I would like to take this opportunity to thank you for your efforts in assisting Officers of Howard County Police Department in successfully apprehending several individuals involved in illegal drug sales and other criminal activity.

The Police in its mission to prevent, investigate and solve crime can only be successful when community members, like yourself, become involved in providing assistance and information.

Again, thank you for the support that you have provided to your Police Department and to the citizens of Howard County, Maryland.

Sincerely,

G. Wayne Livesay
Chief of Police

GWL/whm



# GOOD CITIZEN AWARD

On May 30, 1995, an Anne Arundel County, Maryland resident was the victim of a theft. Her purse had been stolen from her place of employment, an elementary school in Laurel, Maryland. The perpetrator of that theft then utilized the victim's personal information to withdraw money from bank accounts held by the victim and her minor child.

An investigation into this series of incidents was conducted by the Maryland State Police. The investigator, having only a vague description of the suspect, began contacting hotels in the Laurel area where the suspect was believed to have frequented. Mr. Arnold B. Miller, a security officer at the Econolodge Hotel, provided the writer with the information necessary to identify the suspect. As a result of Mr. Miller's information, the suspect was taken into custody. Additionally, two companions of the suspect were arrested on unrelated narcotics charges.

Mr. Miller provided the investigator with valuable information directly leading to the arrests in this case. Without Mr. Miller's assistance, the suspect would likely never have been brought to justice.

_____Mr. Arnold B. Miller_____
Presented to

May 14, 1998
_____
Date

_D/Sgt Thomas P. Coppper_
Maryland State Police

# State Farm Insurance Companies



January 26, 1998

Fairfax Service Center
4401 Village Drive
P.O. Box 10125
Fairfax, Virginia 22030-5619
Phone:    (703) 218-0400
          1-800-394-1792

Arnold B. Miller
9700 Washington BLVD
Laurel MD   20723

Dear Mr. Miller:

It is with great pleasure that I write this letter to thank you for your outstanding work in the communities of Maryland.  Thanks to your efforts, working in coordination with the Howard County Police, criminals using a stolen 1996 BMW for drug transactions were apprehended during an undercover operation.

It is our understanding that this is one of many instances where your assistance has helped the police recover stolen vehicles. As a result of your actions, the community is a safer place.  You are truly an upstanding citizen and please continue this fantastic work.

Sincerely,

Wes Stone
SENIOR CLAIM REPRESENTATIVE
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
PHONE (703) 218-0454

WS/032/0123013

# EXHIBIT 4

investigations conducted in anticipation of litigation. Without waiving the aforementioned

objection, Defendant has no knowledge as to any such investigation. Defendant understands that

Plaintiff submitted medical records to his insurer but does not know what, if any investigation was

conducted.

**Interrogatory No. 13**: Identify each person, no heretofore mentioned, having personal knowledge
of facts material to this case and state the subject matter of said person's personal knowledge.

**Objection and Answer**:      Defendant objects to this interrogatory to the extent it seeks

information that is protected from discovery through the attorney work product doctrine. Without

waiving the aforementioned objection, Defendant refers Plaintiff to the police report that is

attached.

**Interrogatory No. 14**: Identify each person, not mentioned above, having discoverable information
tending to support a position that you have taken or intend to take and state the subject matter
thereof.

**Objection and Answer**: Defendant objects to this interrogatory to the extent that it seeks

information that is protected from discovery through the attorney work product doctrine. Without

waiving the aforementioned objection, those individuals present at the accident, including the

responding police officer, would have knowledge of the fact that Defendant was not there.

**Interrogatory No. 15**:  Identify (a) each person with whom you have had[sic] communicated with
(non-privileged written or verbal) concerning the accident. And for each such communication, (b)
identify each person present, (c) state the manner of communication (telephone, in person, written,
etc.), (d) state the date and time of each such communication, (e) state the substance of each such
communication, (f) identify each document made, if any, relative to, or to memorialize, each such
verbal communication, and (g) identify the person(s) who have possession, custody, or control of
any such document relating to each such communication.

**Objection and Answer** (a)-(g) Defendant discussed the accident with his wife. He does not recall

the date of those communications. Defendant also discussed Plaintiff's claims against him relating

-6-

to the accident in which he was not involved with his insurance company, after being placed on

notice of Plaintiff's intention to file suit/make a claim.  Those communications are privileged as

they occurred in anticipation of litigation.  Defendant does not recall the date of those

conversations.

**Interrogatory No. 16**:  Identify each non-privileged written statement, and each written note of a verbal communication, concerning the accident and/or this action.  State the substance of each such written statement and each such note, and identify who has possession, custody, or control of each.

**Answer:**       Defendant has not authored, nor is he aware of, any such statements.

**Interrogatory No. 17**:  State which of the persons named in your answers are known by you or are related to you and the extent and character of the acquaintanceship or nature of the relationship.

**Answer**:       Other than his wife, none.

**Interrogatory No. 18**:  Identify each person whom you propose to call as an expert witness, state the subject matter on which each proposed expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, state a summary of the grounds for each opinion, and attach any written report made by each expert concerning those facts and opinions.

**Objection and Answer**:       Defendant objects to this interrogatory to the extent it exceeds the

scope of permissible discovery under the rules or includes information that it privileged through the

attorney work product doctrine or the attorney client privilege.  Without waiving the

aforementioned objection, Defendant has not yet made this determination.

**Interrogatory No. 19**:  Identify each person who has given you written statements concerning the accident.

**Answer:**       None.

**Interrogatory No. 20**:  Identify each person who has given you recorded statements concerning the accident.

**Answer:**       None.

# EXHIBIT 5

# WHITEFORD, TAYLOR & PRESTON L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626
TELEPHONE 410 347-8700
FAX 410 752-7092

20 COLUMBIA CORPORATE CENTER
10420 LITTLE PATUXENT PARKWAY
SUITE 495
COLUMBIA, MARYLAND 21044-3528
TELEPHONE 410 884-0700
FAX 410 884-0719

JENNIFER S. JACKMAN
DIRECT NUMBER
202 659-6794
jjackman@wtplaw.com

1025 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-5405

202 659-6800
FAX 202 331-0573
www.wtplaw.com

210 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4515
TELEPHONE 410 832-2000
FAX 410 832-2015

115 ORONOCO STREET
ALEXANDRIA, VIRGINIA 22314-1685
TELEPHONE 703 836-5742
FAX 703 836-3558

July 18, 2005

## CONFIDENTIAL - - FOR SETTLEMENT PURPOSES ONLY

Christopher M. Johns, Esq.
Box 975
Laurel, Maryland 20725

> Re:  **Your Client:  Michael A. Cornwell**
> **My Client:  Usman Bandukra**
> **DOL: 08-30-02**

Dear Mr. Johns:

Our office has been retained to represent Usman Bandukra in the claims that have been made against him resulting from an accident allegedly occurring on August 30, 2002.  This letter responds to your letter of June 28, 2002 to Gisela Armstrong at Unitrin Direct.

It is very clear that the parties value Mr. Cornwell's claim very differently.  This was a very low impact accident and there is a question as to whether your client's car was even hit.  Certainly, in the event that your client's car was struck, it was not struck by my client's car.  Furthermore, in the event that there is ever a finding of liability on the part of my client, your client faces a large causation obstacle in proving that he sustained the injuries he claims in this very low impact incident.

Though liability and damages are disputed, in a good faith effort to resolve this claim, my client made an offer to settle this matter for $20,000.00, given the facts and information currently available.  In the event that your client realistically believes he is entitled to a greater sum, further information must be provided to allow us to more fully evaluate this claim, including:

Christopher M. Johns, Esq.
July 18, 2005
Page 2

- Full medical records from this incident.
- A list of all medical health care providers who have rendered treatment to Mr. Cornwell over the past 10 years.
- A description of all injuries sustained by Mr. Cornwell over the past 10 years.
- A list of all prior claims made by Mr. Cornwell against insurance companies.
- Fully executed HIPAA compliant releases for medical records.
- In the event Mr. Cornwell claims lost wages, a list of all of his employers for the past 10 years.
- Fully executed releases for employment records.
- Tax Returns for the past 5 years.

Regarding your offer for Mr. Bandukra to assign any potential bad faith claims to Mr. Cornwell, Mr. Bandukra rejects this offer.

I look forward to hearing from you.

Very truly yours,

Jennifer S. Jackman

JSJ:wt&pl

# EXHIBIT 6

Christopher M. Johns, Esq.
Christopher M. Johns LLC
Box 975, Laurel, MD 20725
Facsimile: 301-540-5901
1-866-963-8600

November 16, 2005

Faxed to 1-202-331-0573 and mailed on the above date.

Ms. Jennifer S. Jackman
WHITEFORD, TAYLOR & PRESTON L.L.P.
1025 Connecticut Avenue, N.W.
Washington, D.C. 20036-5405

Re:    Rule 12-I Consent Request Letter
       Motion to Strike Defendant's Summary Judgment Motion
       Motion to Amend the Plaintiff's Complaint
       Cornwell v. Bandukra, et al (2005 CA 006897 B)

Dear Ms. Jackman:

I am seeking your consent to plaintiff's motion for leave to amend his complaint to add Ms. Bandukra as a defendant under Rule 15(c). The amended complaint is essentially identical except for the allegation of her being the driver. I was mislead by your comprehensive 07-18-05 letter in which you raised every defense except the complete defense that Mr. Bandukra was not the driver. In his interrogatory answers, Mr. Bandukra states that he discussed the law suit with his wife, Ms. Bandukra, as they reside together. She also told my process server that they both opened the package, containing the complaint and discovery, on Friday 10-21-05 (within the Rule 4(m) ending date of 10-27-05) thinking that the package contained a gift to them. They instead saw plaintiff's law suit papers and thereafter sent them to you. Ms. Bandukra acknowledged knowing of the law suit against her husband on said date when they opened the package. Mr. Bandukra's summary judgment affidavit is very closely dated on Monday, 11-07-05, which is after you had already communicated with them, received plaintiff's papers, and prepared Bandukra's motion and discovery answers. Please state the manner and date that they sent plaintiff's complaint and discovery to you (fax, mail, express mail, federal express, etc.). Please also provide the dates (and phone numbers) of the calls your firm made/received to/from them on/between 10-21-05 and 10-27-05. The above requested dates are specifically indicated on your firm's billing and phone bills. I am also seeking your consent to a motion to strike defendant's motion for summary judgment as no consent was first sought under Rule 12-I. *Please fax your consent, or your lack thereof and the above requested information, by close of business today so that I can file said motions to be decided at the 12-09-05 Initial Scheduling Conference.* Thank you for your assistance with these two motions that plaintiff intends to file.

Sincerely,
Christopher M. Johns LLC
Christopher M. Johns, Esq.

cc:          The Honorable Michael L. Rankin and Defendant Gallagher
Enclosure:   Certified mail return receipt card signed on 10-21-2005.

# EXHIBIT 7

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL A. CORNWELL　　　　:
　　　Plaintiff　　　　　　　　　:
vs.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:　　**Case No.: 2005 CA 006897 B**
USMAN BANDUKRA　　　　　　:
MATTHEW J. GALLAGHER :
　　　Defendants　　　　　　　　:

# O R D E R

Having considered plaintiff Michael Cornwell's motion for leave to amend his complaint pursuant to Rule 15(c) adding defendant Sabha (or "Sabiha") Bandukra, and any opposition thereto, it is this _____ day of _____,

_____, by the Superior Court of the District of Columbia:

ORDERED: that plaintiff's motion for leave to amend his complaint his GRANTED.

ORDERED: that plaintiff's initial complaint shall be amended by the proposed amended complaint attached to plaintiff's motion as Exhibit 1 and shall be filled as such.

ORDERED: that the Clerk of the Court shall execute and issue a Summons an unexecuted copy of which is also attached hereto as part of Exhibit 1.

ORDERED: plaintiff's Rule 4(m) time for service of defendant Sabha (or "Sabiha") Bandukra is hereby extended 60 days from the date that this order is docketed.

_____
JUDGE, Superior Court of the District of Columbia

Copies to:
    Christopher M. Johns, Esq.
    Box 975, Laurel, MD 20725
    Telephone: 301-674-6900
    Facsimile: 301-540-5901
    *Plaintiff's Counsel*

    Jennifer S. Jackman, Esq.
    Whiteford, Taylor & Preston, L.L.P.
    1025 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5405
    Phone: 202-659-6800
    Facsimile: 202-331-0573
    *Defendant Usman Bandukra's Counsel*

    Mallon A. Snyder, Esq.
    Richard S. Schrager, Esq.
    107 North Adams Street
    Rockville, MD 20850
    Phone: 301-762-7500
    *Defendant Matthew Gallagher's Counsel*