# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL | : |
| Plaintiff, | : |
| v. | : CA No. 1:05 CV –2258 |
| | : (HHK) |
| USMAN BANDUKRA, ET AL. | : |
| Defendant. | : |

## JOINT RULE 16.3 REPORT AND PROPOSED SCHEDULING ORDER

Counsel for all parties, pursuant to LCvR 16.3(c) and this Court's December 22, 2005 Order for Initial Scheduling Conference, submit the following report to the Court.

Statement of Case

This case surrounds a three (3) car traffic accident that took place on August 30, 2002 in the District of Columbia. Plaintiff Cornwell alleges that Defendant Sabiha Bandukra collided with Defendant Gallagher's vehicle, which caused Gallagher's vehicle to collide with a vehicle in which Plaintiff Cornwell was a passenger. Alternatively, Plaintiff Cornwell alleges that Defendant Gallagher caused the collision with his vehicle. Plaintiff alleges that, as a result of the accident, plaintiff suffered physical injury and lost income. Plaintiff further alleges that, at the time of the collision, Defendant Sabiha Bandukra was driving on behalf of her husband, Usman Bandukra.

Defendant Usman Bandukra denies the allegations contained within the Complaint. Defendant Sabiha Bandukra has not yet been properly served and therefore no responsive pleading has been filed on her behalf.

Defendant Usman Bandukra and Defendant Gallagher deny liability and they deny that the Plaintiff suffered an injury to the extent alleged in his Complaint. Defendant Gallagher alleges that the Bandukras were the sole cause of the accident and has filed a Cross Claim for contribution and/or indemnification against the Bandukras. Defendant Usman Bandukra has filed an Answer to Defendant Gallagher's Cross Claim.

Statutory Basis for Cause of Action

28. U.S.C. § 1332(a)(1).

Pursuant to LCvr 16.3(c), the parties submit the following:

1. Dispositive Motions:

The parties anticipate that dispositive motions will be filed after the parties have completed discovery.

2. Joinders/Amendments:

The parties do not anticipate any further amendments to the pleadings or the joinder of any additional parties at this time.

3. Assignment to Magistrate:

The Defendants consent to a referral of the case to a Magistrate Judge for all purposes pursuant to LCvR 16.3(c)(3). The Plaintiff reports that he does not see the need for the case to be assigned to a Magistrate Judge.

4. Settlement:

The parties had settlement discussions prior to the filing of this litigation. The Defendants may be willing to discuss settlement at some point in the future. The Plaintiff

reports that there is no realistic possibility of settlement in light of what he contends are Bandukra's bad faith offers to settle this matter for $500 and $20,000.

    5.    Alternative Dispute Resolution:

The Defendants agree that this case could benefit from mediation after the parties have concluded discovery. The Plaintiff reports that this case is not likely to benefit from ADR because of Defendant Bandukra's alleged bad faith offers and counsel correspondence.

    6.    Summary Judgment or Motions to Dismiss:

Defendants anticipate filing motions to dismiss/motions for summary judgment. The Plaintiff reports the he anticipates filing a motion for summary judgment after discovery has been completed.

    7.    Initial Disclosures:

The parties agree pursuant to LCvR 16.3(c)(7) to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

    8.    Discovery:

The parties agree to abide by the restrictions on interrogatories imposed by Fed. R. Civ. P. 33(a) and agree that no limitations should be set on requests for production of documents and requests for admissions. Depending upon the information obtained by written discovery, the parties anticipate deposing between six fact and six expert witnesses. Plaintiff contends that Track 2 would be appropriate. Defendant Bandukra contends that, based upon the extent of medical damages claimed, Track 3 would be more appropriate.

9. Expert Witnesses:

The Defendants do not anticipate the necessity of modifying the requirements of Fed. R. Civ. P. 26(a)(2). Plaintiff reports that Rule 26(a)(2) expert reports, expert publication lists, and expert case lists are not required and expert depositions to be used at trial shall take place at least 30 days before the scheduled trial date.

10. Class Action.

Not applicable.

11. Bifurcation:

The parties see no need for bifurcation of this case.

12. Pretrial Conference:

The Defendants request that a pretrial conference be scheduled at the initial scheduling conference and recommend that it be set at least 30 days after the close of discovery.

13. Trial Date:

The parties request that the trial date be set at the pretrial conference.

14. Other Matters:

Nothing at this time.


Respectfully,

_____//s//_____
John J. Hathway (#412664)
Kevin A. Kernan (#457194)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
Counsel for Defendant Usman Bandukra

_____//s//_____
Christopher M. Johns, Esq.
P.O. Box 975
Laurel, MD 20707
Counsel for Plaintiff Michael Cornwell


             _____//s//_____
Richard S. Schrager, Esq.
Mallon A. Snyder Chtd
107 North Adams Street
Rockville, Maryland 20850
Counsel for Defendant Matthew J. Gallagher


*185249*