**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

MICHAEL A. CORNWELL

      Plaintiff               Case No:      1:05-cv-02258-HHK

v.

USMAN BANDUKRA, et al

      Defendants

<u>**DEFENDANT SABIHA BANDUKRA'S MOTION TO DISMISS**</u>
<u>**AMENDED COMPLAINT**</u>

      COMES NOW, Sabiha Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, by limited appearance only with her Motion to Dismiss Plaintiff's Amended Complaint and in support thereof states as follows:

      1.     Plaintiff's Complaint against Sabiha Bandukra should be dismissed because service was not effected within 120 days from the date the Amended Complaint was filed.  Further, no extension of time for service was requested. As a result of Plaintiff's continued delays in prosecuting this lawsuit, Mrs. Bandukra has been prejudiced.

      2.     Defendant Sabiha Bandukra adopts and incorporates the accompanying memorandum as though fully set forth herein.

WHEREFORE, Defendant Sabiha Bandukra respectfully requests this honorable Court to dismiss the Complaint against her with prejudice and for such other relief this Court deems appropriate.

Respectfully submitted,

_____//s//_____
John J. Hathway
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Sabiha Bandukra*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), service of the pleading was made through electronic filing of the pleading.

_____//s//_____
Jennifer S. Jackman

2

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

MICHAEL A. CORNWELL

       Plaintiff                Case No:       1:05-cv-02258-HHK

v.

USMAN BANDUKRA, et al

       Defendants

---

**DEFENDANT SABIHA BANDUKRA'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW, Sabiha Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, by limited appearance with her Memorandum in Support of Motion to Dismiss Plaintiff's Amended Complaint and in support thereof states as follows:

Plaintiff's Complaint against Sabiha Bandukra should be dismissed because service was not effected within 120 days from the date the Amended Complaint was filed. Further, no extension of time for service was requested. As a result of Plaintiff's continued delays in prosecuting this lawsuit, Mrs. Bandukra has been prejudiced.

Nearly four years has past since the automobile accident at issue. The Plaintiff is now deceased, though no suggestion of death or motion to substitute parties have been filed.[1] Plaintiff has not requested an extension of time to serve Mrs. Bandukra and the 120 day period has expired. Should Plaintiff request additional time and such request is granted, Mrs. Bandukra will be

---

[1] According to Plaintiff's counsel, there is no claim that Plaintiff's death is causally related to the accident at issue.

3

prejudiced because Plaintiff's significant delays in filing the lawsuit, amending the lawsuit and

failing to serve the lawsuit resulted in Mrs. Bandukra's inability to conduct necessary discovery in

this case.  Accordingly, the Amended Complaint should be dismissed.

## I.     FACTUAL BACKGROUND

On or about August 30, 2002, Plaintiff Michael Cornwell was involved in a very low-

impact motor vehicle accident in the District of Columbia.  A police report was prepared as a result

of the accident that identified Defendants Sabiha Bandukra and Matthew Gallagher as the drivers of

two of the vehicles involved.  See police report attached as Exhibit 1.  Mr. Cornwell was a

passenger in a third vehicle. Defendant Usman Bandukra was not present in the District of

Columbia at the time of the accident and was not involved in the accident in any way.

For whatever reason, Plaintiff waited until August 29, 2005 (the day before the statute of

limitations expired) to file suit in the Superior Court for the District of Columbia.  See Complaint

attached as Exhibit 2.  In his Complaint, Plaintiff identified two Defendants - - Matthew Gallagher

and Usman Bandukra.  See Exhibit 2.   Plaintiff erroneously alleged that Mr. Bandukra was the

driver of one of the vehicles involved in the accident.  Plaintiff now concedes this allegation is

incorrect, though he has not dismissed his claim against Mr. Bandukra.  Instead, Plaintiff now

alleges an agency- based claim against Mr. Bandukra claiming that Mrs. Bandukra acted on her

husband's behalf at the time of the accident.

On November 20, 2005, after the statute of limitations expired, Plaintiff filed a Motion to

Amend the Complaint to add Sabiha Bandukra as a new defendant.[2]  The Motion to Amend was

---

[2] Should Plaintiff request and receive additional time to serve Mrs. Bandukra and service be effected, Mrs. Bandukra will file a motion based upon the statute of limitations.  The claims against Mrs. Bandukra do not relate back to the original complaint as Plaintiff's omission of Mrs. Bandukra from the original complaint

granted on February 20, 2006.  <u>See</u> Minute Order attached as Exhibit 3.  Pursuant to Rule 4(m) of

the Federal Rules of Civil Procedure, Plaintiff had until June 20, 2006 - - 120 days from the date of

the Order granting his Motion to Amend - - to serve Mrs. Bandukra with the Amended Complaint.

<u>See</u> F.R.C.P. 4 (m).  That date has come and gone and Plaintiff has still not served Mrs. Bandukra,

nor has he requested an extension.

On May 1, 2006, an initial scheduling conference was held.  During that conference,

Plaintiff's counsel informed the Court for the first time that his client, Mr. Cornwell, had died.

After the status conference, the Court entered an Order stating that it was premature to issue a

scheduling order because Mrs. Bandukra had not yet been served and the deceased Plaintiff had not

yet been substituted.  Accordingly, a second scheduling conference was scheduled for June 27,

2006 (after the time for service expired).  The date of the second conference was subsequently

changed to July 18, 2006.  As of the date of this filing, Plaintiff has not (1) served Mrs. Bandukra,

(2) timely requested an extension to serve Mrs. Bandukra, (3) filed and served a notice of death; or

(4) filed a motion to substitute.

## II.    ARGUMENT

### A.    More Than 120 Days Have Passed And Defendant Sabiha Bandukra Has Not Been Served.

Plaintiff's Amended Complaint as to Sabiha Bandukra should be dismissed under Rule

4(m) of the Federal Rules of Civil Procedure as he failed to serve Mrs. Bandukra within 120 days

from the date the Amended Complaint was filed.   Rule 15.1 of the Local Rules provides that an

amended pleading shall be deemed to have been filed on the date on which the order granting the

---

was not simply a misnomer.  Instead, Plaintiff added Mrs. Bandukra as a completely new defendant and the
law is clear that when a new party is added, the claims do not relate back.

motion is entered.  On February 20, 2006, the Court granted Plaintiff's Motion to Amend the

Complaint.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had until June

20, 2006 to serve Mrs. Bandukra.  He did not.

      Rule 4(m) clearly contemplates dismissal of claims when service is not timely obtained and

provides:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint,
> the court, upon motion or on its own initiative after notice to
> the plaintiff <u>shall</u> dismiss the action without prejudice as to
> that defendant . . . .

<u>See</u> F.R.C.P. 4(m).

Because Plaintiff did not serve Mrs. Bandukra within 120 days after the Amended Complaint was

filed, the Complaint against Mrs. Bandukra should be dismissed.

      **B.**      **Plaintiff Did Not Request An Extension of Time.**

      In addition to failing to serve Mrs. Bandukra with the Summons and Complaint, Plaintiff

failed to request an extension of time for service of the Complaint, let alone request additional time

prior to the expiration of the 120 day period.  Because Plaintiff has not requested additional time to

serve Mrs. Bandukra, the Amended Complaint should be dismissed.[3]

      **C.**      **Defendant Has Been Prejudiced By Plaintiff's Repeated Delays.**

      Mrs. Bandukra has been prejudiced by Plaintiff's substantial and repeated delays.  This case

arises out of an automobile accident that occurred in August 2002 - - nearly four years ago.  For

---

[3] In the event Plaintiff attempts to seek additional time now that the 120 day period has expired, such request should be denied because Plaintiff's failure to serve Mrs. Bandukra is not the result of excusable neglect. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed. 2d 695 (1990).  Plaintiff is to blame for his failure to effect service as he was provided with Mrs. Bandukra's name and address on August 30, 2002 and this information has not changed.  Further, Mrs. Bandukra would be prejudiced by an extension

whatever reason, the Plaintiff waited until the day before the statute of limitations expired to file suit. When Plaintiff finally filed suit, he failed to identify Sabiha Bandukra as a Defendant. On November 20, 2005 - - more than three years after the accident at issue - - Plaintiff filed a Motion to Amend the Complaint. The Motion to Amend was granted by this Court in February 2006. Despite the fact that 3 ½ years had already elapsed from the accident at issue and the time the Amended Complaint was filed, Plaintiff chose not to serve Mrs. Bandukra. Moreover, on May 1, 2006, forty-four months after the accident giving rise to Plaintiff's claims, Plaintiff's counsel advised the Court that Plaintiff had died.

Mrs. Bandukra has been denied the opportunity to conduct significant discovery as to Plaintiff's claims. Mrs. Bandukra cannot depose Mr. Cornwell. Mrs. Bandukra cannot conduct an independent medical examination of Mr. Cornwell. Mrs. Bandukra cannot obtain answers to discovery requests signed under oath by Mr. Cornwell. Had Plaintiff been diligent in this case and not caused the delays that occurred, Mrs. Bandukra would have been able to conduct this important discovery that is now an impossibility.

## III.    CONCLUSION

The Amended Complaint should be dismissed as to Sabiha Bandukra. More than 120 days have passed since the Amended Complaint was filed and Plaintiff has not effected service. Nor has Plaintiff requested an extension of time to serve Mrs. Bandukra. As a result of the continued delays caused by Plaintiff, Mrs. Bandukra has been prejudiced. Accordingly, the Amended Complaint should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.

---

because Plaintiff's delays have denied Mrs. Bandukra the opportunity to conduct necessary and important

WHEREFORE, Defendant Sabiha Bandukra respectfully requests this honorable Court to dismiss the Complaint against her with prejudice and for such other relief this Court deems appropriate.

Respectfully submitted,

_____//s//_____
John J. Hathway
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Sabiha Bandukra*

*189305*

discovery as Mr. Cornwell is now deceased.

8