IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ROBERT CORNWELL  :
    Plaintiff,  :
  :
v.  : Case No.: 1:05-cv-02258-HHK
  :
USMAN BANDUKRA, et al.  :
    Defendants  :

### PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND/OR FOR LEAVE TO AMEND COMPLAINT

Plaintiff Robert Cornwell, through counsel, hereby moves for substitution of parties under Rule 25 and/or for leave to amend his complaint under Rule 15(a):

1. The deceased and former plaintiff, Michael A. Cornwell, was a resident of southern Virginia, died on April 25, 2006, and he was only survived by his son, Robert Cornwell, who is only eighteen (18) years old and who currently resides in Illinois.

2. After his father's death, Michael Cornwell's 18 year old son, Robert Cornwell, was grieving, difficult to contact, and very despondent from his father's death.

3. Undersigned counsel was able to contact the deceased's son and eventually impress upon the very young Robert Cornwell, who is still a teenager, an appreciation for traveling by plane to Virginia, to work with a Virginia attorney and a Virginia bondsmen so to qualify Robert Cornwell as the administrator of his father's estate. Undersigned counsel was able to accomplish this by July 17th, 2006.

4. Attached as Exhibit 1 is a copy of his certificate of qualification. Respectfully attached as Exhibit 2 is a copy of Michael A. Cornwell's death certificate. The only difference the proposed amendment contains is the substitution of Robert

Cornwell's for the deceased Michael Cornwell as the plaintiff in this case. Robert Cornwell is the sole beneficiary of his father's estate. Michael Cornwell died intestate.

5. Under Federal Rule of Civil Procedure Rule 25, plaintiff is still within the 90 day limit to substitute himself as the proper party to this action in that his father died on April 25, 2006, giving himself until July 24, 2006, to substitute himself as plaintiff.

6. The proposed amendment substituting Robert Cornwell is attached hereto.

WHEREFORE, plaintiff respectfully requests the Court to grant his motion to substitute himself, Robert Cornwell, as the proper party and/or for leave to amend.

Respectfully submitted,
Christopher M. Johns (MD15677)
Box 975, Laurel, MD 20707
Phone: 301-674-6900
Fax: 301-540-5901

## CERTIFICATE OF SERVICE

On 07-18-06 all parties were served through the court's electronic filing system.

Christopher M. Johns

# CERTIFICATE/LETTER OF QUALIFICATION
## COMMONWEALTH OF VIRGINIA

VA. CODE §§ 6.1-70, 6.1-195.28, 6.1-208.3, 6.1-208.5, 13.1-428, 37.1-134.15, 64.1-122, 64.1-128

Southampton County Circuit Court          Court File No.: CWF060000117

I, the duly qualified clerk/deputy clerk of this Court, **CERTIFY** that on the **seventeenth** day of **July, 2006,**

**Robert Cornwell**

duly qualified in this court, under applicable provisions of law, as **ADMINISTRATOR**

of the Estate of **Michael A. Cornwell**, deceased.

The powers of the fiduciary(ies) named above continue in full force and effect.

$.00 bond has been posted.

Given under my hand and the seal of this Court on

July 17, 2006
<u>           </u>
DATE

Wayne M. Cosby, Clerk

by _[signature]_ , ~~Clerk~~/Deputy Clerk

FORM CC-1625 ( PC 9/9)

**EXHIBIT 1, PAGE 1**

CWF 06-117

𝕶𝖓𝖔𝖜 𝕬𝖑𝖑 𝕸𝖊𝖓 𝖇𝖞 𝕿𝖍𝖊𝖘𝖊 𝕻𝖗𝖊𝖘𝖊𝖓𝖙𝖘, That we, Robert Cornwell ........................................................
................................................................principal and ........................................................
........National Grange Mutual Insurance Company............ surety, a corporation chartered
under the laws of .......... New Hampshire ..........................................................., and legally
qualified to do business in Virginia, are held and firmly bound unto the Commonwealth of Virginia in the
sum of .......... Twenty-five Thousand and 00/100------------------------- Dollars,
to the payment whereof, well and truly to be made to the said Commonwealth of Virginia, we bind ourselves,
and each of us, our and each of our heirs, executors and administrators, jointly and severally, firmly by these
presents. And we hereby waive the benefits of our exemption as to this obligation.

IN TESTIMONY WHEREOF, The said principal hereunto sets h..is..hand and seal, and the said surety,
by ....... Charles B. Moore .......................................... its duly authorized agent and attorney in fact,
has caused its corporate name and seal to be hereunto affixed, the same being attested by the signature of
its said attorney in fact, this, the ...... 17th ............ day of ........ July ........................, 20 06.

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas, the above bound
...Robert Cornwell is this day appointed Administrator of the........................
..estate of Michael A. Cornwell, who departed this life intestate on
the 25th day of April, 2006.

Now, therefore, if the said ........ Robert Cornwell ................................................ as aforesaid,
shall faithfully discharge the duties of the office, post or trust of ...................................................
.......Administrator of the estate of Michael A. Cornwell..............................,
then this obligation to be void; otherwise to remain in full force and virtue.

*/s/ Robert Cornwell* ..................................................[SEAL]

.......National Grange Mutual Insurance Co.
By */s/ Charles B. Moore*
   its duly authorized agent and attorney in fact.

(Put the Seal of the Company Here)

**Virginia:**

In the Clerk's Office of the ..... Circuit ..... Court for the ..... County ..... of ..... Southampton ................,
the ..... 17th ..... day of ..... July ........................, 2006.

This bond was executed and acknowledged by the obligors, and ordered to be recorded.

..National Grange Mutual Insurance Company.............................................................
the surety therein, acting by its duly authorized agent and attorney in fact, who executed the said bond on
behalf of said corporation by affixing thereto its corporate name and seal, being a corporation allowed to do
business in this State, as certified by the Commissioner of Insurance.

            Teste: Wayne M. Cosby, Clerk
            */s/ _____, Deputy_____*., Clerk.

C. W. WARTHEN CO. NO. 803-1C

# EXHIBIT 1, PAGE 2

# COMMONWEALTH OF VIRGINIA - CERTIFICATE OF DEATH
## DEPARTMENT OF HEALTH - DIVISION OF VITAL RECORDS - RICHMOND

**COPY A** — FOR DIVISION OF VITAL RECORDS

- REGISTRATION AREA NUMBER: 217
- CERTIFICATE NUMBER:
- STATE FILE NUMBER:

### DECEDENT
1. FULL NAME OF DECEDENT: Michael Alton Cornwell
2. SEX: male ☒
3. DATE OF DEATH: April 25, 2006
4. AGE: 48 years
5. DATE OF BIRTH: June 22, 1957
6. WAS DECEDENT EVER IN U.S. ARMED FORCES: no

### PLACE OF DEATH
7. NAME OF HOSPITAL OR INSTITUTION OF DEATH: Sentara Norfolk General — Inpatient ☒
8. COUNTY OF DEATH:
9. CITY OR TOWN OF DEATH: Norfolk — inside city limits: yes ☒
10. STREET ADDRESS OR RT. NO. OF PLACE OF DEATH: 600 Gresham Drive

### USUAL RESIDENCE OF DECEDENT
11. STATE: Virginia
12. COUNTY OF DECEDENT'S RESIDENCE:
13. CITY OR TOWN OF RESIDENCE: Franklin — inside city limits: yes ☒
14. STREET ADDRESS OR RT. NO. OF RESIDENCE: 400 East Second Avenue
ZIP CODE: 23851

### PERSONAL DATA OF DECEDENT
15. NAME OF DECEDENT'S FATHER: John Robert Cornwell, Jr.
16. MAIDEN NAME OF DECEDENT'S MOTHER: Maude Wise
17. RACE OF DECEDENT: Caucasian
18. OF HISPANIC ORIGIN: no ☒
19. EDUCATION: Elementary/Secondary (0-12): 12
20. CITIZEN OF WHAT COUNTRY: USA
21. BIRTHPLACE: Virginia
22. NEVER MARRIED: ☐  DIVORCED: ☒  MARRIED: ☐  WIDOWED: ☐
23. IF MARRIED OR WIDOWED, NAME OF SPOUSE:
24. SOCIAL SECURITY NUMBER: 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
25. USUAL OCCUPATION: Building Contractor
26. KIND OF BUSINESS OR INDUSTRY: Construction
27. INFORMANT - SOURCE OF INFORMATION - RELATIONSHIP: Sister: Tina C. Drewry

### CAUSE OF DEATH
28. PART I.
- (A) IMMEDIATE CAUSE: Pulseless Electrical Activity
- (B) DUE TO: Cardiomyopathy
- (C) DUE TO: Coronary Artery Disease

28a. AUTOPSY? no ☒

28i. To the best of my knowledge, death occurred at 12:10 p.m.

DATE SIGNED: 5/8/06

NAME OF ATTENDING PHYSICIAN: Mark A. East
ADDRESS OF ATTENDING PHYSICIAN: 400 Gresham Dr. Norfolk, VA.

### FUNERAL DIRECTOR
29. BURIAL ☒  REMOVAL ☐  CREMATION ☐
30. PLACE OF BURIAL: Poplar Spring Cemetery, Franklin, Virginia 23851
NAME OF FUNERAL HOME AND ADDRESS: Wright Funeral Home, 206 W. Fourth Ave., Franklin, VA 23851

### REGISTRAR
32. Signature of registrar: Susan J. Smith
DATE RECORDED: MAY 11 2006

VS 2 7/04

---

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT REPRODUCTION OF THE ORIGINAL RECORD FILED WITH THE NORFOLK DEPARTMENT OF PUBLIC HEALTH, NORFOLK, VIRGINIA.

**RAISED SEAL REQUIRED** — DO NOT ACCEPT UNLESS IMPRESSED SEAL OF NORFOLK HEALTH DEPARTMENT IS CLEARLY AFFIXED.

DATE ISSUED: MAY 11 2006   DEP. REGISTRAR: Susan J. Smith

Section 32.1-272, Code of Virginia, as Amended

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT CORNWELL                                 :
(on behalf of himself and the Estate            :
of Michael A. Cornwell)                         :
    Plaintiff                                   :
vs.                                             :
                                                :
USMAN BANDUKRA;                                 :   1:05-cv-02258-HHK
MATTHEW J. GALLAGHER; and.                      :
SABIHA U. BANDUKRA                              :
24 Margie Street                                :
Oceanside, New York 11572;                      :
    Defendants                                  :   JURY DEMAND

## AMENDED COMPLAINT

Plaintiff Robert Cornwell (on behalf of himself and the Estate of Michael Cornwell), through undersigned counsel, hereby sues defendant Sabiha Bandukra, defendant Usman Bandukra, and defendant Matthew J. Gallagher, and for a cause of action states that:

1. Michael Cornwell (a Virginia residence) unfortunately died intestate on 04-25-06 survived only by his son, personal representative Robert Cornwell. The term "plaintiff", except in the Ad damnum clause, refers to plaintiff's father the deceased Michael Cornwell.

2. Defendant Sabiha Bandukra ("defendant Bandukra") and defendant Usman Bandukra are husband and wife and resides in New York.

3. Defendant Matthew J. Gallagher resides in Maryland.

4. The operative facts took place in the District of Columbia.

5. Jurisdiction is based on diversity of citizenship pursuant to U.S. Code, Title 28, §1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and the matter is between citizens of different States.

(Operative Facts)

6. On about Friday 08-30-2002, plaintiff Michael Cornwell was a back seat passenger of a 2000 Chevrolet Cavalier (being driven by non-party Roy Latheri) that was stopped for a red light on New York Avenue at the intersection of New York Avenue and First Street, N.W., Washington, D.C. While stopped at said intersection a vehicle being driven and owned by defendant Matthew J. Gallagher was also in a stopped position at said intersection directly behind the vehicle in which the plaintiff was a passenger. At the time that the above two vehicles were stopped at said intersection a third vehicle owned by and being driven by defendant Sabiha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries.

7. At the time of the aforesaid accident, all three of the above mentioned vehicles were using the same road way and were traveling or stopped in the same direction. As such, defendant Bandukra, and/or in the alternative defendant Gallagher, had a primary duty or duty to avoid the said rear end collision that injured plaintiff. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty owed to plaintiff to avoid the rear end collision. Defendant Bandukra, and/or in the alternative defendant Gallagher, failing to avoid the rear end collision was a substantial cause of the accident, permanently injuring plaintiff.

8. At the time of the accident, the vehicles that the defendants were operating were using the same road way as the vehicle in which the plaintiff occupied. As such, defendant Bandukra, and/or in the alternative defendant Gallagher, had a duty to always keep a proper look out. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached their

duty to keep a proper look out and to protect other occupants, like the plaintiff, because they failed to reasonably observe plaintiff's vehicle, they failed to reasonably observe the traffic, and/or they failed to reasonably observe other conditions, which confronted defendants while they used the roadway behind, and in plain view of, plaintiff's vehicle. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty owed to the plaintiff to maintain a proper look out. Defendant Bandukra's, and/or in the alternative defendant Gallagher's, failing to maintain a proper look out was a substantial cause of the accident resulting in plaintiff sustaining permanent, painful and debilitating injuries.

9. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other vehicle occupants, such as the plaintiff, to maintain proper control of, or over, the vehicle that each was driving at the time of the accident. At the time of the accident, the vehicle that plaintiff occupied and the vehicle driven by defendant Gallagher were in a stationary positions. At the time that the above two vehicles were stopped at said intersection a third vehicle owned by and being driven by defendant Sabiha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries. Defendant Bandukra, and/or in the alternative defendant Gallagher, drove the vehicle that each was driving into the rear of the vehicle which was occupied by the plaintiff. Defendant Bandukra breached the duty that he owed to the plaintiff to maintain proper control of, or over, the vehicle that he was driving. Defendant Bandukra's failure to maintain proper control was a substantial cause of the accident. In addition, or in the alternative, defendant Gallagher stopped his vehicle too closely to the

vehicle that the plaintiff occupied thereby causing it to strike the vehicle that plaintiff occupied when defendant Gallagher's vehicle was struck by defendant Bandukra's vehicle.

10. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other vehicle occupants, such as the plaintiff, to not follow too closely. At the time of the accident, the vehicle that plaintiff occupied and the vehicle driven by defendant Gallagher were in a stationary positions. At the time that the above two vehicles were stopped at said intersection a third vehicle, owned by and being driven by defendant Sabiha Bandukra, was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries. Defendant Bandukra, and/or in the alternative defendant Gallagher, drove the vehicle that each was driving into the rear of the vehicle which was occupied by the plaintiff. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty that he owed to the plaintiff to not follow, and/or stop, too closely to the vehicle in which the plaintiff occupied. Defendant Bandukra's, and/or in the alternative defendant Gallagher's, failure to follow at a safe distance which was a substantial cause of the accident. In addition, or in the alternative, defendant Gallagher stopped his vehicle too closely to the vehicle plaintiff occupied causing it to strike the vehicle plaintiff occupied when defendant Gallagher's vehicle was struck by defendant Bandukra's vehicle.

11. At the time of the accident, defendant Bandukra, and/or in the alternative defendant Gallagher, each owed a duty to other vehicle occupants, such as plaintiff, not to drive each of their vehicles at an excessive speed under the circumstances. At the time and place of the accident, the circumstances were that that the plaintiff occupied was in a stopped

4

position. The circumstances were also that the vehicles that defendants were driving were behind the vehicle that the plaintiff occupied and using the same road way, and while doing so, they drove their vehicles at a high rate of speed causing the collision. In addition, defendants drove their vehicles in excess of the posted speed limits there in effect at the time and place of the accident and/or for the circumstances. They breached the duty that each owed to the plaintiff not to do so. Defendants doing so was a substantial cause of the accident.

12. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other people using the same road way, such as the plaintiff, to use ordinary care to avoid colliding with other people's vehicles, such as the vehicle occupied by the plaintiff, and to protect other people, such as the plaintiff, by following the traffic laws that were then in effect. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached these duties that they owed to the plaintiff by not using ordinary care and/or by violating traffic laws that were in effect. Defendant Bandukra, and/or in the alternative defendant Gallagher, not using ordinary care and/or violating traffic laws was a substantial cause of the accident.

13. Defendant Bandukra, and/or in the alternative defendant Gallagher, owed a duty to the occupants of other motor vehicle, like the plaintiff, who were also using the same road way, to keep their vehicles adequately and sufficiently maintained. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached this duty by not keeping their vehicles adequately/sufficiently maintained and not doing so was a substantial cause of the accident.

14. The aforesaid negligence was a proximate cause of the collision resulting in the injuries and damages sustained by the plaintiff. The plaintiff sustained extensive, serious, and permanent physical, mental, emotional injuries and economic damages having, and which will continue to have, a substantial and extreme painful, adverse and debilitating effect on plaintiff's physical, mental, emotional and economic well-being. The plaintiff has suffered

continuous, intense and permanent physical, mental and emotional debilitating pain, suffering, distress, agony, despair, anxiety, embarrassment, and depression which he will suffer into the foreseeable future. The plaintiff has sustained permanent scaring. The plaintiff has sustained past medical expenses and costs and will incur future medical expenses and costs. Plaintiff has sustained a loss of earnings and/or earnings capacity and will sustain a loss of earnings and/or earnings capacity in the future. The plaintiff has sustained life time care expenses and will likely sustain life time care expenses in the future. The plaintiff has sustained economic hardships and will likely sustain economic hardships into the future. The plaintiff has suffered and will likely continue to suffer from a loss of sleep. The plaintiff has been severely inconvenienced and plaintiff will be continuously and severely inconvenienced in the future. In addition thereto and/or in the alternative, as a result of the collision, plaintiff sustained and aggravation and/or worsening of a pre-existing conditions and/or plaintiff was susceptible to sustaining certain physical injuries. The plaintiff has sustained past, and will continue to sustain into the future, an impairment of his ability to enjoy his life. The above injuries and damages that the plaintiff has sustained, are sustaining, and in the future will sustain, had, have, and will have a substantial adverse effect on his overall health and well being.

15. At the time and place of the accident, defendant Sabiha Bandukra (agent) was driving her car on behalf of defendant Usman Bandukra (principal), or for both her and her husband's benefit. Defendant Usman Bandukra is also liable as defendant Sabiha Bandukra was acting as an agent for defendant Usman Bandukra. At the time and place of the accident, defendant Sabiha Bandukra was acting as defendant Usman Bandukra's general agent to transact all the business of defendant Usman Bandukra while in the District of Columbia, or all of the business of defendant Usman Bandukra of a particular kind, or in a particular place, or to do all acts connected with a particular trade, business or employment while she was in

the District of Columbia. Alternatively, during the time of the accident, defendant Sabiha Bandukra, on behalf of her husband, was involved in a single transaction, or series of transactions, not involving continuity of service for defendant Usman Bandukra.

WHEREFORE, plaintiff Robert Cornwell (on behalf of himself and the Estate of Michael Cornwell) hereby demands a judgment against defendant Sabiha Bandukra, Usman Bandukra, and/or defendant Matthew J. Gallagher, individually, severally, and/or jointly, in excess of Five Hundred Thousand Dollars ($500,000.00), post judgment interest, costs of this action, and such further relief that the court deems appropriate under these circumstances.

Respectfully submitted,<br>
CHRISTOPHER M. JOHNS LLC<br>
Christopher M. Johns, Esq. (MD15677)<br>
Box 975, Laurel, MD 20725<br>
Telephone: 301-674-6900<br>
Facsimile: 301-540-5901

### JURY DEMAND

The Estate of Michael Cornwell, through counsel, hereby demands trial by jury.

_____
Christopher M. Johns, Esq.

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ROBERT CORNWELL :
    Plaintiff, :
     :
v. : Case No.: 1:05-cv-02258-HHK
     :
USMAN BANDUKRA, et al. :
    Defendants :

## ORDER

Having considered plaintiff's motion for substitution of parties and/or for leave to amend, and any opposition thereto, it this _____ day of _____, _____, by the United District Court for the District of Columbia:

ORDERED: plaintiff's motion for substitution of parties and/or for leave to amend is granted.

_____
Judge John M. Facciola

\Copies to:
    Christopher M. Johns
    Box 975, Laurel, MD 20707
    Attorney for the Plaintiff

    Jennifer S. Jackman, Esq.
    WHITEFORD, TAYLOR &PRESTON, LLP
    1025 Connecticut Avenue, NW, Suite 400
    Washington, D.C. 20036
    Attorney for Defendants Bandukras

    Richard S. Schrager, Esq.
    Mallon A. Snyder Chartered
    107 North Adams Street
    Rockville, MD 20850
    Attorney for Defendant Gallagher