IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT CORNWELL<br>Plaintiff, | :<br>:<br>: |
| v. | : Case No.: 1:05-cv-02258-HHK<br>: |
| USMAN BANDUKRA, et al.<br>Defendants | :<br>: |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO EXTEND THE TIME FOR SERVICE**

Plaintiff Robert Cornwell, through counsel, opposes defendant Sabiha Bandukra's motion to dismiss and moves under Rules 25 and/or 4(m) to extend the time for service:

1.  The deceased and former plaintiff, Michael A. Cornwell, was a resident of southern Virginia, died on April 25, 2006, and he was survived by his son, Robert Cornwell, who is only eighteen (18) years old and who currently resides in Illinois.

2.  After his father's death, Michael Cornwell's 18 year old son, Robert Cornwell, was grieving, difficult to contact, and very despondent from his father's death.

3.  Undersigned counsel was able to contact the deceased's son and eventually impress upon the very young Robert Cornwell, who is still a teenager, an appreciation for traveling by plane to Virginia, to work with a Virginia attorney and a Virginia bondsmen so to qualify Robert Cornwell as the administrator of his father's estate. Undersigned counsel was able to accomplish this by July 17th, 2006.

4.  Attached as Exhibit 1 is a copy of his certificate of qualification.

5.  Under Federal Rule of Civil Procedure Rule 25, plaintiff is still within the 90 day period of time to substitute himself as the proper party to this action in that his father died on April 25, 2006, giving himself until July 24, 2006 to substitute as plaintiff.

6. Prior to Robert Cornwell qualifying as the personal representative, counsel was unable to file an extension request as arguably it would be considered a nullity.

7. As far as serving the defendant, defendant would have been timely served, except for the fact that the process server that undersigned counsel hired had lost the summons and complaint. See, Exhibit 2 in which Supreme Judicial Services, Inc. stated:

> Please be advised that Mr. Johns sent us a summons in civil case on Michael A. Cornwell –v- Sabiha U. Bandukra on April 21, 2006 by FedEx. The package was delivered to our office and signed for on April 24, 2006. It is to our regret that the papers were lost in our office. Mr. Johns called our office on several occasions to find out the status of his service, but it wasn't until July 5th, 2006 that we realized that we lost his papers. He faxed us the bill and tracking information for this package and it is completely our fault. We are extremely sorry for any problem we may have caused Mr. Johns and will try to rectify the problem any way we can. Mr. Johns is in no way responsible for this mishap. Supreme Judicial Services, Inc. takes full responsibility for losing Mr. Johns documents. *Exhibit 2*.

8. Unbeknownst to undersigned counsel, had Supreme Judicial Services, Inc. not lost the summons and amended complaint, it would have likely been able to timely serve the defendant as shown by the fact that Supreme was able to serve defendant with a then provided copy of the summons and amended complaint in under ten (10) days. Exhibit 3. Counsel was under the misconception that defendant was avoiding service.

9. Rule 4(m) authorizes the court to extend the time for service if the plaintiff shows good cause for failure to timely serve and/or extend. Despondent and grieving his father's death, the process server losing plaintiff's process papers and/or the still open Rule 25's ninety (90) day period for substitution of plaintiff, surely constitute good cause.

10. Contrary to the police report, the car in which the deceased was riding sustained a bulge in the rear part of the car's body that could not be repaired. As a result of the accident, the deceased Cornwell had to undergo a neck operation. Exhibit 4.

WHEREFORE, good cause being shown, plaintiff respectfully requests the Court to deny defendant Sabiha Bandukra's motion to dismiss and to grant the plaintiff Robert Cornwell a sixty (60) day extension to serve defendant Sabiha Bandukra with process.

Respectfully submitted,
Christopher M. Johns (MD15677)
Box 975, Laurel, MD 20707
Phone: 301-674-6900
Fax: 301-540-5901

CERTIFICATE OF SERVICE

On 07-18-06 all parties were served through the court's electronic filing system.

Christopher M. Johns

## CERTIFICATE/LETTER OF QUALIFICATION
COMMONWEALTH OF VIRGINIA

VA. CODE §§ 6.1-70, 6.1-195.28, 6.1-208.3, 6.1-208.5, 13.1-428, 37.1-134.15, 64.1-122, 64.1-128

Southampton County Circuit Court          Court File No.: CWF060000117

I, the duly qualified clerk/deputy clerk of this Court, **CERTIFY** that on the **seventeenth** day of **July, 2006,**

**Robert Cornwell**

duly qualified in this court, under applicable provisions of law, as **ADMINISTRATOR**

of the Estate of **Michael A. Cornwell**, deceased.

The powers of the fiduciary(ies) named above continue in full force and effect.

$.00 bond has been posted.

Given under my hand and the seal of this Court on

July 17, 2006
    DATE

Wayne M. Cosby, Clerk

by _[signature]_ , ~~Clerk~~/Deputy Clerk

FORM CC-1625 (PC 9/9)

**EXHIBIT 1, PAGE 1**

**Know All Men by These Presents,** That we, Robert Cornwell ............................................................ principal and ........................................ National Grange Mutual Insurance Company ........................ surety, a corporation chartered under the laws of ............ New Hampshire .................................................................., and legally qualified to do business in Virginia, are held and firmly bound unto the Commonwealth of Virginia in the sum of ........... Twenty-five Thousand and 00/100------------------------ Dollars, to the payment whereof, well and truly to be made to the said Commonwealth of Virginia, we bind ourselves, and each of us, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents. And we hereby waive the benefits of our exemption as to this obligation.

IN TESTIMONY WHEREOF, The said principal hereunto sets h..is..hand and seal, and the said surety, by ........ Charles B. Moore ...................................... its duly authorized agent and attorney in fact, has caused its corporate name and seal to be hereunto affixed, the same being attested by the signature of its said attorney in fact, this, the ..... 17th ......... day of ........ July ................., 20 06.

THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas, the above bound ...Robert Cornwell is this day appointed Administrator of the ............ estate of Michael A. Cornwell, who departed this life intestate on the 25th day of April, 2006.

Now, therefore, if the said ........ Robert Cornwell ........................................... as aforesaid, shall faithfully discharge the duties of the office, post or trust of ........................................... ........ Administrator of the estate of Michael A. Cornwell ........................................., then this obligation to be void; otherwise to remain in full force and virtue.

*Robert Cornwell* ...........................................[SEAL]

...... National Grange Mutual Insurance Co. ......
By *Charles B Moore*
*its duly authorized agent and attorney in fact.*

(Put the Seal of the Company Here)

**Virginia:**

In the Clerk's Office of the ..... Circuit ..... Court for the ..... County ... of ... Southampton ....................., the ..... 17th ......... day of ..... July ..................., 2006...

This bond was executed and acknowledged by the obligors, and ordered to be recorded.

........ National Grange Mutual Insurance Company .........................................................

the surety therein, acting by its duly authorized agent and attorney in fact, who executed the said bond on behalf of said corporation by affixing thereto its corporate name and seal, being a corporation allowed to do business in this State, as certified by the Commissioner of Insurance.

Teste: Wayne M. Cosby, Clerk
*[signature]*, Deputy ..., Clerk.

**EXHIBIT 1, PAGE 2**



# Supreme Judicial Services, Inc.

371 Merrick Road • Suite 202 Rockville Centre, NY 11570 • (516) 825-7600
225 Broadway • New York, NY 10007 • (212) 319-7171
FAX (516) 568-0812

July 10, 2006

To Whom It May Concern:

Please be advised that Mr. Johns sent us a summons in a civil case on Michael A. Cornwell –v- Sabiha U. Bandukra on April 21, 2006 by FedEx. The package was delivered to our office and signed for on April 24, 2006. It is to our regret that the papers were lost in our office.

Mr. Johns called our office on several occasions to find out the status of his service, but it wasn't until July 5, 2006 that we realized that we lost his papers. He faxed us the bill and tracking information for this package and it is completely our fault.

We are extremely sorry for any problems we may have caused Mr. Johns and will try to rectify the problem any way we can. Mr. Johns is in no way responsible for this mishap. Supreme Judicial Services, Inc. takes full responsibility for losing Mr. Johns documents.

Feel free to call me if you have any questions regarding this matter.

Sincerely,

*Patricia Muser*
Patricia Muser
Office Manager

**EXHIBIT 2**

AFFIDAVIT OF PERSONAL SERVICE                  N
                                               INDEX # CV02258HHK
                                               DATE PURCHASED
U S District COURT OF THE STATE OF NEW YORK    WAS ENDORSED ON
COUNTY OF Columbia                             THE DOCUMENT SERVED

                                               CHRISTOPHER JOHNS
                                               Box 975
                                               LAUREL
Michael A Cornwell                             NY 20707


            - against -


Sabiha U Bandukra Et Al                        (410) 984-3000


Atty File #            Record # 80487          File # 446

STATE OF NEW YORK: COUNTY OF NASSAU: ss

George Pressman#0940818 being duly sworn deposes and says deponent
is not a party to this action and is over the age of eighteen years
and resides in the State of New York:

That on 07/15/06 at 9:50am   at 24 Margie St Oceanside Ny 11572
deponent served the within Summons In A Civil Case
by personally delivering to and leaving with said
Sabiha U Bandukra a true copy thereof,
At their usual place of abode. A private house.
and that deponent knew the person so served to be the person
described as said recipient therein.

A description of the person served is as follows:

Approx Age: 45 Years   Approx Weight: 140 Lbs.   Approx Height: 5'0"
Sex: Female   Color of Skin: Brown   Color of Hair: Brown
Other:

confirmed the above address of defendant and asked whether defendant was in
active military service of the United States or the State of New York in any
capacity whatever or is a dependent of anyone in the military and received a
negative reply. Defendant wore ordinary civilian clothes and no military
uniform. The source of my information and the grounds of my belief are the
conversations and observations above narrated. Upon information and belief I
aver that defendant is not in the military service of New York State or of the
United States as that term is defined in either the State or in Federal
statutes.

Sworn to before me this 07/17/06
Patricia K. Muser #01MU6001131
Notary Public, State of New York
Nassau County, Commission Expires 01/05/10    George Pressman#0940818
                                              *Patricia K. Muser* (signature)

              Supreme Judicial Services, Inc.
   371 Merrick Road - Rockville Centre, N.Y. 11570 - (516) 825-7600
       255 Broadway - New York, N.Y. 10007 - (212) 319-7171
                    Fax (516) 568-0812

                                                    **EXHIBIT 3, PAGE 1**

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

80487

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE  7/15/06 @ 9:50 AM |
| NAME OF SERVER (PRINT)  GEORGE PRESSMAN | TITLE  #0940818  PROCESS SERVER |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: 24 MARGIE ST
OCEANSIDE NY 11572

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  7/17/06
                   Date                    Signature of Server

371 merrick Rd, Rockville Centre, NY 11570
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**EXHIBIT 3, PAGE 2**

```
09/26/2002 at 04:23 PM                                  Job Number: 372
19412
```

VICS AUTO SALES & BODY SHOP
Federal ID #:541770127
COMPLETE AUTO & BODY REPAIR
106 W. 4 TH AVE.
FRANKLIN, VA 23851
(757)562-2886 Fax: (757)562-2617

SUPPLEMENT OF RECORD 2 WITH SUMMARY

Written by: VIC STORY # 09/26/2002 03:42 PM
Adjuster:   Tishia Wilson #

```
 Insured: JOHN CORNWELL III               Claim #46-0632-42801
   Owner: JOHN CORNWELL III               Policy #
 Address: 100 FOREST PINE RD               Deductible: 100.00
          FRANKLIN, VA 23851-5400          Date of Loss: 08/30/2002 at 01:15 PM
 Evening: (757)569-0931                    Type of Loss: Collision
                                           Point of Impact:

 Inspect                                                  Day: ()-
Location:

Insurance STATE FARM INSURANCE COMPANIES   Business: (888)411-4385x1
 Company: 1500 STATE FARM BLVD.            Days to Repair
          CHARLOTTSVILLE, VA 22909-0001

2000 CHEV CAVALIER 4-2.2L-FI 2D red int:
VIN: 1G1JC1242Y7206224 Lic: YTR1989    VA Prod Date:         Odometer: 74877
Air Conditioning            Rear Defogger              Intermittent Wipers
Dual Mirrors                Clear Coat Paint           Power Steering
Power Brakes                Anti-Lock Brakes (4)       Driver Air Bag
Passenger Air Bag           Cloth Seats                Bucket Seats
----------------------------------------------------------------------------
  NO.       OP.       DESCRIPTION         QTY EXT. PRICE LABOR    PAINT
----------------------------------------------------------------------------
  1                   TRUNK LID
  2*        Algn Trunk lid                                  1.0
  3#             PULL & ALIGN REAR BODY      1              5.0 F
  4#             HAZ  WASTE REMOVAL          1    2.00
  5#             COVER CAR                   1    4.00
```

**EXHIBIT 4, PAGE 1**

```
09/26/2002 at 04:23 PM                              Job Number: 372
19412
                    SUPPLEMENT OF RECORD 2 WITH SUMMARY
                    2000 CHEV CAVALIER 4-2.2L-FI 2D red Int:

------------------------------------------------------------------
  NO.     OP.     DESCRIPTION           QTY EXT. PRICE  LABOR   PAINT
------------------------------------------------------------------
   6#             FLEX                   1      4.00
   7#   S01       UNABLE TO REPAIR REAR BUMPER  1
                  HAS
   8#   S01       A BULGE THAT WON'T COME       1
                  OUT!!!!!!!!
   9    S01       REAR BUMPER
  10    S01       O/H rear bumper                              2.0
  11    S01  Repl Cover all              1    233.80   Incl.   2.2
  12    S01       Add for Clear Coat                           0.9
  13    S01       Cut to fit sedan                      0.4
  14#   S02       THIS IS A FINAL BILL   1
  15#   S02       THIS IS A FINAL BILL CUSTOMER   1
  16#   S02       RECIEVED COPY OF EST. ON       1
                  09262002
  ------------------------------------------------------------------
                      Subtotals ==>            243.80    8.4    3.1

                  Parts                                        243.80
                  Body Labor       3.4 hrs @ $ 30.00/hr        102.00
                  Paint Labor      3.1 hrs @ $ 30.00/hr         93.00
                  Frame Labor      5.0 hrs @ $ 40.00/hr        200.00
                  Paint Supplies   3.1 hrs @ $ 16.00/hr         49.60
                                                        -------------
                  SUBTOTAL                              $      688.40
                  Sales Tax         243.80 @ 4.5000%            10.97
                                                        -------------
                  GRAND TOTAL                           $      699.37

                  ADJUSTMENTS:
                    Deductible                                 100.00
                  -----------------------------------------------------
                  CUSTOMER PAY                          $      100.00
                  INSURANCE PAY                         $      599.37
```

2

# EXHIBIT 4, PAGE 2

LAKEVIEW MEDICAL CENTER, INC.

## CONTINUATION SHEET

CASE NO. 108047

NAME: Michael Cornwell     PAGE NO. 29

ADDRESS:

| DATE | REMARKS | CHARGE |
|---|---|---|
| 8-28-02 100 CHART | 45yo WM Allergies: PCN  BP 126/78  Prinivil 10mg  Lipitor 10  Glucotrol 5mg XL  ASA | Meds: Lipitor glipizide (not sure of of others) Candace Honeycutt, MA |
| | S° ½ ppd | |

8/28/2002     Michael Cornwell     108047

S: This is a 45-year-old male who we have not seen him here since April of 2000. He has a history of diabetes, elevated cholesterol, hyperlipidemia, coronary artery disease, and CABG times two. The patient relays that he simply has not been able to come in due to lack of insurance coverage. He presents today with a painful red lesion underneath of his right arm pit. When questioned about episodes of chest pain or shortness of breath, he denies this or angina. The patent relays that he has been taking his Glucotrol 5 mg, Lipitor 10 mg, and Prinivil 10 mg daily. Although, I am not certain where he is getting the refill. It is clear that he is not getting it through this office.

O: Overweight, in no acute distress, and in no respiratory distress. HEENT: The external auditory canals and tympanic membranes are clear. Nose: Without congestion. Throat: Without erythema or exudates. Neck: Without lymphadenopathy. Lungs: Clear. Heart: S1 and S2. Negative S3 and negative S4. Skin: 3 x 3 cm, red, raised abscess of the right axilla.

A/P:
1. Abscess. THE PATIENT IS APPARENTLY ALLERGIC TO BOTH KEFLEX AND PENICILLIN. He is given samples of Cipro 500 mg b.i.d. for 12 days. I recommended that he go to the emergency room for incision and drainage. I offered to have our surgeons take care of it and he refused.
2. NIDDM 2. I offered blood work but he refused. I instructed him that he needs it in light of his history. He said that he would like to try the public health system first.
3. Hyperlipidemia. He refused blood work in this regard. He would like to try the health system.
4. Tobacco abuse. I instructed him in no uncertain terms that he must quit in light of his history. He is instructed that should he have any signs or symptoms of chest pain that he needs to call 911 and he understands this. I instructed the patient that he has several concomitant illnesses which predispose him to a heart attack, stroke, and sudden death. He is aware of this. He knows

that he needs blood work but he wishes to pursue this through the Public Health System. He knows that he needs to see a cardiologist. This too he wishes to pursue through the Public Health System. I have created for him a lab ticket that he can pick up at any time if he decides to do so to check on his cholesterol and his diabetes. He may or may not take advantage of this. Overall, a good half an hour was spent with the patient today in the clinic. We can only hope that he will follow up here or through the Public Health System in the near future.

Stefan Brecke, P.A./David Ramstad, M.D./ald

**MEDICAL CHART 2 DAYS BEFORE MVA**

**EXHIBIT 4, PAGE 3**

MARYVIEW MEDICAL CENTER
3636 HIGH STREET
PORTSMOUTH, VIRGINIA 23707

## OPERATIVE REPORT

| | |
|---|---|
| PATIENT NAME: CORNWELL, MICHAEL | SURGERY DATE: 11/04/2002 |
| MR #: 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 | SOCIAL SECURITY: 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 |
| BILLING #: 003001588544 | |
| ROOM #: SICU0290A | |
| SURGEON: MARK B. KERNER, M.D. | |

SURGEON:    Mark B. Kerner

ASSISTANT:  Richard D. Knauft

PREOPERATIVE DIAGNOSIS: Herniated nucleus pulposus C4-5, cervical stenosis C5-6 and C6-7.

POSTOPERATIVE DIAGNOSIS: Herniated nucleus pulposus C4-5, cervical stenosis C5-6 and C6-7.

PROCEDURE: Anterior cervical decompression and fusion C4-5, anterior cervical decompression and fusion C5-6, anterior cervical decompression and fusion C6-7, VG-II structural allograft x three, anterior cervical plate fixation at C4, C5, C6 and C7 with DePuy Slim-Lock plate.

FINDINGS: The patient had extruded disc herniation at C4-5 on the left. The patient had a broad-based annular bulge, with spondylitic stenosis at 5-6 and 6-7.

DESCRIPTION OF PROCEDURE: Following induction of general endotracheal anesthesia, the patient was placed with his neck in the gently extended position. The patient was prepped and draped in the usual fashion. The patient was monitored with A-line, Swan-Ganz monitoring as per cardiology recommendation.

Right-sided approach was utilized. The sternocleidomastoid and great vessels were mobilized laterally. The esophagus and trachea were mobilized medially with blunt finger dissection. Dissection was made more difficult because of the large size of the patient's neck. C-arm image verified the C4-5 level.

Beginning inferiorly at C6-7, anterior marginal osteophytes were resected. Cloward self-retaining retractor pins were placed in the bodies of C6 and C7, and self-retaining retractor blade was placed under the longus coli musculature bilaterally. The annulus was incised, and a radical discectomy done back to the posterior margin. Posterior marginal osteophytes were thinned with a high speed bur, and resected with the 4-0 curet and sellar punch. Thorough decompression was done from underneath the uncinate. The end plates were prepared, and a VG-II structural allograft after trial was tamped firmly into place, with excellent bone-to-bone contact.

This procedure was repeated again at C5-6, with continuing spondylitic stenosis with need to resect the bone spurs with a curet and sellar punch. At 4-5, there was spondylitic stenosis, but in addition, there was an extruded disc herniation at 4-5 on the left. With slow, meticulous dissection, we were able to debride out the

---

PATIENT NAME: CORNWELL, MICHAEL
BILLING #: 003001588544

ORIGINAL

OPERATIVE REPORT
Page 1 of 2

EXHIBIT 4, PAGE 4

**BON SECOURS MARYVIEW MEDICAL CENTER**
**PORTSMOUTH, VIRGINIA**

spondylitic stenosis and remove the discal material. At the conclusion, each level had a thorough decompression. The end plates were prepared, and the VG structural allograft tamped firmly into place.

Given the multi-level nature of the fusion and the patient's other risk factors, an anterior cervical locking plate was utilized, with two screws in C4, two in C5, two in C6 and two in C7, and the locking device engaged. The wound was copiously irrigated. There was no apparent bleeding. A deep drain was utilized because of the extensive nature of the surgery. The neck was then closed in layers, and the skin was closed with a subcuticular suture and Steri-Strips. A sterile occlusive dressing was placed on the wound. All counts were correct. The estimated blood loss was 5-10 cc. There were no complications. The patient went to the recovery room and then to the intensive care unit for further monitoring, given his severe cardiac disease.

MARK B. KERNER, M.D.

MBK:mdq
D: 11/04/2002 T:11/05/2002 12:28 P
Job #: 000017917  Doc #: 517925
cc:   MARK B. KERNER, M.D.

**EXHIBIT 4, PAGE 5**

IENT NAME: CORNWELL, MICHAEL
   #: 003001588544

OPERATIVE REPORT
Page 2 of 2

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ESTATE OF<br>MICHAEL A. CORNWELL<br>     Plaintiff, | :<br>:<br>:<br>: |
| v. | :    Case No.: 1:05-cv-02258-HHK |
| USMAN BANDUKRA, et al.<br>     Defendants | :<br>:<br>: |

### ORDER

Having considered the defendant Sabiha Bandukra's motion to dismiss and the plaintiff's opposition and motion to extend the time for service, it this _____ day of _____, 2006, by the United District Court for the District of Columbia:

ORDERED: the defendant Sabiha Bandukra's motion to dismiss is denied.

ORDERED: that the plaintiff Robert Cornwell shall have sixty (60) days from this order's docketing date in which to serve the defendant Sabiha Bandukra.

_____
Judge John M. Facciola

\Copies to:

    Christopher M. Johns
    Box 975, Laurel, MD 20707
    Attorney for the Plaintiff

    Jennifer S. Jackman, Esq.
    WHITEFORD, TAYLOR &PRESTON, LLP
    1025 Connecticut Avenue, NW, Suite 400
    Washington, D.C. 20036
    Attorney for Defendants Bandukras

    Richard S. Schrager, Esq.
    Mallon A. Snyder Chartered
    107 North Adams Street
    Rockville, MD 20850
    Attorney for Defendant Gallagher