IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL<br><br>Plaintiff<br><br>v.<br><br>USMAN BANDUKRA, et al<br><br>Defendants | Case No:   1:05-cv-02258-HHK |

**DEFENDANT SABIHA BANDUKRA'S MOTION TO DISMISS
AMENDED COMPLAINT**

COMES NOW, Sabiha Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, with her Motion to Dismiss Plaintiff's Amended Complaint and in support thereof states as follows:

1.  Plaintiff's Complaint against Sabiha Bandukra should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the negligence claims asserted against her are barred by the statute of limitations and do not relate back to the date of the original complaint.

2.  Defendant Sabiha Bandukra adopts and incorporates the accompanying memorandum as though fully set forth herein.

WHEREFORE, Defendant Sabiha Bandukra respectfully requests this honorable Court to dismiss the Complaint against her with prejudice and for such other relief this Court deems appropriate.

Respectfully submitted,

_____//s//_____
John J. Hathway (#412664)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC 20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Sabiha Bandukra*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.4(d), service of the pleading was made through electronic filing of the pleading.

_____//s//_____
Jennifer S. Jackman

191254

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL<br><br>Plaintiff<br><br>v.<br><br>USMAN BANDUKRA, et al<br><br>Defendants | Case No:   1:05-cv-02258-HHK |

## DEFENDANT SABIHA BANDUKRA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW, Sabiha Bandukra ("Mrs. Bandukra"), through undersigned counsel and Whiteford, Taylor & Preston, with her Memorandum in Support of Motion to Dismiss Plaintiff's Amended Complaint and in support thereof states as follows:

Plaintiff's Amended Complaint should be dismissed as to Mrs. Bandukra, a new defendant, because the claims are barred by the statute of limitations. Plaintiff claims that Michael Cornwell was injured as a result of Mrs. Bandukra's negligence in an accident that occurred on August 30, 2002. Those negligence claims have a three year statute of limitation. See D.C. Code §12-301. Though Plaintiff's original Complaint was filed on August 29, 2005, he did not include Mrs. Bandukra as a party. Plaintiff did not seek to add Mrs. Bandukra as a party to this suit until November 20, 2005 - - more than three years from the date of the accident. Accordingly, Plaintiff's claims against Mrs. Bandukra, a new Defendant, are clearly outside of the statute of limitation and must be dismissed.

Any attempt by Plaintiff to argue that his new claims against this new party somehow relate back fails as a matter of law. F.R.C.P. Rule 15(c), which provides for relation back, does not apply because Plaintiff did not simply correct a misnomer. Instead, Plaintiff added a completely new Defendant. While Rule 15(c) permits a plaintiff to correct the situation where the proper, but misnamed, defendant is before the Court, it does not permit a plaintiff to add a new defendant after failing to include them in the original complaint.

I.   **FACTUAL BACKGROUND**

This case involves a three car accident. In his original Complaint, Plaintiff alleged that Usman Bandukra struck Defendant Gallagher's car from the rear which caused Defendant Gallagher's car to strike Plaintiff's car. Plaintiff subsequently realized that this allegation was wrong as neither Mr. Bandukra, nor his car, were in the District of Columbia at the time of the accident. Mr. Bandukra is married to Sabiha Bandukra - - the actual driver and owner of the car involved in the accident.

Plaintiff has had actual knowledge of Mrs. Bandukra's identity since the accident. A police report was prepared as a result of the accident that clearly and unambiguously identified the drivers of the vehicles involved. See police report attached as Exhibit 1. The police report identified Mrs. Bandukra as the driver of one of the vehicles. See Exhibit 1. Further, On November 25, 2002, Plaintiff, through his then attorney, Lowell A. Stanley, sent Kemper Insurance Company a letter notifying the insurance company that he represented Plaintiff. See letter dated November 25, 2002, attached as Exhibit 2. Attorney Stanley's November 2002 letter referenced *Mrs. Bandukra* - -not her husband - - establishing that as of November 2002, Plaintiff knew the actual identity of the person involved in the accident. See Exhibit 2.

For whatever reason, Plaintiff waited until August 29, 2005, the day before the statute of limitations expired, to file suit in the Superior Court for the District of Columbia. See Complaint attached as Exhibit 3. In his Complaint, Plaintiff identified only two Defendants - - Mr. Gallagher and Mr. Bandukra. See Exhibit 3. Plaintiff alleged that Mr. Bandukra was the driver of one of the vehicles involved in the accident. See Exhibit 3. Plaintiff later realized that allegation was incorrect and amended his claim as to Mr. Bandukra to include an agency theory and ADDED Mrs. Bandukra as an entirely NEW Defendant. See Amended Complaint attached as Exhibit 4.

II.   ARGUMENT

   A.   Standard for Motions to Dismiss brought under Rule 12(b)(6).

A Rule 12(b)(6) Motion to Dismiss tests the legal sufficiency of a complaint. *Sullivan-Obst v. Powell*, 300 F. Supp.2d 85 (D.D.C 2004); *Chandamuri v. Georgetown University*, 274 F. Supp. 2d 71 (D.D.C. 2003). In resolving such a motion, the Court must treat the complaint's factual allegations as true and draw all *reasonable* inferences therefrom in the plaintiff's favor. *Id.* The claim must be dismissed if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Chandamuri*, 275 F.Supp.2d at 77. This Court may need to consider facts outside of the Amended Complaint in deciding this Motion under Rule 12(b)(6). Accordingly, the Motion to Dismiss may convert to a Motion for Summary Judgment.[1] *Rann v. Chao*, 346 F.3d 192 (D.C.Cir. 2003).

---

[1] Summary judgment is appropriate where the pleadings, depositions, and answers to interrogatories show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. *Nader v. de Toledano*, 408 A.2d 31 (D.C. App. 1979); D.C. Super. Ct. Civ. Pro. R. 56(c).

B. <u>Plaintiff's Amended Complaint Against Mrs. Bandukra Is Barred By the Statute of Limitations.</u>

Plaintiff's Amended Complaint against Mrs. Bandukra is barred by the statute of limitations. The car accident at issue occurred on August 30, 2002. The statute of limitations for negligence actions in the District of Columbia is three years. <u>See</u> D.C. Code §12-301. Plaintiff did not file suit against Mrs. Bandukra before the statute of limitations expired. Accordingly, Plaintiff's claims against Mrs. Bandukra arising out the accident are barred by the statue of limitations.

C. <u>Plaintiff's Amended Complaint Against Mrs. Bandukra Does Not Relate Back.</u>

Because Plaintiff's claim against Mrs. Bandukra is barred by the statute of limitations, in order to amend his pleading and have it relate back to the original filing date, Plaintiff must prove three things. First, Plaintiff must prove that his failure to name Mrs. Bandukra as a party in his initial complaint qualified as a mistake under Rule 15(c). <u>See</u> Super. Ct. Civ. Pro. Rule 15(c) and F.R.C.P. Rule 15(c). Second, Plaintiff must prove that Mrs. Bandukra knew or should have known, within the time period provided in Rule 4(m) that but for this mistake, she would have been a party. *Id.* Third, Plaintiff must prove that Mrs. Bandukra had notice of the institution of the action against <u>her</u> within the time period provided in Rule 4(m). *Id.* Plaintiff has not and cannot meet this burden. In this case, the inquiry stops at the first prong because Plaintiff's omission of Mrs. Bandukra was not a mistake under Rule 15.[2]

---

[2] Even had Plaintiff sought to substitute Mrs. Bandukra for Mr. Bandukra (which he clearly did not), Mrs. Bandukra did not know, or have reason to know, within the time period provided in Rule 4(m) that but for Plaintiff's "mistake", she would have been a defendant. Further, Mrs. Bandukra did not have notice, within the time period provided in Rule 4(m), of the institution of a lawsuit against her.

4

       *1.*      *Rule 15(c) Does Not Apply Because Plaintiff Added Mrs. Bandukra as a NEW Party.*

Rule 15(c) does not apply because Plaintiff added Mrs. Bandukra as a **NEW** party. This is not a misnomer case wherein Plaintiff simply sued the right party by the wrong name. Rather, Plaintiff originally sued only Mr. Bandukra - - a completely different person. Plaintiff later realized that he also meant to sue Mrs. Bandukra and amended his Complaint to include her. Importantly, Plaintiff did not simply seek to substitute Mrs. Bandukra for Mr. Bandukra citing a misnomer. Instead, Plaintiff has kept Mr. Bandukra in the case (and even amended his claims as to Mr. Bandukra) and has added Mrs. Bandukra as a completely new party; thus, Rule 15(c) does not apply.

Rule 15(c) only addresses the issue of the "misnamed" defendant.[3] *Gipson v. Wells Fargo*, 382 F.Supp. 2d 116 (D.D.C. 2005) citing *Rendall-Speranza v. Nassim*, 103 F.3d 913 (D.C. Cir. 1997). Rule 15(c) does not, however, permit relation back when a <u>new</u> defendant is added, which is what happened in this case. *Id.* Rule 15(c) merely permits a plaintiff to correct the situation where the <u>proper</u>, but misnamed, defendant is before the court - - not to correct the situation where a plaintiff fails to originally name a defendant and later seeks to add the omitted defendant.[4]

---

[3] <u>See also</u> Advisory Committee Notes to F.R.C.P. Rule 15(c) referring to the 1991 amendment as a "name-correcting amendment'.

[4] Other circuits considering the issue of whether claims against newly named defendants relate back agree that such claims do <u>not</u> relate back. For example, the Seventh Circuit addressed the "mistake" element of Rule 15(c) stating that:

> Amendment with relation back is generally permitted in order to correct a *misnomer* of a defendant where the proper party is already before the court and the effect is merely to correct the name under which he is sued. But a <u>new</u> defendant cannot normally be substituted or added by amendment after the statute of limitation has run. . . . Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant . . . whether or not the purported substitute party knew or should have known that the action would be brought against him. (*Emphasis added.*)

5

*Gipson*, supra at 119. See also *Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000)(holding that "the district court erred in failing to consider the well-recognized distinction between a complaint that sues the wrong party and a complaint that sues the right party by the wrong name".) See also *Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034 *17, 71 Fair Empl. Prac. Cas. (BNA) 374 (D.D.C. May 13, 1996) citing *Barrow v. Wethersfield Police Dept*, 66 F.3d 466, 470 (2d. Cir. 1995).

        2.     *Plaintiff's Omission of Mrs. Bandukra from the Complaint is not a Rule 15(c) "mistake."*

Plaintiff cannot be heard to argue that his omission of Mrs. Bandukra constitutes a "mistake" within Rule 15(c). In the District of Columbia Circuit, "the word 'mistake' is narrowly interpreted to preclude relation back of amendments where a plaintiff was fully aware of the defendant's identity during the limitations period." *Sparshott v. Feld Entertainment, Inc.*, 89 F.Supp. 2d 1, 3 (D.D.C. 2000). This is precisely the situation here. Plaintiff has been on notice of Mrs. Bandukra's identity since the date of the accident - - August 30, 2002. The police report generated as a result of the accident clearly identifies Mrs. Bandukra as the driver and makes absolutely no reference to Mr. Bandukra. See Exhibit 1. Furthermore, Plaintiff's own attorney had notice of Mrs. Bandukra's identity in November 2002 when he wrote to Mrs. Bandukra's insurance company. See Exhibit 2. Moreover, Plaintiff's Amended Complaint continues to assert claims against Mr. Bandukra which only further indicates that the purpose of the amendment was not simply to correct a misnomer substituting Mrs. Bandukra for Mr. Bandukra, but instead it was to add a completely new party.

---

See *Grigsby*, supra citing *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (quoting *Wood v. Woarcheck*, 618 F.2d 1225 (7th Cir. 1980).

Simply put, Plaintiff failed to sue the right party, despite having actual and constructive notice of Mrs. Bandukra's identity since 2002. Because Plaintiff's proposed amendment does not correct a misnomer of the proper defendant but instead seeks to add a new party, it does not qualify as a "mistake" under Rule 15(c), and as such, Plaintiff's attempt to add a new party does not relate back.

WHEREFORE, Defendant Sabiha Bandukra respectfully requests this honorable Court to dismiss the Complaint against her with prejudice and for such other relief this Court deems appropriate.

Respectfully submitted,

_____//s//_____
John J. Hathway (#412664)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Sabiha Bandukra*

191256