IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL : | |
|     Plaintiff : | |
| vs. : | |
| : | |
| USMAN BANDUKRA; : | 1:05-cv-02258-HHK |
| MATTHEW J. GALLAGHER; and. : | |
| SABIHA U. BANDUKRA : | |
| 24 Margie Street : | |
| Oceanside, New York 11572; : | |
|     Defendants : | JURY DEMAND |

EXHIBIT 4

## AMENDED COMPLAINT

Plaintiff Michael Cornwell, through undersigned counsel, sues defendants Sabiha Bandukra, Usman Bandukra, and Matthew J. Gallagher, and for a cause of action states that:

1. Plaintiff Michael Cornwell resides in Virginia.

2. Defendant Sabiha Bandukra ("defendant Bandukra") and defendant Usman Bandukra are husband and wife and resides in New York.

3. Defendant Matthew J. Gallagher resides in Maryland.

4. The operative facts took place in the District of Columbia.

5. Jurisdiction is based on diversity of citizenship pursuant to U.S. Code, Title 28, §1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and the matter is between citizens of different States.

(Operative Facts)

6. On about Friday 08-30-2002, plaintiff Michael Cornwell was a back seat passenger of a 2000 Chevrolet Cavalier (being driven by non-party Roy Latheri) that was stopped for a red light on New York Avenue at the intersection of New York Avenue and First Street, N.W., Washington, D.C. While stopped at said intersection a vehicle being driven and owned by defendant Matthew J. Gallagher was also in a stopped position at said

intersection directly behind the vehicle in which the plaintiff was a passenger. At the time that the above two vehicles were stopped at said intersection a third vehicle owned by and being driven by defendant Sabiha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries.

7. At the time of the aforesaid accident, all three of the above mentioned vehicles were using the same road way and were traveling or stopped in the same direction. As such, defendant Bandukra, and/or in the alternative defendant Gallagher, had a primary duty or duty to avoid the said rear end collision that injured plaintiff. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty owed to plaintiff to avoid the rear end collision. Defendant Bandukra, and/or in the alternative defendant Gallagher, failing to avoid the rear end collision was a substantial cause of the accident, permanently injuring plaintiff.

8. At the time of the accident, the vehicles that the defendants were operating were using the same road way as the vehicle in which the plaintiff occupied. As such, defendant Bandukra, and/or in the alternative defendant Gallagher, had a duty to always keep a proper look out. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached their duty to keep a proper look out and to protect other occupants, like the plaintiff, because they failed to reasonably observe plaintiff's vehicle, they failed to reasonably observe the traffic, and/or they failed to reasonably observe other conditions, which confronted defendants while they used the roadway behind, and in plain view of, plaintiff's vehicle. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty owed to the plaintiff to maintain a proper look out. Defendant Bandukra's, and/or in the alternative defendant

2

Gallagher's, failing to maintain a proper look out was a substantial cause of the accident resulting in plaintiff sustaining permanent, painful and debilitating injuries.

9. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other vehicle occupants, such as the plaintiff, to maintain proper control of, or over, the vehicle that each was driving at the time of the accident. At the time of the accident, the vehicle that plaintiff occupied and the vehicle driven by defendant Gallagher were in a stationary positions. At the time that the above two vehicles were stopped at said intersection a third vehicle owned by and being driven by defendant Sabiha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries. Defendant Bandukra, and/or in the alternative defendant Gallagher, drove the vehicle that each was driving into the rear of the vehicle which was occupied by the plaintiff. Defendant Bandukra breached the duty that he owed to the plaintiff to maintain proper control of, or over, the vehicle that he was driving. Defendant Bandukra's failure to maintain proper control was a substantial cause of the accident. In addition, or in the alternative, defendant Gallagher stopped his vehicle too closely to the vehicle that the plaintiff occupied thereby causing it to strike the vehicle that plaintiff occupied when defendant Gallagher's vehicle was struck by defendant Bandukra's vehicle.

10. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other vehicle occupants, such as the plaintiff, to not follow too closely. At the time of the accident, the vehicle that plaintiff occupied and the vehicle driven by defendant Gallagher were in a stationary positions. At the time that the above two vehicles were stopped at said

3

intersection a third vehicle, owned by and being driven by defendant Sabiha Bandukra, was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries. Defendant Bandukra, and/or in the alternative defendant Gallagher, drove the vehicle that each was driving into the rear of the vehicle which was occupied by the plaintiff. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty that he owed to the plaintiff to not follow, and/or stop, too closely to the vehicle in which the plaintiff occupied. Defendant Bandukra's, and/or in the alternative defendant Gallagher's, failure to follow at a safe distance which was a substantial cause of the accident. In addition, or in the alternative, defendant Gallagher stopped his vehicle too closely to the vehicle plaintiff occupied causing it to strike the vehicle plaintiff occupied when defendant Gallagher's vehicle was struck by defendant Bandukra's vehicle.

11. At the time of the accident, defendant Bandukra, and/or in the alternative defendant Gallagher, each owed a duty to other vehicle occupants, such as plaintiff, not to drive each of their vehicles at an excessive speed under the circumstances. At the time and place of the accident, the circumstances were that that the plaintiff occupied was in a stopped position. The circumstances were also that the vehicles that defendants were driving were behind the vehicle that the plaintiff occupied and using the same road way, and while doing so, they drove their vehicles at a high rate of speed causing the collision. In addition, defendants drove their vehicles in excess of the posted speed limits there in effect at the time and place of the accident and/or for the circumstances. They breached the duty that each owed to the plaintiff not to do so. Defendants doing so was a substantial cause of the accident.

4

12. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other people using the same road way, such as the plaintiff, to use ordinary care to avoid colliding with other people's vehicles, such as the vehicle occupied by the plaintiff, and to protect other people, such as the plaintiff, by following the traffic laws that were then in effect. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached these duties that they owed to the plaintiff by not using ordinary care and/or by violating traffic laws that were in effect. Defendant Bandukra, and/or in the alternative defendant Gallagher, not using ordinary care and/or violating traffic laws was a substantial cause of the accident.

13. Defendant Bandukra, and/or in the alternative defendant Gallagher, owed a duty to the occupants of other motor vehicle, like the plaintiff, who were also using the same road way, to keep their vehicles adequately and sufficiently maintained. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached this duty by not keeping their vehicles adequately/sufficiently maintained and not doing so was a substantial cause of the accident.

14. The aforesaid negligence was a proximate cause of the collision resulting in the injuries and damages sustained by the plaintiff. The plaintiff sustained extensive, serious, and permanent physical, mental, emotional injuries and economic damages having, and which will continue to have, a substantial and extreme painful, adverse and debilitating effect on plaintiff's physical, mental, emotional and economic well-being. The plaintiff has suffered continuous, intense and permanent physical, mental and emotional debilitating pain, suffering, distress, agony, despair, anxiety, embarrassment, and depression which he will suffer into the foreseeable future. The plaintiff has sustained permanent scaring. The plaintiff has sustained past medical expenses and costs and will incur future medical expenses and costs. Plaintiff has sustained a loss of earnings and/or earnings capacity and will sustain a loss of earnings and/or earnings capacity in the future. The plaintiff has sustained life time care expenses and

will likely sustain life time care expenses in the future. The plaintiff has sustained economic hardships and will likely sustain economic hardships into the future. The plaintiff has suffered and will likely continue to suffer from a loss of sleep. The plaintiff has been severely inconvenienced and plaintiff will be continuously and severely inconvenienced in the future. In addition thereto and/or in the alternative, as a result of the collision, plaintiff sustained and aggravation and/or worsening of a pre-existing conditions and/or plaintiff was susceptible to sustaining certain physical injuries. The plaintiff has sustained past, and will continue to sustain into the future, an impairment of his ability to enjoy his life. The above injuries and damages that the plaintiff has sustained, are sustaining, and in the future will sustain, had, have, and will have a substantial adverse effect on his overall health and well being.

15. At the time and place of the accident, defendant Sabiha Bandukra (agent) was driving her car on behalf of defendant Usman Bandukra (principal), or for both her and her husband's benefit. Defendant Usman Bandukra is also liable as defendant Sabiha Bandukra was acting as an agent for defendant Usman Bandukra. At the time and place of the accident, defendant Sabiha Bandukra was acting as defendant Usman Bandukra's general agent to transact all the business of defendant Usman Bandukra while in the District of Columbia, or all of the business of defendant Usman Bandukra of a particular kind, or in a particular place, or to do all acts connected with a particular trade, business or employment while she was in the District of Columbia. Alternatively, during the time of the accident, defendant Sabiha Bandukra, on behalf of her husband, was involved in a single transaction, or series of transactions, not involving continuity of service for defendant Usman Bandukra.

WHEREFORE, the plaintiff Michael Cornwell hereby demands a judgment against defendant Sabiha Bandukra, Usman Bandukra, and/or defendant Matthew J. Gallagher,

6

individually, severally, and/or jointly, in excess of $1,000,000, post judgment interest, costs of this action, and such further relief that the court deems appropriate under these circumstances.

Respectfully submitted,
CHRISTOPHER M. JOHNS LLC

_____/s/_____
Christopher M. Johns, Esq. (MD15677)
Box 975, Laurel, MD 20725
Telephone: 301-674-6900
Facsimile: 301-540-5901

## JURY DEMAND

Plaintiff, through counsel, hereby demands trial by jury.

_____/s/_____
Christopher M. Johns, Esq.
