IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL<br><br>    Plaintiff<br><br>v.<br><br>USMAN BANDUKRA, et al<br><br>    Defendants | Case No:    1:05-cv-02258-HHK |

## DEFENDANT SABIHA BANDUKRA'S REPLY TO OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW, Sabiha Bandukra ("Mrs. Bandukra"), through undersigned counsel and Whiteford, Taylor & Preston, with her Reply to Opposition to Motion to Dismiss Plaintiff's Amended Complaint and in support thereof states as follows:

Plaintiff's one page Opposition fails to overcome the fatal flaw that is inherent in his Amended Complaint, That is, Plaintiff's claims against Mrs. Bandukra are barred by the statute of limitations and do not relate back to the date of the original complaint. Plaintiff has been on notice of Mrs. Bandukra's identity from the date of the accident, yet he failed to include her in his original Complaint. Instead, Plaintiff originally named only Mr. Bandukra (Mrs. Bandukra's husband). Plaintiff does not seek to substitute Mrs. Bandukra for Mr. Bandukra. Nor does Plaintiff argue that he mistakenly named Mr. Bandukra as opposed to Mrs. Bandukra so as to potentially come within the purview of "mistake" under Rule 15(c) of the Federal Rules of Civil Procedure. Instead, Plaintiff simply *added* Mrs. Bandukra as a party. Not surprisingly, Plaintiff has not provided any support for his argument that the addition of a completely new party constitutes a Rule 15(c)

mistake - - nor can he. Accordingly, Plaintiff's Complaint as to Mrs. Bandukra, a new Defendant, should be dismissed.

I.  **THE STANDARD OF REVIEW FOR A MOTION TO AMEND IS DIFFERENT FROM THAT WHICH APPLIES TO A RULE 12(B)(6) MOTION TO DISMISS.**

Contrary to Plaintiff's assertion, this Court has not ruled upon the issue addressed in the Motion to Dismiss. Although the Court previously granted Plaintiff's Motion to Amend Complaint, in so doing, the Court did not necessarily have to squarely rule upon the statute of limitations issue and whether Plaintiff's amended complaint as to Mrs. Bandukra related back to the date of his original complaint. Indeed, the standard used in deciding motions to amend is markedly different from that which applies to motions to dismiss. With regard to motions to amend, Rule 15(a) of the Federal Rules of Civil Procedure applies which provides that leave to file amendments shall be freely granted. *Nurriddin v. Goldin*, 382 F.Supp. 2d 79 (D.D.C. 2005). In contrast, motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedures test the legal sufficiency of the amended complaint. *Sullivan-Obst v. Powell*, 300 F.Supp. 2d 85 )D.D.C. 2004). Thus, the mere fact that the Court initially allowed Plaintiff to amend his Complaint does not mean that his Amended Complaint is legally sufficient and should not be dismissed.

II.  **PLAINTIFF'S COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Plaintiff offers no support for his claim that the complaint against Mrs. Bandukra is not barred by the statue of limitations, nor can he. Plaintiff's claim is one for negligence. The statute of limitations for negligence actions is three years. The accident occurred on August 30, 2002. Plaintiff's Motion to Amend the Complaint was not filed until November 20, 2005 - - more than three years after the accident. Accordingly, the claim is barred by the statute of limitations.

2

III. **PLAINTIFF'S COMPLAINT AS TO MRS. BANDUKRA DOES NOT RELATE BACK.**

  *A. Plaintiff's Omission of Mrs. Bandukra from the Complaint is not a Rule 15(c) "mistake."*

Plaintiff's omission of Mrs. Bandukra from the original complaint does not constitute a "mistake" within Rule 15(c). In the District of Columbia Circuit, "the word 'mistake' is narrowly interpreted to preclude relation back of amendments where a plaintiff was fully aware of the defendant's identity during the limitations period." *Sparshott v. Feld Entertainment, Inc.*, 89 F.Supp. 2d 1, 3 (D.D.C. 2000); *Rendall-Speranze,* supra. This is precisely the situation here. Plaintiff has been on notice of Mrs. Bandukra's identity since the date of the accident - - August 30, 2002. The police report generated as a result of the accident clearly identifies Mrs. Bandukra as the driver and makes absolutely no reference to Mr. Bandukra. See police report attached as **Exhibit 1**. Furthermore, Plaintiff's own attorney had notice of Mrs. Bandukra's identity in November 2002 when he wrote to Mrs. Bandukra's insurance company. See November 2002 letter attached as **Exhibit 2**. Moreover, Plaintiff's Amended Complaint continues to assert claims against Mr. Bandukra which only further indicates that the purpose of the amendment was not simply to correct a misnomer substituting Mrs. Bandukra for Mr. Bandukra, but instead it was to add a completely new party.

Rule 15(c) addresses the issue of the "misnamed" defendant.[1] *Gipson v. Wells Fargo*, 382 F.Supp. 2d 116 (D.D.C. 2005) citing *Rendall-Speranza v. Nassim*, 103 F.3d 913 (D.C. Cir. 1997). Rule 15(c) does not, however, permit relation back when a <u>new</u> defendant is added, which is what happened in this case. *Id.* While Rule 15(c) permits a plaintiff to correct the situation where the

3

proper, but misnamed, defendant is before the court, it does not apply to situations where a plaintiff fails to originally name a defendant and later seeks to add the omitted defendant.[2] *Gipson*, supra at 119. See also *Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000)(holding that "the district court erred in failing to consider the well-recognized distinction between a complaint that sues the wrong party and a complaint that sues the right party by the wrong name".) See also *Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034 *17, 71 Fair Empl. Prac. Cas. (BNA) 374 (D.D.C. May 13, 1996) citing *Barrow v. Wethersfield Police Dept*, 66 F.3d 466, 470 (2d. Cir. 1995).

Rule 15(c) does not apply because Plaintiff added Mrs. Bandukra as a **NEW** party. This is not a misnomer or mistaken identity case wherein Plaintiff simply sued the right party by the wrong name. Rather, Plaintiff originally sued only Mr. Bandukra - - a completely different person. Plaintiff later realized that he also meant to sue Mrs. Bandukra and amended his Complaint to include her. Importantly, Plaintiff did not simply seek to *substitute* Mrs. Bandukra for Mr. Bandukra citing a misnomer. Instead, Plaintiff has kept Mr. Bandukra in the case (and even amended his claims as to Mr. Bandukra) and has added Mrs. Bandukra as a completely new party; thus, Rule 15(c) does not apply.

---

[1] See also Advisory Committee Notes to F.R.C.P. Rule 15(c) referring to the 1991 amendment as a "name-correcting amendment'.

[2] Other circuits considering the issue of whether claims against newly named defendants relate back agree that such claims do not relate back. For example, the Seventh Circuit addressed the "mistake" element of Rule 15(c) stating that:

> Amendment with relation back is generally permitted in order to correct a *misnomer* of a defendant where the proper party is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitation has run. . . . Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant . . . whether or not the purported substitute party knew or should have known that the action would be brought against him. (*Emphasis added.*)

See *Grigsby*, supra citing *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (quoting *Wood v. Woarcheck*, 618 F.2d 1225 (7th Cir. 1980).

4

Simply put, Plaintiff failed to sue the right party, despite having actual and constructive notice of Mrs. Bandukra's identity since 2002. Because Plaintiff's proposed amendment does not correct a misnomer of the proper defendant but instead seeks to add a new party, it does not qualify as a "mistake" under Rule 15(c), and as such, Plaintiff's attempt to add a new party does not relate back.

> B. *Mrs. Bandukra Did Not Know, or Have Reason to Know, Within the Time Period Provided in Rule 4(m), That But For Plaintiff's Mistake, She Would Have Been a Defendant.*

Even assuming, *arguendo,* that Plaintiff's failure to name Mrs. Bandukra qualified as a Rule 15(c) mistake, which Defendant does not concede, Plaintiff must prove that Mrs. Bandukra knew, or had reason to know, within the time period provided in Rule 4(m), that but for Plaintiff's mistake, she would have been sued. She did not. Rule 4(m) of the Superior Court Civil Procedure Rules provides that service must be effected within sixty (60) days of the filing of the Complaint -- or by October 27, 2005.[3] No such notice was provided to Mrs. Bandukra within this deadline.

Mrs. Bandukra did not know that she was the target defendant or that Plaintiff intended to sue her as opposed to her husband. Mrs. Bandukra never read the lawsuit and she and her husband never discussed its contents -- other than his advising her that he had been sued because of the August 2002 accident. See Sabiha Bandukra Affidavit attached as **Exhibit 3**. Mrs. Bandukra, a housewife from India, has no legal training and understood Plaintiff elected to sue her husband

---

[3] The Superior Court Civil Procedure Rules apply in determining the time for service because Plaintiff initially filed the Complaint in the Superior Court. Though Federal Rule 4(m) permits a 120 day period for service, this rule is applicable to service of process in cases originally filed in federal court not state court. "Rule 4(m) governs cases originally filed in federal courts, and applies to removed cases after the date of removal." *Eccles v. National Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D.Md. 1998). See also *Rentz v. Swift Transportation Co., Inc.*, 185 F.R.D. 693 (M.D.Ga. 1998); *Oiler v. Biomet Orthopedics*, 2003 WL 22228574 (E.D.La.); *McKenna v. Beezy*, 130 F.R.D. 655 (N.D.Ill. 1989); *Sampson v. County of Cook*, 2004 WL 1879944 (N.D.Ill.). When a party has been served in state court prior to removal of the case to federal court, it is "well-settled that state law governs" service of process before removal. *Id.* at 519. See

5

since he was the primary insured under the insurance policy. See Exhibit 3. Mrs. Bandukra did not discuss the merits of Plaintiff's claims with her husband or any defenses to the claims. See Exhibit 3. Accordingly, because Mrs. Bandukra did not know, or have reason to know, that but for Plaintiff's "mistake," she should have been sued, Plaintiff's claim does not relate back.

> C. *Mrs. Bandukra Did Not Have Notice Within the Time Provided in Rule 4(m) of the Institution of the Lawsuit Against Her.*

An alternative basis for dismissing Plaintiff's Amended Complaint against Mrs. Bandukra is his failure to provide timely notice to Mrs. Bandukra of the institution of the action against her. To be timely, Plaintiff was required to provide actual notice to Mrs. Bandukra within the time period provided by Rule 4(m) for service of the Complaint -- October 27, 2005. No such notice was given to Mrs. Bandukra by the deadline. See eg. *Grigsby v. Johnson*, 1996 U.S. Dist. LEXIS 7034, 71 Fair Empl. Prac. Cas (BNA) 734 (D.D.C. May 13, 1996). In *Grigsby*, Plaintiff argued that the new defendant had notice of the action, such that the claim would relate back, because Plaintiff served him with a copy of the proposed amended complaint within the Rule 4(m) time period. The Court rejected that argument stating:

> Even assuming that delivery of a copy of the amended complaint on Brunning on May 1, 1995 alerted him to the pending action, Ms. Grigsby has failed to establish the notice required by Rule 15(c). That rule states that the newly named party must have "received notice of the institution of the action that he will not be prejudiced." . . . An action is commenced by the filing of an action. Delivery of an amended complaint to Brunning could not give him notice of the institution of the action, because **Rule 15(c) requires notice of the actual institution of the action not mere notice that an action might ensue** . . . Moreover, Ms. Grigsby is operating under the erroneous impression that a claim is timely, even if filed subsequent to the close of the limitations

---

also *Nealey v. Transportacion Maritima Mexicana*, 662 F.2d 1275, 1282 (9th Cir. 1980) (finding proper issue and service under state law remain sufficient after removal to federal court).

> period, if the defendant was apprised of the pending lawsuit within the limitations period. Not surprisingly, no authority is offered for such a suggestion. *(Emphasis added.)*

Grigsby, supra at 15-16.

Here, Plaintiff provided no notice whatsoever to Mrs. Bandukra of his new claims against her until he served her with the Amended Complaint on or about August 14, 2006 - - well after the deadline specified by Rule 15(c).

WHEREFORE, Defendant Sabiha Bandukra respectfully requests this honorable Court to dismiss the Complaint against her with prejudice and for such other relief this Court deems appropriate.

Respectfully submitted,

_____//s//_____
John J. Hathway (#412664)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC 20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Sabiha Bandukra*

## LOCAL RULE 5.4(B)(5) CERTIFICATION

Undersigned counsel hereby certifies that I have the original signed Affidavit referenced herein and attached hereto and that the Affidavit is available for review upon request by a party or the Court.

_____//s//_____
Jennifer S. Jackman

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), service of the pleading was made through electronic filing of the pleading.

                                                            _____//s//_____
                                                          Jennifer S. Jackman

*191691*