## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL | |
| Plaintiff | Case No:        1:05-cv-02258-HHK |
| v. | |
| USMAN BANDUKRA, et al | |
| Defendants | |

## DEFENDANT USMAN BANDUKRA'S MOTION TO COMPEL

COMES NOW, Usman Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, pursuant to F.R.C.P. Rule 37 with his Motion to Compel and in support thereof states as follows:

1.      Defendant moves this Court for an Order compelling Plaintiff to respond to discovery, deeming all objections waived and ordering Plaintiff to pay Defendant's costs and attorneys fees incurred in preparing and this motion.  Defendant propounded interrogatories and requests for documents on July 31, 2006.  To date, Plaintiff has still not provided executed answers to interrogatories.  Further, the responses that were provided were deficient and non-responsive. Despite Defendant's efforts to obtain discovery from Plaintiff for two months, complete discovery has not been provided.

2.      Defendant adopts and incorporates the Memorandum of Points and Authorities attached hereto as though fully set forth herein.

WHEREFORE, Defendant Usman Bandukra respectfully moves this honorable Court for entry of an Order deeming Plaintiff's Objections to Interrogatory Nos. 6, 8, 9, 13, 23 and 24 and

Request Nos. 14, 16, 19 waived for failure to timely serve objections and compelling complete

Answers to Interrogatory Nos. 1-6, 8, 10-15, 17-29 and compelling the production of all documents

responsive to Request Nos. 9, 10, 14-16, 19-22, and awarding attorneys fees incurred in preparing

and filing this motion, which to date are $675.00 and for such other relief this Court deems

appropriate.

Respectfully submitted,

_____//s//_____
John J. Hathway (#412664)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Sabiha Bandukra*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), service of the pleading was made through electronic filing of the pleading.

_____//s//_____
Jennifer S. Jackman

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL | |
| Plaintiff | Case No:    1:05-cv-02258-HHK |
| v. | |
| USMAN BANDUKRA, et al | |
| Defendants | |

## DEFENDANT USMAN BANDUKRA'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

COMES NOW, Usman Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, pursuant to F.R.C.P. Rule 37 with his Memorandum in Support of Motion to Compel and in support thereof states as follows:

Defendant moves this Court for an Order compelling Plaintiff to respond to discovery, deeming all objections waived and ordering Plaintiff to pay Defendant's costs and attorneys fees incurred in preparing and filing this motion. Defendant propounded interrogatories and requests for documents on July 31, 2006. To date, Plaintiff has still not provided executed answers to interrogatories. Further, the responses that were provided to the interrogatories and requests for documents were deficient and non-responsive. Despite Defendant's efforts to obtain discovery from Plaintiff for two months, complete discovery has not been provided.

3

## I.    BACKGROUND FACTS

Plaintiff claims that Michael Cornwell sustained more than $40,000.00 in medical bills as a result of a motor vehicle accident occurring in August 2002. In the event there was any impact between the vehicles, such impact was very minimum and at very low speeds. Accordingly, Plaintiff's claim that Mr. Cornwell suffered serious injuries is curious and discovery into these claims is necessary.[1]

On July 31, 2006, Defendant propounded interrogatories and requests for production of documents. See interrogatories and requests for production of documents attached as **Exhibit 1**. Despite the requirement to provide full responses within thirty days of service of the discovery requests pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff did not provide responses. Nor did Plaintiff serve any timely objections. Accordingly, in a letter dated September 21, 2006, Defendant inquired about the status of the overdue responses. See letter dated September 21, 2006 attached as **Exhibit 2**. Plaintiff did not respond to the letter, nor did he provide discovery responses. In a letter dated October 18, 2006, Defendant again inquired about the overdue discovery and advised Plaintiff that if complete responses were not provided by October 25, 2006, a motion to compel would be filed. See October 18 2006 letter attached as **Exhibit 3**.

On October 23, 2006, Plaintiff faxed unexecuted and incomplete discovery responses to Defendant. See Answers to Interrogatories attached as **Exhibit 4** and Responses to Requests for Documents attached as **Exhibit 5**. On that same date, Plaintiff and Defendant had a lengthy telephone conference discussing the deficient responses at which time Defendant again advised Plaintiff that if he did not provide full responses, a motion to compel would be filed. Despite this

discussion, the responses have not been supplemented.  Nor have executed Answers to Interrogatories been served.

## II.    ARGUMENT

### A.    Plaintiff Waived His Objections.

Plaintiff waived his objections by failing to serve timely objections.  F.R.C.P. Rule 33(b)(4) provides for waiver of objections that are not raised within 30 days after service of the interrogatories.  This same waiver principle applies to responses to requests for documents when objections are not timely raised.  *Blumenthal v. Drudge,* 186 F.R.D. 236, 240 (D.D.C. 1999). Pursuant to Rule 33, Plaintiff's objections were due by September 2, 2006.  *Id.*  Plaintiff did not object to any discovery within 30 days of service of the discovery requests, thereby waiving his objections.[2]  Accordingly, Defendant seeks an Order deeming all objections waived and requiring Plaintiff to serve complete answers to interrogatory numbers 6, 8, 9, 13, 23 and 24 and requests for document numbers 14, 16, and 19.

### B.    Plaintiff's Answers to Interrogatories are Incomplete.

Plaintiff's Answers to Interrogatories are incomplete, and in many cases, non-responsive.  In some interrogatories, despite the requirement for a narrative response, Plaintiff simply stated "see medical records and bills".   This response is inadequate.  While F.R.C.P. 33(d) allows parties to refer to their <u>business</u> records, it does not allow plaintiff's in personal injury cases where liability and damages are in dispute to refuse to provide complete responses and to instead simply refer to medical records.  In other interrogatories, Plaintiff seemingly disregards or ignores the question

[1] Michael Cornwell died in March/April 2006.  His son, Robert Cornwell, was substituted as the Plaintiff. Thus, Defendant must rely upon information he receives from Robert Cornwell.
[2] Plaintiff waited until October 23, 2006 to serve any objections - - nearly three months after service of the discovery requests.

posed and provides a non-responsive, incomplete answer.  In support of this motion to compel,

Defendant sets forth each of the interrogatories and Plaintiff's responses below with an explanation

of the deficiencies.

### INTERROGATORY NO. 1

**Interrogatory No. 1:**  State your full name and all names under which you have ever been known, your present address, date of birth, marital status and social security number.

**Plaintiff's Response:**

Plaintiff failed to provide any response to this interrogatory.  Accordingly, Defendant seeks

an Order compelling Plaintiff to provide a complete response.

### INTERROGATORY NO. 2

**Interrogatory No. 2**:  Describe your relationship with Michael Cornwell including but not limited to how many times per month you saw him, how many times per month you spoke with him and identify by date and location the last time you resided with Michael Cornwell.

**Plaintiff's Response:**  Son.

Plaintiff's response to Interrogatory No. 2 fails to respond to most of the questions asked.

Accordingly, Defendant seeks an Order compelling Plaintiff to respond to the complete

interrogatory including how many times per month he saw his father, how many times per month he

spoke to his father and the date and location of the last time he resided with his father.

### INTERROGATORY NO. 3

**Interrogatory No. 3**:  Please state with precision and detail the nature and location of the bodily injuries allegedly suffered by Michael Cornwell as a result of the accident described in the Complaint.

**Plaintiff's Response:**    See, medical records and bills.

6

Plaintiff has not provided a full and complete answer to this interrogatory, as required in Rule 33.  Defendant is entitled to know what injuries Plaintiff claims Michael Cornwell sustained as a result of the accident without having to sort through voluminous medical records in an attempt to make this determination on his own.  For example, Defendant has obtained medical records relating to Plaintiff's heart condition, which is likely what caused Michael Cornwell's death. Presumably, Plaintiff is not alleging that Mr. Cornwell's pre-existing heart condition was caused by the low impact accident; however, without a narrative response specifically setting forth the nature and location of all bodily injuries, Defendant is left guessing what Plaintiff's claims are. Accordingly, Defendant seeks an Order compelling Plaintiff to fully respond to Interrogatory No. 3.

### INTERROGATORY NO. 4

**Interrogatory No. 4:**  Identify all hospitals, physicians and/or health care providers who have rendered treatment to Michael Cornwell for any reason, including but not limited to all health care providers who rendered treatment to you as a result of the occurrence described in the Complaint from 1990 to the present, describe the dates and nature of such treatment and produce copies of all medical records relating to that treatment.

**Plaintiff's Response**:  See, medical records and bills.

Defendant is entitled to a list, under oath, of all medical providers known by Plaintiff to have treated his father from 1990 to the date of death, as well as a description of that treatment.

Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete Answer to Interrogatory No. 4.

### INTERROGATORY NO. 5

**Interrogatory No. 5:**  Itemize the expenses made or incurred by you or Michael Cornwell as a result of the accident described in the Complaint and attach copies of all bills, invoices and statements to your Answers.

**Plaintiff's Response**:  See, medical records and bills.

Defendant is entitled, to a response under oath, that itemizes the expenses claimed by Plaintiff.  To the extent that a complete itemization already exists, Plaintiff can adopt and incorporate it into his executed interrogatories by reference.  However, simply referring to documents without more is insufficient.  Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 5.

**INTERROGATORY NO. 6**:

**Interrogatory No. 6:**  If Michael Cornwell has  ever suffered any injuries in any accident or otherwise, either prior to or subsequent to the incident referred to in the Complaint, state the date and place of such injury, a detailed description of all the injuries you suffered, the names and addresses of any hospitals, physicians, surgeons or other health care providers rendering treatment, the nature and extent of recovery, and if any permanent disability was suffered the nature and extent of the permanent disability and if Michael Cornwell was compensated in any manor for any injury, state the names and addresses of each noted person or organization paying such compensation and the amount thereof.

**Plaintiff's Response**:  Objection.  Mr. Cornwell never injured the areas of his body before.  Without waiving objection, see medical records and bills produced.

First, Plaintiff waived this objection since no objection was served within 30 days of service of the interrogatories.  Second, the response is woefully inadequate.  Defendant is entitled to discovery of all pre-existing and subsequent injuries sustained by Michael Cornwell.  A simple reference to medical records and bills produced by Plaintiff is insufficient.  Accordingly,  Defendant seeks an Order deeming this objection waived and compelling Plaintiff to provide a complete response to Interrogatory No. 6.

**INTERROGATORY NO. 8**

**Interrogatory No. 8:**  With respect to each of the past five (5) years, up to and including the present time, state the name and address of each of Michael Cornwell's employers, the dates of commencement and termination of each employment, a detailed description of the work performed for each employment, and state his average weekly wages or earnings.

**Plaintiff's Response:**  Objection: no loss wage claim.

First, Plaintiff waived this objection since no objection was served within 30 days of service of the interrogatories.  Second, Defendant is entitled to discovery of this information, regardless of whether Plaintiff has a loss wage claim as it could lead to the discovery of admissible evidence. For example, through information provided regarding Mr. Cornwell's employers, Defendant might discover information relating to any pre-existing injuries sustained by Mr. Cornwell.  This information is especially important given that Michael Cornwell is no longer alive and cannot provide this information directly to Defendant.  Accordingly, Defendant seeks an Order deeming this objection waived and compelling Plaintiff to provide a complete response.

**INTERROGATORY NO. 10**

**Interrogatory No. 10**:  State the names and addresses of all persons known to you or to your attorneys who have given signed, written or recorded statements relative to all or any part of the occurrence referred to in the Complaint and state the date the signed, written or recorded statement was given, to whom it was given and the present custodian of each such signed, written or recorded statement, and attach copies of all such statements.

**Plaintiff's Response**:  Defendants through police officer (see police report), body repair statement and medical records.

Plaintiff's response is inadequate.  Defendant is entitled to full discovery of the information sought regarding statements.  In the event Plaintiff contends that statements were provided to

medical providers, he must provide the date of such statement and attach a copy of it to this Answer - - not just refer vaguely to the medical records. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 10.

**INTERROGATORY NO. 11**

**Interrogatory No. 11**: If you are aware of the existence of any pictures, diagrams or objects relative to the occurrence referred to in the Complaint or its consequences, including injuries, state the nature, subject matter and the names and addresses of the present custodian of each picture, diagram or object, and attach all such documents.

**Plaintiff's Response**: See documents produced.

Plaintiff's response is insufficient. Had Plaintiff attached the specific documents he contends are responsive to this interrogatory to his Answer, perhaps that would have been sufficient. Instead, Plaintiff refers vaguely to documents produced, without attaching or describing the documents, as specifically requested. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 11.

**INTERROGATORY NO. 12**

**Interrogatory No. 12**: Have you or Michael Cornwell ever been a party to a lawsuit or a worker's compensation claim? If so, state the caption of the lawsuit, the case number, the jurisdiction where it was filed, the nature of the suit and the outcome of the same. Your answer should include any workers' compensation claim filed as a result of this accident.

**Plaintiff's Response**: None known related to the injuries in this case.

Plaintiff has not responded to the question asked. Defendant is entitled to information relating to all prior injuries - - regardless of whether Plaintiff claims they are unrelated to the injuries in this case. Defendant cannot be denied the opportunity to discover whether prior injuries

were indeed related. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 12.

### INTERROGATORY NO. 13

**Interrogatory No. 13**:  Please state whether you or Michael Cornwell have ever been convicted of any crimes (other than minor traffic violations), and, if so, state the date of the conviction, jurisdiction and the case number.

**Plaintiff's Response**:  Objection as to relevance as he is not testifying.

Plaintiff waived this objection by failing to raise it within 30 days of service of the interrogatories.  Additionally, this information is reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete answer to Interrogatory No. 13.

### INTERROGATORY NO. 14

**Interrogatory No. 14**:  Give a detailed statement of all facts relating to the accident referred to in the Complaint, including when and how the accident occurred, the exact location of the incident, the direction in which Michael Cornwell was traveling, whether anyone witnessed the incident, identify all persons with knowledge of such facts, and identify all documents supporting the contentions in the Complaint.

**Plaintiff's Response:**  See, police report only as to how accident occurred. Bandukra alleges Gallagher is or partly at fault hitting plaintiff first.

Plaintiff has not provided a detailed statement as requested.  If the current Plaintiff lacks knowledge of any facts, then he should so state.  If the current Plaintiff obtained facts from his deceased father prior to his death, he should provide those facts. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete answer to Interrogatory No. 14.

### INTERROGATORY NO. 15

**Interrogatory No. 15**: Identify all persons, providing their last known addresses and telephone numbers, who were witnesses to the motor vehicle collision and state their location at the time of the occurrence.

**Plaintiff's Response**:   The parties and the driver of the car in which Mr. Cornwell was a passenger.

Plaintiff has not answered the questions asked.  While Plaintiff refers to a driver, he fails to identify the driver or provide any of the requested information.  Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete answer to Interrogatory No. 15.

### INTERROGATORY NO.  17

**Interrogatory No. 17:** Identify each health care provider and/or hospital that has treated Michael Cornwell as a result of the occurrence that gives rise to this litigation and for each provider state the date and purpose of each examination or treatment.

**Plaintiff's Response**:  See medical records and bills produced.

Plaintiff has not responded to the question.  Defendant is entitled to a complete list of each health care provider who treated Mr. Cornwell as a result of the accident along with a description of the purpose for the treatment.  A vague reference to the medical records produced is of little help as some of those records include treatment that is most certainly unrelated to the accident.  Defendant should not have to guess as to which records Plaintiff contends are related and which are not.  Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete answer to Interrogatory No. 17.

### INTERROGATORY NO. 18

**Interrogatory No. 18**:  State whether prior or subsequent to the occurrence Michael Cornwell sustained any accidental injury for which you received medical care or treatment.  If so, describe the date and circumstances of the

accidental injury and identify all health care providers, including hospitals and other institutions that furnished care to him.

**Plaintiff's Response:** None known related to the injuries in this case.

Plaintiff's answer is non-responsive. Defendant is entitled to information relating to all prior injuries - - regardless of whether Plaintiff claims that are unrelated to the injuries in this case. Defendant cannot be denied the opportunity to discover whether prior injuries were indeed related. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 18.

### INTERROGATORY NO. 19

**Interrogatory No. 19**: Has Michael Cornwell ever been involved in any other motor vehicle accidents? If so, identify the date of said accident(s) and describe the accident(s) including the identities of all persons involved in the accident (s).

**Plaintiff's Response**: None known related to the injuries in this case.

Plaintiff's response is insufficient and does not answer the question asked. Defendant is entitled to discovery as to prior accidents and injuries, regardless of whether Plaintiff contends those injuries are unrelated. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 19.

### INTERROGATORY NO. 20

**Interrogatory No. 20**: Identify the license plate number and vehicle identification number of the automobiles involved in the accident.

**Plaintiff's Response**: See police report only as to car identification.

Plaintiff again has not answered the question asked. Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 20.

13

**INTERROGATORY NO. 21**

**Interrogatory No. 21**: Identify and give the substance of each statement, admission, or declaration against interest, whether written or oral or by conduct, silent or otherwise which you contend were made by Defendants. State who has personal knowledge of each statement and the place and date that each statement was made.

**Plaintiff's Response**: Defendants through police officer (see police report) only as to how accident occurred.

Plaintiff has not answered the questions asked. If Plaintiff has knowledge of specific statements made by Defendants, he must so provide. If he has no such knowledge, he should so indicate. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 21.

**INTERROGATORY NO. 22**

**Interrogatory No. 22**: Was any part of your vehicle in which Mr. Cornwell was riding damaged as a result of the occurrence alleged in the Complaint? If so, describe the damage to the vehicle and identify all persons with knowledge and all documents relating to the damage or repairs.

**Plaintiff's Response**: See repair statement produced.

Plaintiff's answer is insufficient. If there was any impact between Mr. Cornwell's car and Mr. Gallagher's car, it was very low. The police report indicates that there was no damage to the vehicle. Despite that fact, Plaintiff claims Mr. Cornwell sustained severe injuries incurring more than $40,000 in medical bills. During phone calls, Plaintiff's counsel has referenced "hidden damage" to the vehicle that was not noticeable from the outside. Defendant is entitled to a complete narrative response to this interrogatory, identifying all persons with knowledge, as opposed to a vague reference to a repair statement. Accordingly, Defendant moves the Court for an Order compelling Plaintiff to provide a complete response to Interrogatory No. 22.

**INTERROGATORY NO. 23**

**Interrogatory No. 23**:  If you or Michael Cornwell have ever made a claim for any benefit or for any damages under any insurance policy, or against any person, firm or corporation for damages including claims filed with administrative agencies (including those claimed in this lawsuit) state the damages for which such claim was made, the identity of the party against whom the claim was made, the nature and amount of any payment received and the date it was made.

**Plaintiff's Response**:  Objection as to insurance collateral source rule, overly broad and unduly burdensome.  Without waiving this objection, none related to the injuries he sustained in this case.

First, Plaintiff waived this objection by failing to assert it in a timely fashion.  Second, the objection is unfounded.  Defendant is entitled to discovery as to prior claims for damages and the information requested as it could lead to the discovery of admissible evidence relating to Mr. Cornwell's pre-existing conditions, as well as other relevant issues.  Accordingly, Defendant seeks an Order deeming Plaintiff's objection waived and compelling Plaintiff to provide a complete response to Interrogatory No. 23.

**INTERROGATORY NO. 24**

**Interrogatory No. 24:**  Identify all pharmacies where Michael Cornwell filled and/or purchased any prescription medication since 1990.

**Plaintiff's Response**:  Objection: overly broad and burdensome.  Without waiving, none related to these injuries.

First, Plaintiff waived this objection by failing to assert it in a timely fashion.  Second, Plaintiff's answer is non-responsive.  Defendant is not required to rely upon Plaintiff's representation that there were no prescriptions relating to Mr. Cornwell's injuries he purportedly

received in the accident. Third, this response is untenable as it highly unlikely that Mr. Cornwell

took no prescription medicine  considering Plaintiff claims Mr. Cornwell underwent surgery as a

result of the accident. Fourth, this information is likely to lead to the discovery of admissible

evidence relating to pre-existing conditions. Accordingly, Defendant seeks an Order deeming the

objection waived and compelling Plaintiff to provide a complete response to Interrogatory No. 24.

**INTERROGATORY NO. 25**

> **Interrogatory No. 25**: State all facts that support your contention in paragraph 15 of the Complaint that Sabiha Bandukra was driving her car on behalf of defendant Usman Bandukra and was acting as Usman Bandukra's general agent to transact Usman Bandukra's business and identify all persons with knowledge and all documents relating thereto.

> **Plaintiff's Response**: Pending depositions.

Plaintiff has not answered  this question and his "pending depositions" response seems to

indicate that he had no basis for making the allegation in the Complaint that Sabiha Bandukra was

acting as Usman Bandukra's agent. If Plaintiff had no reasonable basis for asserting this

unsubstantiated claim, the claim should be stricken and the Complaint as to Mr. Bandukra should

be dismissed. The entire basis for Plaintiff's claim as to Mr. Bandukra is this agency theory which

has kept Mr. Bandukra in this case. Defendant expressly denies all involvement in this accident

and denies that his wife was acting as his agent. Based upon Plaintiff's answer to Interrogatory No.

25, as suspected, Plaintiff has no basis for this allegation - - and Plaintiff's complaint that alleges

this relationship without any supporting facts seemingly violates F.R.C.P. Rule 11. If Plaintiff has

no factual support, he must so state and the Complaint as to Mr. Bandukra should be dismissed.

16

Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to

Interrogatory No. 25, even if the response states that he has no such knowledge.

### INTERROGATORY NO. 26

**Interrogatory No. 26:**  Describe all business activities you contend Sabiha Bandukra was conducting on the date of the accident and identify all persons with knowledge and documents relating thereto.

**Plaintiff's Response**:  Pending depositions.

Like Plaintiff's Answer to Interrogatory No. 25, Plaintiff has not answered this question

which again indicates that he had no basis for making this allegation in the Complaint.  If Plaintiff

had no reasonable basis for asserting this unsubstantiated claim, the claim should be stricken and

the Complaint as to Mr. Bandukra should be dismissed.  The entire basis for Plaintiff's claim as to

Mr. Bandukra is this agency theory which has kept Mr. Bandukra in this case.  Defendant expressly

denies all involvement in this accident and denies that his wife was acting as his agent.  Based upon

Plaintiff's answer to Interrogatory No. 26, as suspected, Plaintiff has no basis for this allegation - -

and Plaintiff's complaint that alleges this relationship without any supporting facts seemingly

violates F.R.C.P. Rule 11.  If Plaintiff has no factual support, he must so state and the Complaint as

to Mr. Bandukra should be dismissed.  Accordingly, Defendant seeks an Order compelling Plaintiff

to provide a complete response to Interrogatory No. 26, even if the response states that he has no

such knowledge.

### INTERROGATORY NO. 27

**Interrogatory No. 27:**        Identify all places you have resided in the past seven (7) years. Include in your answer the dates of your occupancy and the identities of all persons with whom you resided during that time period.

**Plaintiff's Response:** To be supplemented.

17

Plaintiff has not provided a response to this question and the responses are already nearly two months overdue. Plaintiff has knowledge of this information and his failure to respond is unexplainable. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 27.

### INTERROGATORY NO. 28

**Interrogatory No. 28:** Identify all places Michael Cornwell resided over the past seven years preceding his death. Include in your answer the dates of his occupancy and the identities of all persons with whom he resided during that time period.

**Plaintiff's Response:** To be supplemented.

Plaintiff has not provided a response to this question and the response is now nearly two months overdue. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 28.

### INTERROGATORY NO. 29

**Interrogatory No. 29**: Identify all members of Michael Bandukra's family including the names, addresses, telephone numbers and ages of his parents, siblings, children and spouses/ex-spouses.

**Plaintiff's Response**: To be supplemented.

Plaintiff has not provided a response to a question about his own family. It is unclear what possible reason Plaintiff has for failing to provide this response. Accordingly, Defendant seeks an Order compelling Plaintiff to provide a complete response to Interrogatory No. 29.

**C.      Plaintiff's Responses to Requests For Documents Are Incomplete.**

Plaintiff's responses to Defendant's Requests for Production of Documents are incomplete.

Further, Plaintiff's objections to certain discovery were not raised timely, and thus, they are

waived. *Blumenthal,* supra.

**REQUEST NO. 9**

**Request No. 9:**      All written statements of the Defendants, or their
agents, or of any person or entity not named in the Complaint concerning
this incident or its subject matter in the Plaintiff's possession, custody or
control.

**Plaintiff's Response:** See, documents produced.

Plaintiff did not produce any such documents.  If such documents exist, they must be

produced.  If they do not exist, Plaintiff must so state.

**REQUEST NO. 10**

**Request No. 10:** All statements concerning this action or its subject matter
obtained from any other party or non-party to this litigation presently in the
Plaintiff's possession, custody or control.

**Plaintiff's Response:** See, documents produced.

Plaintiff did not produce any such documents.  If such documents exist, they must be

produced.  If they do not exist, Plaintiff must so state.

**REQUEST NO. 14**

**Request No. 14**:      Any and all employment records regarding Michael Cornwell's
employment from the date of the incident alleged in the Complaint until the present date.
For those employment records which are in existence and are not physically in the
possession or custody of the Plaintiff or the Plaintiff's attorney, but which are within the
Plaintiff's control, Defendant requests that the Plaintiff execute authorizations to each
employer where records exist to allow Defendant to obtain copies of said records.  A copy
of said Authorization is attached.

**Plaintiff's Response**: Objection, no loss income claim being made.

First, Plaintiff's objection is waived as it was not timely asserted. Second, the fact that Plaintiff is not asserting a loss wage claim does not mean that the records are not discoverable. Rather, the records are reasonably calculated to lead to the discovery of admissible evidence regarding the purported severity of the injury sustained. Further, such records might indicate that Mr. Cornwell had a pre-existing injury. Accordingly, Defendant seeks an Order deeming the objection waived and compelling Plaintiff to produce all documents requested in Request No. 14.

**REQUEST NO. 15**

**Request No. 15:**    Any and all documents showing prior or subsequent claims for injury made by Michael Cornwell or made by others on his behalf, including settlement demand letters, Complaints, Motions for Judgment, Releases, and copies of settlement checks.

**Plaintiff's Response**: None known related to his injuries in this case.

Plaintiff's response infers that there are responsive documents relating to injuries. Defendant is entitled to discovery of this information to determine whether these documents are relevant or show the existence of prior or subsequent injuries. Accordingly, Defendant seeks an Order compelling Plaintiff to produce all responsive documents.

**REQUEST NO. 16**

**Request No. 16**:    Michael Cornwell's income tax returns, federal and state, with all attachments, from 1998 to the present.

**Plaintiff's Response:** Objection, no loss income claim being made.

First, Plaintiff's objection is waived as it was not timely asserted. Second, the fact that Plaintiff is not asserting a loss wage claim does not mean that the records relating to his employment and earnings history are not discoverable. Rather, the records are reasonably

calculated to lead to the discovery of admissible evidence regarding the purported severity of the injury sustained and whether Mr. Bandukra had to stop working because of the accident, how Mr. Bandukra was employed before the accident, and whether Mr. Bandukra had similar episodes of lack of employment prior to the accident due to other injuries. Accordingly, Defendant seeks an Order deeming the objection waived and compelling Plaintiff to produce all documents requested in Request No. 16.

### REQUEST NO. 19

**Request No. 19:** A copy of Michael Cornwell's health insurance and prescription insurance card.

**Plaintiff's Response**: Objection, collateral source rule.

First, Plaintiff's objection is waived because it was not timely asserted. Second, the insurance and prescription card should be produced as they are reasonably calculated to lead to the discovery of admissible evidence as to Mr. Cornwell's medical treatment. Once the insurance and prescription information is provided, Defendant has another avenue for obtaining medical records and records that are unknown or undisclosed may be discovered. Accordingly, Defendant seeks an Order deeming the objection waived and compelling Plaintiff to produce the requested documents.

### REQUEST NO. 20

**Request No. 20**: All documents relating to any communications regarding settlement of claims regarding the incident alleged in the Complaint.

**Plaintiff's Response**: To be supplemented.

Plaintiff has not produced responsive documents to this request. Such documents should have been produced more than one month ago. Accordingly, Defendant seeks an Order compelling Plaintiff to produce all such documents.

**REQUEST NO. 21**

**Request No. 21:**    All documents relating to the Estate of Michael Cornwell.

**Plaintiff's Response:** To be supplemented.

Plaintiff has not produced any responsive documents. These documents should have been produced more than one month ago. Accordingly, Defendant seeks an Order compelling Plaintiff to produce all such documents.

**REQUEST NO. 22**

**Request No. 22**:    All documents relating to Michael Cornwell's death.

**Plaintiff's Response:**    See, death certificate.

Plaintiff's response is deficient. Certainly, additional documents exist relating to Mr. Cornwell's death and those documents must be produced. Such documents would include, for example, obituaries and death notices. Accordingly, Defendant seeks an Order compelling Plaintiff to produce all responsive documents.


**D.    Attorney's Fees Should Be Awarded to Defendant.**

Attorney's fees should be awarded to Defendant because Plaintiff failed to produce complete discovery responses, despite Defendant's good faith efforts. Prior to filing the Motion to Compel, defense counsel attempted to obtain complete discovery responses on three separate

occasions through letters and telephone calls.  Despite these good faith efforts, Plaintiff did not

provide sufficient discovery.  Rule 37(a)(4) of the Federal Rules of Civil Procedure provides:

> If the motion is granted or if the disclosure or requested
> discovery is provided after the motion to compel was filed,
> the court <u>shall</u>, after affording an opportunity to be heard,
> require the party or deponent whose conduct necessitated the
> motion . . . to pay the moving party the reasonable expenses
> incurred in making the motion, including attorney's fees . . . .

<u>See</u> F.R.C.P. 37(a)(4).

Because Defendant made good faith efforts to obtain the discovery without court

involvement, and Plaintiff still did not provide the discovery, this motion was necessary.  To date,

the costs associated with this motion are $675.00.  Accordingly, Defendant seeks an award of

$675.00 in having to prepare and file this Motion to Compel.

WHEREFORE, Defendant Usman Bandukra respectfully moves this honorable Court for

entry of an Order deeming Plaintiff's Objections to Interrogatory Nos. 6, 8, 9, 13, 23 and 24 and

Request Nos. 14, 16, 19 waived for failure to timely serve objections and compelling complete

Answers to Interrogatory Nos. 1-6, 8, 10-15, 17-29 and compelling the production of all documents

responsive to Request Nos. 9, 10, 14-16, 19-22, and awarding attorneys fees incurred in preparing

and filing this motion, which to date are $675.00 and for such other relief this Court deems

appropriate.

Respectfully submitted,


_____//s//_____
John J. Hathway (#412664)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Usman Bandukra*

*193768*