IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL<br><br>Plaintiff<br><br>v.<br><br>USMAN BANDUKRA, et al<br><br>Defendants | Case No:   1:05-cv-02258-HHK |

### DEFENDANT USMAN BANDUKRA'S FIRST SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:    ROBERT CORNWELL
       c/o Christopher M Johns, Esq.
       18961 Highstream Drive
       Germantown, Maryland 20874

FROM:  USMAN BANDUKRA
       c/o Jennifer S. Jackman, Esq.
       Whiteford, Taylor & Preston, LLP
       1025 Connecticut Avenue, NW, Suite 400
       Washington, DC 20036

Defendant Usman Bandukra ("Mr. Bandukra"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, by its undersigned counsel, hereby propounds the following Requests for Production of Documents:


EXHIBIT 5

## DEFINITIONS AND INSTRUCTIONS

(a) These Requests are continuing in character, so as to require you to file supplemental responses if you obtain further or different documentation before trial.

(b) These Requests shall be responded in accordance with the requirements set forth in the Federal Rules of Civil Procedure.

(c)  The term "Document" shall mean written, typed, printed, recorded or graphic matter, however produced or reproduced of any kind and description, and whether an original, master, duplicate or copy, including but not limited to, papers, notes, accounts, books, advertisements, letters, memoranda, notes of conversations, contracts, agreements, drawings, telegrams, tape recordings, communications, including interoffice and intraoffice memoranda, reports, studies, working papers, corporate records, minutes of meetings, notebooks, bank deposits, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions, sound recordings of any type whether stored in tangible, electronic, mechanical, electric form or representation of any kind including, without limitation: materials on or in computer tapes, disks, and memory; and backup copies and "deleted" files on a computer storage devices or other media, whether located on site or off site. Such Documents shall also include but not be limited to transcriptions of personal notes, telephone conversations or negotiations, meetings or conferences or things similar to any of the foregoing and to include data, information and statistics contained within any data storage module, tapes, discs or other memory device or any other information retrievable from storage.

2

## REQUESTS

**REQUEST NO. 1:** All documents referred to, related to or identified in Plaintiff's Complaint.
    See, documents produced.

**REQUEST NO. 2:** All documents referred to or utilized in answering Usman Bandukra's First Set of Interrogatories to Plaintiff.
    See, documents produced.

**REQUEST NO. 3:** All documents obtained by Plaintiff pursuant to subpoena in this case.
    None.

**REQUEST NO. 4:** Copies of any police reports relating to the allegations contained in the Complaint.
    See, documents produced.

**REQUEST NO. 5:** All photographs, sketches or diagrams relating in any way to the allegations contained in the Plaintiff's Complaint.
    See, documents produced.

**REQUEST NO. 6:** All documents which refer to, relate to, or reflect the names and addresses and/or nature of expertise of any experts whom you intend to call at trial and copies of all written reports received from such experts.
    See, documents produced and expert disclosure.

**REQUEST NO. 7:** Documents which refer to, relate to or reflect the content of any report, study, investigation or any other examination performed at your request, or on your behalf or otherwise known to you by any expert with regard to the subject litigation.
    See, documents produced.

**REQUEST NO. 8:** Any and all reports, documents, and/or statements made by the Michael Cornwell or anyone for or on his behalf, in the ordinary course of business and any and all reports, records or statements made by the Plaintiff for or on his behalf, and required to be filed with any person, firm or corporation, including but not limited to insurance or accident reports in conjunction with the occurrence of the damages alleged to have been sustained herein.    None.

**REQUEST NO. 9:** All written statements of the Defendants, or their agents, or of any person or entity not named in the Complaint concerning this incident or its subject matter in the Plaintiff's possession, custody or control.   **See, documents produced.**

**REQUEST NO. 10:** All statements concerning this action or its subject matter obtained from any other party or non-party to this litigation presently in the Plaintiff's possession, custody or control.   **See, documents produced.**

**REQUEST NO. 11:** All photographs, maps, diagrams, or other depictions of all or any part of the street where the accident occurred. This request includes all such photographs, maps, diagrams, and other depictions of the intersection as it was on the date of the accident and as it may have been modified following the accident.   **See, documents produced.**

**REQUEST NO. 12:** All documents not heretofore produced which support any allegations contained your Complaint.   **See, documents produced.**

**REQUEST NO. 13:** All medical records, surgical records, mental health records, financial records, bills, invoices, writings, notes or memoranda generated in connection with injuries sustained or believed to be sustained in accidental injuries occurring *before* or *after* the incident that is the subject of this litigation. For any such record not in Plaintiff's custody, please execute the attached release provided with these Requests.   **See, documents produced.**

**REQUEST NO. 14:** Any and all employment records regarding Michael Cornwell's employment from the date of the incident alleged in the Complaint until the present date. For those employment records which are in existence and are not physically in the possession or custody of the Plaintiff or the Plaintiff's attorney, but which are within the Plaintiff's control, Defendant requests that the Plaintiff execute authorizations to each employer where records exist to allow Defendant to obtain copies of said records. A copy of said Authorization is attached.   **Objection, no loss income claim being made.**

4

**REQUEST NO. 15:** Any and all documents showing prior or subsequent claims for injury made by Michael Cornwell or made by others on his behalf, including settlement demand letters, Complaints, Motions for Judgment, Releases, and copies of settlement checks.

None known reelated to his injuries in this case.

**REQUEST NO. 16:** Michael Cornwell's income tax returns, federal and state, with all attachments, from 1998 to the present.

Objection, no loss income claim being made.

**REQUEST NO. 17:** All documents you received, created, filed, or that you or your counsel have possession of relating to any claim for worker's compensation that Michael Cornwell made in connection with the motor vehicle collision that is the subject of this litigation.

None known reelated to his injuries in this case.

**REQUEST NO. 18:** All documents supporting the itemization of economic damages and description of non-economic damages you claim.

See, documents produced.

**REQUEST NO. 19:** A copy of Michael Cornwell's health insurance and prescription insurance card.

Objection. collateral source rule.

**REQUEST NO. 20:** All documents relating to any communications regarding settlement of claims regarding the incident alleged in the Complaint.    To be supplemetned.

**REQUEST NO. 21:** All documents relating to the Estate of Michael Cornwell.

To be supplemetned.

**REQUEST NO. 22:** All documents relating to Michael Cornwell's death.

See, death certificarte.

Respectfully submitted,

John J. Hardway (#412664)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW, Suite 400
Washington, DC 20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Usman Bandukra*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2006, a copy of the foregoing was sent by first class mail, postage prepaid to:

Christopher M. Johns, Esq.
18961 Highstream Drive
Germantown, Maryland 20874

Richard S. Shrager
107 North Adams Street
Rockville, Maryland 20850

Jennifer S. Jackman

190228

## *HIPAA COMPLIANT AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508*

Name or specific identification of the person(s), or class of persons, authorized to make the requested disclosure:

CUSTODIAN OF RECORDS
_____
_____
_____
_____

Patient Name: MICHAEL CORNWELL

AKA: _____

Date of Birth: _____ Social Security Number: _____

Address: _____

I authorize the disclosure of all protected medical information for the purpose of review and evaluation in connection with a legal claim. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information **for all dates of service including the following:**
- All medical records, including inpatient, outpatient and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians.
- All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records including all statements, itemized bills, and insurance records.

Information about alcohol/substance abuse and HIV/AIDS may be disclosed as follows: (Check all that apply)
____ Yes, disclose HIV/AIDS information.       OR   ____ No, do NOT disclose HIV/AIDS information.
____ Yes, disclose alcohol/substance abuse information. OR ____ No, do NOT disclose alcohol/substance abuse information.

I authorize you to release the protected health information to:

Jennifer S. Jackman, Whiteford, Taylor & Preston, 1025 Connecticut Avenue, NW, Suite 400, Washington, DC 20036

I acknowledge the right to revoke this authorization by writing to Jennifer S. Jackman, Esquire at the above referenced address. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions.
I acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by the recipient and no longer be protected under 45 CFR 164.508.
I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization.
Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein. This authorization expires two years from the date below.

Signature: _____ Date: _____
Relationship to the person who is the subject of the records:
Self: _____ Other: Personal Representative of the Estate of Michael Cornwell
                      Describe authority

Last Updated: 04/28/03

## EMPLOYMENT AUTHORIZATION

TO:    _____
       _____
       _____
       _____

EMPLOYEE:   MICHAEL CORNWELL
SSN:        _____
DOB:        _____

I hereby give my permission, and this is your authority to furnish to any member, employee, representative, or agent of the law firm of Whiteford, Taylor & Preston, with offices at 1025 Connecticut Avenue, NW, Suite 400, Washington, DC 20036, a copy of any and all records concerning my employment, including but not limited to application for employment, attendance records, salary information, performance evaluations, awards, disciplinary actions, worker's compensation claims, notes, correspondence and any and all other records concerning my employment with you.

I agree that a photostatic copy of this Authorization may be used in place of and with the same force and effect as the original.

_____                 _____
Date                                   Robert Cornwell, Personal Representative of the
                                       Estate of Michael Cornwell