IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CORNWELL<br><br>Plaintiff<br><br>v.<br><br>USMAN BANDUKRA, et al<br><br>Defendants | Case No:    1:05-cv-02258-HHK |

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO COMPEL SEEKING AN AWARD OF ATTORNEY'S FEES AND EXPENSES**

COME NOW, Usman and Sabiha Bandukra, through undersigned counsel and Whiteford, Taylor & Preston, pursuant to F.R.C.P. Rule 37 with this Reply to Opposition to Motion to Compel and states as follows:

1. Recently dismissed Defendant Usman Bandukra seeks an award of attorney's fees and expenses for expenses incurred as a result of filing the Motion to Compel discovery on October 31, 2006 that was necessitated by Plaintiff's failure to provide executed answers to interrogatories and full responses to the discovery requests. Mr. Bandukra's Motion to Compel discovery was filed after numerous good faith attempts were made to obtain the requested discovery from Plaintiff. Despite Defendant's best efforts, Plaintiff did not provide the requested discovery prior to filing the Motion to Compel.

2. On November 14, 2006, Plaintiff dismissed Usman Bandukra. On that same date, Plaintiff opposed the Motion to Compel on the sole basis that the issues were moot because Mr. Bandukra had been dismissed.

3. Though Defendant Sabiha Bandukra intended to file a Response to Plaintiff's Opposition seeking an Order compelling Plaintiff to provide discovery, prior to the due date for such filing, Plaintiff provided discovery responses.

4. The fact that Plaintiff dismissed Mr. Bandukra after the Motion to Compel was filed does not affect Mr. Bandukra's right to attorney's fees for Plaintiff's conduct that occurred and motions that were filed prior to his dismissal. Nor does the fact that Plaintiff finally produced his overdue discovery after Mr. Bandukra was dismissed impact Defendant's right to attorney's fees. Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that the Court <u>shall</u>, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred, including attorney's fees. *Williams v. Johanns,* 235 F.R.D. 119 (D.D.C. 2006). There is no caveat to this rule that allows parties to avoid this penalty by simply dismissing the moving party. Further, the Rule clearly contemplates the award of attorney's fees when the discovery is provided <u>after</u> the motion is filed. Such fees should be awarded in this case because it was Plaintiff's delay and refusal to provide full responses that necessitated Defendant's filing of the Motion to Compel. Even though Mr. Bandukra was ultimately dismissed, he still incurred expenses and fees in filing the Motion to Compel prior to his dismissal. Accordingly, Defendant seeks recovery of the expenses, including attorney's fees, he incurred as a result of Plaintiff's failure to provide discovery which required the filing of a Motion to Compel.

WHEREFORE, Defendants Sabiha and Usman Bandukra respectfully move this Honorable Court for entry of an Order awarding attorneys fees incurred in preparing and filing this motion, which to date exceed $675.00 and for such other relief this Court deems appropriate.

Respectfully submitted,

_____//s//_____
John J. Hathway (#412664)
Jennifer S. Jackman (#466922)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, NW
Suite 400
Washington, DC  20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorney for Defendant
*Usman Bandukra*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4(d), service of the pleading was made through electronic filing of the pleading.

_____//s//_____
Jennifer S. Jackman

194609