## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

ROBERT CORNWELL, on behalf of himself,    :
and the Estate of Michael A. Cornwell

          Plaintiff,    :

                           :    Case No.: 1:05-CV-2258 JMF

v.    :

MATTHEW J. GALLAGHER, et al.    :

          Defendants    :

### DEFENDANT GALLAGHER'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, Michael J. Gallagher, by and through counsel, Mallon A. Snyder, Esquire, Richard S. Schrager, Esquire, and Mallon A. Snyder, Chartered, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for Summary Judgment as to the Plaintiff's claims against him, and as cause therefor respectfully states as follows:

The Plaintiff's claim of negligence must fail, as he has failed to provide any evidence of any breach of a duty by Defendant Gallagher. There is no genuine dispute as to any material facts, and the Defendant is entitled to judgment as a matter of law.

Wherefore, the above premises considered, Defendant Gallagher prays this Honorable Court grant his Motion for Summary Judgment.

Respectfully submitted,

MALLON A. SNYDER, CHARTERED

_____
Richard S. Schrager (349530)
107 North Adams Street
Rockville, Maryland 20850
(301) 762-7500

Counsel for Defendant Gallagher

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December, 2006, a copy of the foregoing was mailed, postage prepaid, via ordinary mail, addressed to:

Christopher M. Johns, Esq.
CHRISTOPHER M. JOHNS, LLC
P.O. Box 975
Laurel, Maryland 20725

Jennifer S. Jackman
Whiteford, Taylor & Preston, L.L.P.
1025 Connecticut Avenue, N.W.
Washington, D.C. 20036-5405

_____
Richard S. Schrager

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

ROBERT CORNWELL, on behalf of himself,        :
and the Estate of Michael A. Cornwell          :
                                               :
        Plaintiff,                          :
                                               :        Case No.: 1:05-CV-2258 JMF
v.                                             :
                                               :
MATTHEW J. GALLAGHER, et al.                   :
                                               :
        Defendants                          :

### MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW the Defendant, Michael J. Gallagher, by and through counsel,

Mallon A. Snyder, Esquire, Richard S. Schrager, Esquire, and Mallon A. Snyder,

Chartered, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and

LCvR 7, provides the following Memorandum of Points and Authorities in support of his

Motion for Summary Judgment.

### I.  Background

The Plaintiff[1] has filed this action seeking compensatory damages for injuries

allegedly suffered as the result of a motor vehicle accident which occurred on August

30, 2002. On that date, the Plaintiff was a passenger in a vehicle being operated by

Roy Latieri. That vehicle was stopped for a red light on New York Avenue, at its

intersection with First Street, NW, in Washington, DC. Defendant Gallagher had

brought his vehicle to a stop behind the Latieri vehicle. A vehicle being operated by

---

[1] For convenience and brevity, references to the "Plaintiff" in this motion refer to Michael A. Cornwell, a passenger in the Latieri vehicle at the time of the incident. Mr. Cornwell has since died for reasons unrelated to this incident, and has been replaced as the actual Plaintiff in these proceedings by his son, Robert Cornwell, personal representative of his estate.

Defendant Sabiha Bandukra failed to stop, striking the rear of Defendant Gallagher's vehicle and pushing it into the rear of the Latieri vehicle.

## II.    Statement of Material Facts as to Which There is No Genuine Dispute

A.    On August 30, 2002, the Plaintiff was a passenger in the vehicle being operated by Roy Latieri. Exhibit A, Amended Complaint.

B.    The Latieri vehicle was stopped for a traffic light in the westbound lanes of New York Avenue at its intersection with First Street, NW in Washington, DC. Exhibit B, Deposition of Roy Latieri, p. 8.

C.    Defendant Gallagher, also westbound on New York Avenue, brought his vehicle to a complete stop behind the Latieri vehicle. Exhibit C, Deposition of Matthew J. Gallagher, p. 7 - 8.

D.    Defendant Sabiha Bandukra was also traveling westbound on New York Avenue. Just prior to the accident, the vehicles were aligned as follows:

⌂    Latieri vehicle (with Plaintiff Cornwell as passenger)

⌂    Defendant Michael Gallagher

⌂    Defendant Sabiha Bandukra.

Id., p. 7 - 8.

E.    Defendant Sabiha Bandukra failed to stop her vehicle, causing it to strike the rear of Defendant Gallagher's vehicle. As a result, Defendant Gallagher's vehicle was pushed forward and struck the rear of the Latieri vehicle.[2] Id., p. 8.

## III.    Legal Argument

---

[2] Defendant Bandukra may contend that there was no contact between the Gallagher vehicle and the Latieri vehicle, or that any such contact was minimal. For the purposes of this motion, Defendant Gallagher assumes that there was contact between his vehicle and the Latieri vehicle.

A. Standard of Review

Summary Judgment must be granted where there is no genuine dispute as to material facts, and the movant is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). These cases make clear that while the moving party bears the initial burden of proof on a motion for summary judgment, the movant need not negate the opponent's case. The initial burden is only to demonstrate the absence of evidence to support the plaintiff's case. Celotex, 477 U.S. at 323.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the burden shifts to the non-moving party to designate specific facts showing that there is a genuine issue for trial. Musa v. Continental Ins. Co., 644 A.2d 999, 1002 (D.C. 1994) (citing Celotex, 477 U.S. 317, 322-23 (1986). To carry this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

B. Elements of Negligence

In a negligence action, the plaintiff bears the burden of proof on three issues: the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury. Toy v. District of

Columbia, 549 A.2d 1, 6 (D.C. 1988). In order for a plaintiff to recover, "there must be some reasonable evidence of well-defined acts of negligence or breach of duty on the part of the defendant, causing the injury complained of." Garvick v. United Rys. & Elec.Co., 101 Md. 239 (1905). For the purposes of this motion, only the second element - a breach of the standard of care - is at issue.  Summary judgment is proper when a party fails to establish an essential element of his case upon which he bears the burden of proof. Celotex, at 327.

Plaintiff's uncertainty about whether he will be able to prove any negligence on the part of Defendant Gallagher is demonstrated in paragraph 7 of the Amended Complaint, where he states as follows:

> "While [the vehicle in which the Plaintiff was a passenger was] stopped at said intersection **a vehicle being driven and owned by defendant Matthew J. Gallagher was also in a stopped position at said intersection directly behind the vehicle in which the plaintiff was a passenger. At the time that the above two vehicles were stopped at said intersection** a third vehicle owned by and being driven by defendant Sabiha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of Defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger..."

Exhibit A, Plaintiff's Amended Complaint, paragraph 7 (emphasis added).

Paragraphs 8 through 14 of the Amended Complaint allege various breaches of duty by Defendant Bandukra, "and/or in the alternative defendant Gallagher", thus requiring this motion. However, Plaintiff's statement of facts in the Amended Complaint is borne out by the evidence produced during discovery. There is no evidence of any breach of duty by Defendant Gallagher.

C.  Discovery has been completed, and the Plaintiff has failed to elicit any evidence of negligence on the part of Defendant Gallagher.

1. The decedent, Michael A. Cornwell, made a statement to his son, Robert M. Cornwell (the "actual" Plaintiff herein), that Defendant Gallagher was not at fault.

> Q      Did your father tell you anything about how the accident happened?
> A      He told me he was at a stoplight and they were the front car and a car hit the car behind him and it hit them.

Exhibit D, Deposition of Robert M. Cornwell, p. 59, lines 8 - 12.

2. In his Answers to Interrogatories, Robert Cornwell incorporates by reference the police report, which clearly indicates that Defendant Gallagher was stopped behind the Plaintiff's vehicle before he was struck by Defendant Bandukra.

Exhibit E, Police report.

3. Defendant Sabiha Bandukra was following closely behind Defendant Gallagher's vehicle when he stopped, and she was unable to avoid striking his vehicle.

> Q      What was your explanation on my last question, which was you hit Mr. Gallagher's car because you were not able to push the brake pedal on time?
> A      I was proceeding, probably it was maybe 20 miles per hour, and all of a sudden I saw the car in front of me stop and at the same time I hit the brake. But it barely tapped the car in front of me. It wasn't a hit. It was...I did hit the brake, but it was a sudden stop and that it how I just hit the car in front of me.

Exhibit F, Deposition of Sabiha Bandukra, pp. 14 - 15.

> Q      Did you observe Mr. Gallagher's brake lights working at the time when he stopped?
> A      Yes.

Id., p. 16.

> Q      Is it your contention that Mr. Gallagher changed lanes in front of you?
> A      No.

Id., p. 73.

> Q   When you were traveling at 20 miles per hour just before Mr. Gallagher stopped, what distance separated the front of your vehicle from the rear of his vehicle?
> A   Say that again.
> Q   At a point before the accident you saw Mr. Gallagher come to a stop, correct?
> A   Yes.
> Q   And you testified I believe at that point just before that you were traveling approximately 20 miles per hour, correct?
> A   Correct.
> Q   At that time what distance separated the front of your car from the rear of his car?
> MS. JACKMAN:  You can do it by feet or car lengths.
> Q   Can you estimate in feet or car lengths or blocks?  Anything that you are comfortable with.
> A   Maybe eight to ten feet.
> Q   And would you say that eight to ten feet is less than a car length?
> A   Yes.

Id., pp. 76 - 77.

4.  Defendant Gallagher's testimony that he was stopped prior to being struck by Defendant Bandukra is uncontroverted.

> Q   How long were you stopped before the accident happened?
>
> A   Maybe 20 - 30 seconds.

Exhibit C, Deposition of Matthew Gallagher, p. 8.

> A   From the time I was hit - from the time I stopped until the time I was hit was about 20 to 30 seconds. The car stopped. I noticed in my rearview mirror the car behind me had not stopped. I was nervous that I might be hit and I was hoping that the car behind me would stop in time.

Id., p. 12.

## IV.    Conclusion

All of the involved drivers in this case have been deposed. There is simply no evidence of any negligence on the part of Defendant Gallagher. Robert Cornwell, the Plaintiff's son, has even provided a statement from his father indicating that the driver of the vehicle behind him, Mr. Gallagher, was not at fault.

Based upon numerous discussions with Plaintiff's counsel prior to the filing of this Motion, it is anticipated that he will note that Defendant Gallagher has provided no "citations" in support of his position. In an effort to obtain a voluntary dismissal and avoid the necessity of this Motion, the undersigned counsel attempted to find a case "on all fours" with the instant case stating the proposition that the middle car in a three-car, chain-reaction, rear-end collision that had come to a complete stop prior to being struck in the rear was not negligent. Not surprisingly, there does not seem to be a case which holds that a driver who is not negligent in the operation of his motor vehicle is not negligent.

If that is the argument presented in opposition to this Motion, then Plaintiff's counsel has missed the point. The Plaintiff has the burden of providing admissible, relevant evidence in support of all elements of his claim. In this case, there is no evidence that Defendant Gallagher was negligence. For that reason, the Plaintiff's claim fails and summary judgment must be granted in favor of Defendant Gallagher.

Respectfully submitted,

MALLON A. SNYDER, CHARTERED


_____

Richard S. Schrager (349530)
107 North Adams Street
Rockville, MD 20850
(301) 762-7500

Counsel for Defendant Gallagher

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

ROBERT CORNWELL, on behalf of himself,    :
and the Estate of Michael A. Cornwell

              Plaintiff,    :

                      :       Case No.: 1:05-CV-2258 JMF

v.    :

MATTHEW J. GALLAGHER, et al.    :

             Defendants    :

## ORDER

    Upon consideration of Defendant Gallagher's Motion for Summary Judgment,

any opposition thereto, and the file herein, and it appearing to this Honorable Court that

the relief prayed is just and proper, it is, by the United States District Court for the

District of Columbia, this _____ day of _____, 2007,

    ORDERED, that Defendant Gallagher's Motion for Summary Judgment be, and

the same hereby is, GRANTED, and it is further,

    ORDERED, that Plaintiff's claims against Defendant Gallagher are dismissed,

with prejudice.


                                    _____
                                      John M. Facciola, Judge
                                      United States District Court for the
                                        District of Columbia

Copies to:

Richard S. Schrager, Esquire
Mallon A. Snyder, Chtd.
107 North Adams Street
Rockville, MD 20850

Christopher M. Johns, Esq.
CHRISTOPHER M. JOHNS, LLC
P.O. Box 975
Laurel, Maryland 20725

Jennifer S. Jackman
Whiteford, Taylor & Preston, L.L.P.
1025 Connecticut Avenue, N.W.
Washington, D.C. 20036-5405

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT CORNWELL** | : | |
| **(on behalf of himself and the Estate** | : | |
| **of Michael A. Cornwell)** | : | |
| **Plaintiff** | : | |
| **vs.** | : | |
| | : | |
| **USMAN BANDUKRA;** | : | **1:05-cv-02258-HHK** |
| **MATTHEW J. GALLAGHER; and.** | : | |
| **SABIHA U. BANDUKRA** | : | |
| **24 Margie Street** | : | |
| **Oceanside, New York 11572;** | : | |
| **Defendants** | : | **JURY DEMAND** |

## AMENDED COMPLAINT

Plaintiff Robert Cornwell (on behalf of himself and the Estate of Michael Cornwell),

through undersigned counsel, hereby sues defendant Sabiha Bandukra, defendant Usman

Bandukra, and defendant Matthew J. Gallagher, and for a cause of action states that:

1. Michael Cornwell (a Virginia residence) unfortunately died intestate on 04-25-06

survived only by his son, personal representative Robert Cornwell. The term "plaintiff",

except in the Ad damnum clause, refers to plaintiff's father the deceased Michael Cornwell.

2. Defendant Sabiha Bandukra ("defendant Bandukra") and defendant Usman

Bandukra are husband and wife and resides in New York.

3. Defendant Matthew J. Gallagher resides in Maryland.

4. The operative facts took place in the District of Columbia.

5. Jurisdiction is based on diversity of citizenship pursuant to U.S. Code, Title 28,

§1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000 (exclusive

of interest and costs) and the matter is between citizens of different States.

(Operative Facts)

6. On about Friday 08-30-2002, plaintiff Michael Cornwell was a back seat passenger of a 2000 Chevrolet Cavalier (being driven by non-party Roy Latheri) that was stopped for a red light on New York Avenue at the intersection of New York Avenue and First Street, N.W., Washington, D.C. While stopped at said intersection a vehicle being driven and owned by defendant Matthew J. Gallagher was also in a stopped position at said intersection directly behind the vehicle in which the plaintiff was a passenger. At the time that the above two vehicles were stopped at said intersection a third vehicle owned by and being driven by defendant Sabiha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries.

7. At the time of the aforesaid accident, all three of the above mentioned vehicles were using the same road way and were traveling or stopped in the same direction. As such, defendant Bandukra, and/or in the alternative defendant Gallagher, had a primary duty or duty to avoid the said rear end collision that injured plaintiff. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty owed to plaintiff to avoid the rear end collision. Defendant Bandukra, and/or in the alternative defendant Gallagher, failing to avoid the rear end collision was a substantial cause of the accident, permanently injuring plaintiff.

8. At the time of the accident, the vehicles that the defendants were operating were using the same road way as the vehicle in which the plaintiff occupied. As such, defendant Bandukra, and/or in the alternative defendant Gallagher, had a duty to always keep a proper look out. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached their

2

duty to keep a proper look out and to protect other occupants, like the plaintiff, because they failed to reasonably observe plaintiff's vehicle, they failed to reasonably observe the traffic, and/or they failed to reasonably observe other conditions, which confronted defendants while they used the roadway behind, and in plain view of, plaintiff's vehicle. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty owed to the plaintiff to maintain a proper look out. Defendant Bandukra's, and/or in the alternative defendant Gallagher's, failing to maintain a proper look out was a substantial cause of the accident resulting in plaintiff sustaining permanent, painful and debilitating injuries.

9.    Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other vehicle occupants, such as the plaintiff, to maintain proper control of, or over, the vehicle that each was driving at the time of the accident. At the time of the accident, the vehicle that plaintiff occupied and the vehicle driven by defendant Gallagher were in a stationary positions. At the time that the above two vehicles were stopped at said intersection a third vehicle owned by and being driven by defendant Sabiha Bandukra was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries. Defendant Bandukra, and/or in the alternative defendant Gallagher, drove the vehicle that each was driving into the rear of the vehicle which was occupied by the plaintiff. Defendant Bandukra breached the duty that he owed to the plaintiff to maintain proper control of, or over, the vehicle that he was driving. Defendant Bandukra's failure to maintain proper control was a substantial cause of the accident. In addition, or in the alternative, defendant Gallagher stopped his vehicle too closely to the

3

vehicle that the plaintiff occupied thereby causing it to strike the vehicle that plaintiff occupied when defendant Gallagher's vehicle was struck by defendant Bandukra's vehicle.

10. Defendant Bandukra, and/or in the alternative defendant Gallagher, also owed a duty to other vehicle occupants, such as the plaintiff, to not follow too closely. At the time of the accident, the vehicle that plaintiff occupied and the vehicle driven by defendant Gallagher were in a stationary positions. At the time that the above two vehicles were stopped at said intersection a third vehicle, owned by and being driven by defendant Sabiha Bandukra, was proceeding westbound on New York Avenue and struck the rear-end of defendant Gallagher's vehicle which then caused defendant Gallagher's to strike the rear-end of the aforesaid vehicle in which the plaintiff was a passenger, causing damage to the rear of the vehicle in which the plaintiff was a passenger (rear body pulled and re-aligned) and causing the plaintiff to sustain permanent, painful and debilitating injuries. Defendant Bandukra, and/or in the alternative defendant Gallagher, drove the vehicle that each was driving into the rear of the vehicle which was occupied by the plaintiff. Defendant Bandukra, and/or in the alternative defendant Gallagher, breached the duty that he owed to the plaintiff to not follow, and/or stop, too closely to the vehicle in which the plaintiff occupied. Defendant Bandukra's, and/or in the alternative defendant Gallagher's, failure to follow at a safe distance which was a substantial cause of the accident. In addition, or in the alternative, defendant Gallagher stopped his vehicle too closely to the vehicle plaintiff occupied causing it to strike the vehicle plaintiff occupied when defendant Gallagher's vehicle was struck by defendant Bandukra's vehicle.

11. At the time of the accident, defendant Bandukra, and/or in the alternative defendant Gallagher, each owed a duty to other vehicle occupants, such as plaintiff, not to drive each of their vehicles at an excessive speed under the circumstances. At the time and place of the accident, the circumstances were that that the plaintiff occupied was in a stopped