IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT CORNWELL** : | |
|     **Plaintiff** : | |
| : | |
| **v.** : | Case No.: 1:05-CV-02258-JMF |
| : | |
| **USMAN BANDUKRA, et al** : | |
|     **Defendants** : | |

## JOINT PRETRIAL STATEMENT

COMES NOW the Plaintiff, Robert Cornwell, by and through counsel, Christopher M. Johns, Esq., and Defendant, Sabiha Bandukra, by and through counsel, Jennifer S. Jackman, Esq. and Whiteford, Taylor & Preston, pursuant to Local Rule LCvR 16.5 and this Court's July 19, 2006 Scheduling Order and submits this Joint Pretrial Statement:

    *I.*    *LCvR 16.5(1)(i) Statement of the Case:*

This case arises out of a three (3) car rear end collision at a controlled intersection. Defendant Sabiha Bandukra was the driver of the rear or third car that the plaintiff contends caused this collision. The deceased, Michael Cornwell (whose death was not related to the accident) was a passenger in the first car. Upon Michael Cornwell's death, his son, Robert Cornwell, was substituted as the plaintiff in this case. Plaintiff claims that defendant Sabiha Bandukra was negligent in causing this three (3) car collision causing his father to sustain injuries and resulting in a neck operation and medical bills of $54,523.86. Defendant Bandukra denies that she was negligent and that she caused plaintiff's father, Michael Cornwell's injuries. This case is here by defendant's removal of it from Superior Court.

    *II.*    *LCvR 16.5(1)(ii) Plaintiff's Statement of Claims:*

Plaintiff claims that defendant was negligent in rear ending the middle car of the three car collision in that she owed people using the road, i.e. Michael Cornwell, a duty to keep a proper look out and not to collide with the middle car while the first and middle car were stopped at a red light signal. Plaintiff also

claims that defendant's negligence was the cause of the accident. As a result of the accident, Michael Cornwell sustained injuries, expenses, pain and suffering.

### III.  *LCvR 16.5(1)(iii) Defendant's Statement of Defenses:*

Defendant Bandukra denies that she was negligent in her operation of the car. Defendant Bandukra further denies that Plaintiff's claimed injuries were caused by the accident. Rather, based upon the testimony of witnesses obtained during discovery, Plaintiff was not injured in the accident and his claims are based on fraud. These witnesses include, *inter alia,* Sabiha Bandukra, Matthew Gallagher and Roy Lattieri.

**Plaintiff's objection**: to defendant's LCvR 16.5(1)(iii) pretrial statement of defenses: (A) There was no witness deposed in discovery (as stated by the defendant in her pre-trial statement) that was qualified to give an opinion that the plaintiff did not sustain the injuries as a result of the accident. (2) Defendant did not designated an expert in <u>substantially</u> conformity of Rule 26(a)(2)(A) and (B) in the following ways: (1) No report by an expert was submitted pursuant to Rule 26(a)(2)(B) with the disclosure, shortly after disclosure, while plaintiff had time to rebut any defense expert, during discovery, or within 90 days of trial as required by Rule 26(a)(2)(C); (2) No disclosures by such report pursuant to Rule 26(A)(2)(b) were made concerning a complete statement of all opinions to be expressed by the expert and the basis and reasons for the experts opinions; (3) No disclosures of the data or other information were made that were considered by the witness in forming their opinion; (4) defendant did not consult with an expert prior to making her disclosure; (5) No disclosures of any exhibits to be used as a summary of or support for the opinions; and, (6) No disclosures were made on the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Defendant's disclosure was not in substantial compliance in that she did not substantially disclose any of the items listed by Rule 26(a)(2) substantially prejudicing plaintiff even though documents were available.

Defendant had three timely sources of Michael Cornwell's medical records: (1) from the plaintiff; (2) by defendant's own subpoenas to Michael Cornwell's health care providers; and, (3) from defendant's insurance carrier claim file to which all of Michael Cornwell's records were submitted. Plaintiff made all documents available to defendant as a PDF file: (1) plaintiff's documents have timely been available via web site on **www.myaccidentcase.com**, and by entering a password and user name that was supplied to Defendant. (2) Several weeks before defendant's expert disclosure was due, plaintiff's counsel was on the phone with defense counsel's office while they printed out the documents from plaintiff's counsel's web site. (3) No where in defendant's motion to compel filed on 10-31-2006 did defendant claim that defendant did not have plaintiff's documents. To the contrary, defendant in fact admitted in the motion that they had the documents but only claimed that no list of the records was produced. A list did exist and was produced at the time that this was stated. A more comprehensive list was subsequently made and has been contained in the above mentioned PDF file. Therefore, defendant's implied statement in the expert disclosure that an opinion would be made when additional documents become available is patently false by defendant's own admission in other documents filed by defendant and for the other reasons stated above. At the time of said statement defendant had all the medical records that were in the plaintiff's possession. (4) When all parties agreed to extend each parties expert disclosure deadline dates, there was no mention by defense counsel that they did not have Michael Cornwell's medical records. (5) On the last day of defendants' extended expert disclosure deadline date, plaintiff's counsel reminded defense counsel of the disclosure and she formulated the disclosure on the last day thanking plaintiff's counsel for reminding her of the deadline date. (6) If defense counsel did not have plaintiff's medical records, how was defense counsel able to issue subpoenas to Michael Cornwell's healthcare providers. (7) Several items of the disclosure do not require plaintiff's documents. For example, defendant did not disclose the qualifications of their witness, including a list of all publications authored by their witness within the preceding 10 years; the compensation to be paid for the expert's study and testimony; and a listing of any other cases in which their witness has testified within the

3

preceding 4 years. The fact that defendant failed to make these disclosures evidences a disregard for the rule itself as no documents are needed from plaintiff to make these disclosures in the document made and filed by defendant.

**Defendant's Response to Objection**: Defendant disputes the factual allegations contained in Plaintiff's Objection.

### IV.   LCvR 16.5(1)(iv) Schedule of Witnesses:

**A.   Witnesses Which Both Parties May Call:**

1. Matthew Gallagher: Matthew Gallagher is expected to testify regarding his observations about the accident and parties (about 1 hour).

2. Officer Senner: Officer Senner is expected to testify regarding her observations of the accident scene and parties (about 1 hour).

**B.   Witnesses To Be Called by Plaintiff:**

1. Robert Michael Cornwell of 590 Summer Blvd., Apt. 101, Lakemoor, IL 60051: his observations of his father's condition post accident and the activities, or lack thereof, in which his father could or could not engage (about 2 hours).

2. Janet Bradshaw: her observations about the accident, her observations about Michael Cornwell (about 2 hours).

3. John R. Cornwell II: his observations about his car, his observations about Michael Cornwell (about 2 hours).

4. Victor Story: his observations about the car in which Michael Cornwell was a passenger at the time of the accident (about 1 hour).

5. David Ramsted M.D.: his observations as a treating physician of Michael Cornwell prior to the accident at issue in this case (about 2 hours).

6. *Arthur Wardell, M.D. of 5818 B Harbour View Blvd., B2, Suffolk, VA 23435: He is expected to testify as both an expert and treating physician. As an expert, he is expected to testify about the matters set for in his expert disclosure that are incorporated herein by reference. As a treating physician, he is expected to testify about his observations of Cornwell that he had while treating him (about 4 hours).

7. To the extent necessary custodians of records (including Chandler's Auto Body).

8. Plaintiff reserves the right to call any witness identified or called by Defendant.

4

       9.    Plaintiff reserves the right to call any other medical health care provider who rendered treatment to the Plaintiff.

       10.    Plaintiff reserves the right to call any witness for impeachment.

**Defendant's Objections:** Defendant objects to the testimony of Vic Story as he testified in his deposition that he had no knowledge regarding the estimate or the damage to the vehicle at issue. Defendant reserves the right to assert other objections to testimony of the witnesses as testimony is elicited at trial.

    **C.**    **Witnesses To Be Called By Defendant**

| NAME OF WITNESS | DESCRIPTION OF TESTIMONY | ESTIMATED TIME | EXPECT TO PRESENT/MAY PRESENT |
|---|---|---|---|
| Sabiha Bandukra 24 Margie Street Oceanside, NY 11572 | Ms. Bandukra will testify regarding the accident and her observations of the vehicles and of all involved in the accident. | 2 hours | Expect to Present |
| Roy Latieri | Mr. Latieri is expected to testify regarding the accident and his observations of the vehicles and of Plaintiff. Mr. Latieri is further expected to testify regarding facts supporting Defendants' claim that Plaintiff's claims are based upon fraud. | 2 hours | May Present if available; otherwise, Mr. Latieri's deposition transcript will be used. |
| To the extent needed, custodian of records for various exhibits, including medical records. | | | May Present |
| Dr. Bruce Ammerman (*) | Dr. Ammerman is expected to testify regarding Plaintiff's claimed damages and injuries | 2 hours | May Present |

5

Defendant Bandukra reserves the right to call any witness identified or called by the Plaintiff.

Defendant Bandukra reserves the right to call any medical health care provider who rendered treatment to Plaintiff.

Defendant Bandukra reserves the right to call any witness for impeachment.

**Plaintiff's objection to expert witness**: (A) There was no witness deposed in discovery (as stated by the defendant in her pre-trial statement) that was qualified to give an opinion that the plaintiff did not sustain the injuries as a result of the accident. (2) Defendant did not designated an expert in <u>substantially</u> conformity of Rule 26(a)(2)(A) and (B) in the following ways: (1) No report by an expert was submitted pursuant to Rule 26(a)(2)(B) with the disclosure, shortly after disclosure, while plaintiff had time to rebut any defense expert, during discovery, or within 90 days of trial as required by Rule 26(a)(2)(C); (2) No disclosures by such report pursuant to Rule 26(A)(2)(b) were made concerning a complete statement of all opinions to be expressed by the expert and the basis and reasons for the experts opinions; (3) No disclosures of the data or other information were made that were considered by the witness in forming their opinion; (4) defendant did not consult with an expert prior to making her disclosure; (5) No disclosures of any exhibits to be used as a summary of or support for the opinions; and, (6) No disclosures were made on the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Defendant's disclosure was not in substantial compliance in that she did not substantially disclose any of the items listed by Rule 26(a)(2) substantially prejudicing plaintiff.

**Defendant's Response to Objection:** Defendant disputes the factual allegations contained in Plaintiff's Objection.

V. *LCvR 16.5(1)(v) Plaintiff's List of Exhibits: Plaintiff expects to offer the following Exhibits.*

A. **Joint Exhibits**

None.

B. **Plaintiff's Exhibits**

| PEX # | Date | Author | Summary | Objection | Fed. R. Evid. |
|---|---|---|---|---|---|
| 2 | 09/26/2002 | Vic Story | Vics Auto Sales & Body Shop Repair Statement | Authenticity; Hearsay; Foundation | 801 |
| 4 | 05/11/2006 | Virginia Department of Health – Division of Vital Records | Michael Cornwell's Death Certificate (only for the file) | Hearsay; Foundation | 801 |
| 5 | 08/01/2005 through 10-28-06 | Dr. Wardell and/or his staff and/or billing department | Wardell Orthopaedics Bill and Records | Hearsay; Authenticity; Foundation | 801 |
| 6 | 08/30/2002 | DC Fire and EMS Department | DC Fire and EMS Department Bill | Hearsay; Foundation | 801 |
| 7 | 08/30/2002 | Washington Hospital Staff and Affiliated Personnel | Washington Hospital Center Bill and Records | Hearsay; Foundation | 801 |
| 8 | 08/30/2002 | Center Personnel | Center Radiology Bill | Hearsay; Foundation | 801 |
| 9 | Records and Invoices beginning date of 08/31/2002 through 10/14/05 | Louise Obici Memorial Hospital Personnel and Affiliated Personnel | Louise Obici Memorial Hospital Bills and Records (Including Missing Bills from 10/12/05 and 10/14/05) and Records for treatment beginning 8/31/05 | Hearsay; Foundation | 801 |
| 10 | 08/31/2002 | Emergency | Emergency | Hearsay; | 801 |

7

|    |                                                                 |                                                        |                                                                                                                            |                                                                                                                                                                                                                          |     |
|----|-----------------------------------------------------------------|--------------------------------------------------------|----------------------------------------------------------------------------------------------------------------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|
|    |                                                                 | Physicians of Tidewater Personnel                      | Physicians of Tidewater Bill                                                                                               | Authenticity; Foundation; Defendant objects to the document that is bate-stamped C030-31 as they are documents titled "Missing Bill" that appear to have been created by counsel                                         |     |
| 11 | 8/31/02 and 9/23/02                                             | Suffolk Radiology Personnel                            | Suffolk Radiology Associates Bills                                                                                         | Hearsay; Foundation                                                                                                                                                                                                      | 801 |
| 12 | Invoices beginning 10/31/2002 through 11/06/02                  | Maryview Medical Center Personnel                      | Maryview Medical Center Bills and Records for treatment beginning 10/31/02                                                 | Hearsay; Foundation; Authentication                                                                                                                                                                                      | 801 |
| 13 | 8/31/02 and 11/1/02                                             | Lakeview Medical Center Cardiology Personnel           | Lakeview Medical Center Cardiology Bill and Record                                                                         | Hearsay; Foundation                                                                                                                                                                                                      | 801 |
| 14 | For Services rendered from 10/15/02 through 7/24/04             | Orthopaedic Surgery Centers Personnel                  | Orthopaedic Surgery Centers Bills and Records for treatment beginning 10/15/02 including Missing Documents from 7/24/04 and 7/26/04 | Hearsay; Authenticity; Foundation; Defendant further objects to these documents as they appear to be incomplete and/or redacted; Defendant also objects to the documents titled "Missing" as they appear to be created by counsel | 801 |
| 15 | 11/04/02                                                        | Portsmouth Anesthesia Associates                       | Portsmouth Anesthesia Associates Bill                                                                                      | Hearsay; Foundation                                                                                                                                                                                                      | 801 |

| | | | Personnel | | |
|---|---|---|---|---|---|
| 16 | 09/09/02 through 10/02/2002 | Portsmouth Orthopaedic Associates Personnel | Portsmouth Orthopaedic Associates (PT) Bill and Records for treatment beginning 9/9/02 | Hearsay; Foundation | 801 |
| 17 | For services provided from 11/07/02 through 03/03/03 | Southamptom Memorial Hospital (PT) Personnel | Southamptom Memorial Hospital (PT) Bills and Records for treatment beginning 11/07/02 | Hearsay; Foundation | 801 |
| 18 | 9/16/02 | EBI Personnel | EBI (Cervical Collar) Bill and Record | Hearsay; Foundation | 801 |
| 19 | 10/23/02 | Peninsula Institute for Community Health Personnel | Peninsula Institute for Community Health Bill | Hearsay; Foundation | 801 |
| 20 | Prescriptions from 9/2/02 through 10/16/02 | Rite Aid Pharmacy Billing Dept. | Rite Aid #03641 Bills | Hearsay; Foundation | 801 |
| 21 | Prescriptions from 11/15/02 through 2/14/03 | Ghent Pharmacy Billing Dept. | Ghent Pharmacy Bills | Hearsay; Foundation | 801 |
| 22 | Services rendered from 08/28/97 through 8/28/02 | Lakeview Medical Center Personnel | Lakeview Medical Center Medical Records | Hearsay; Foundation | 801 |
| 23 | 1/20/05 and 10/10/05 | Lakeview Medical Center Personnel and Portsmouth Orthopaedic Associates Personnel | Lakeview Medical Center (Records) and Portsmouth Orthopaedic Associates | As to C075-76, Defendant objects to Hearsay; Foundation and Authenticity | |
| 24 (supplemental addition) | 09-11-02 09-25-02 | Chandler's Auto Body Kemper Estimate | Auto Repair Bill Gallagher | Hearsay Authenticity Foundation | 801 |

9

Plaintiff reserves the right to use any documents as exhibits for trial for the purpose of I   mpeachment. *Plaintiff hereby requests that defendant stipulate to the authentication of the above listed documents so that certification or custodian testimony is not necessary in this case.*

**Defendant's Further Objections:**

Defendant objects to all documents appearing under the category of "Missing Bills, Missing Records, Incorrect Bills To Be Produced" as they have not been produced and discovery has closed.

Pursuant to F.R.C.P. Rule 26(b), Defendant preserves all F.R.E. Rule 402 and 403 objections and reserves the right to raise these objections at trial.  To the extent those objections need to be made in this pretrial statement, Defendant objects to all of Plaintiff's exhibits on the basis of relevance.

**Defendant Bandukra's Exhibits**

| EXHIBIT NO. | DATE | AUTHOR | SUMMARY | OBJECTION | FEDERAL RULE OF EVIDENCE |
|---|---|---|---|---|---|
| DEX 1 | Undated | Sabiha Bandukra | Photographs of rear of car KLW-552 | | |
| DEX 2 | Undated | | Photographs of rear of car YTR-7989 | | |

Defendant Bandukra reserves the right to use any documents as exhibits for trial for the purpose of impeachment.

Defendant reserves the right to use any document identified by Plaintiff.

**VI.**     *LCvR 16.5(1)(vi) Designation of Depositions:*

**A.**     **Plaintiff's Designation**

Victor Story's Deposition taken on December 6th, 2006 as to only testimony necessary to qualify the repair statement of the car (in which plaintiff was a passenger) as admissible as an exception to hearsay.

Pages 1 through 7 (on page 7, lines 1 through 24); Page 8, lines 23 through 25; Page 9, Line 15-25

Page 11, Lines 3 through 25; Page 12, Lines 11 through 25; Page 13, Lines 1 through 15

Also Deposition Exhibit 1 (the applicable pages C007 and C008).

**Defendant's Objection:**     Defendant objects to the testimony offered by Plaintiff of Mr. Story, as well as to the exhibit Plaintiff is attempting to introduce into evidence through Mr. Story.  Plaintiff did not

lay the proper foundation to introduce the exhibit. Mr. Story had no independent knowledge of the document or the estimate at issue and Plaintiff did not properly establish that the exhibit was a business record. Despite Mr. Story's testimony that he had no personal knowledge regarding the substance of the estimate, no recollection of the estimate, no recollection of the vehicle and that he did not even know if he authored the estimate, Plaintiff attempted to elicit testimony regarding the substance of the document and the meaning of certain statements in the document. (Interestingly, Mr. Story further testified that he normally remembers his estimates (p. 13, ll. 6-10), but that he did not remember this one.) Defendant also objects to the proffered testimony and exhibit on the basis of hearsay, speculation and foundation. Defendant adopts the objections to Exhibit 2 as set forth above as well as all objections stated in the transcript in its entirety by Mr. Shrager and Ms. Jackman. Defendant reserves the right to make additional objections.

In the event the Court allows any of Mr. Story's testimony and/or the admission of Exhibit 2, then Defendant hereby designates the following testimony of Mr. Story that Defendant may ask to be included:

| PAGE | LINES |
|---|---|
| 5 | 12-15 |
| 6 | 6-8 |
| 9 | 9-12 |
| 13 | 6-10 |
| 14 | 16-25 |
| 15 | 1-5 |

Plaintiff objects to page 5, lines 12-15, in that witness not having a recollection of making the estimate is not relevant to establish the business records exception to hearsay. Plaintiff objects to page 6, lines 6 through 8, as the testimony cited is incomplete. The witness testified that 99% chance that he was the one who prepared the estimate. Plaintiff objects to page 9, lines 9 through 12, this cite is just to an answer

and so it does not include a question. Further, this is opinion testimony and this witness was not asked for an opinion by either side as this answer is non-responsive to the question and certainly outside of the question. The witness just volunteered it. This witness is not designated as an expert by either party nor are his qualifications in evidence. There is no foundation laid for this opinion.  Regarding page 13, lines 6 through 10, the plaintiff merely requests that the jury be told that under the business record exception to the hearsay rule, the witness does not have to have a specific personal knowledge of the specific record. Plaintiff objects to page 14, lines 16 through 25, and page 15, 1 through 5, this is opinion testimony and this witness was not asked for an opinion by either side as this answer is non-responsive to the question and certainly outside of the question. The witness just volunteered it. This witness is not designated as an expert by either party nor are his qualifications in evidence. There is no foundation laid for this opinion. Furthermore, what the witness testifies to is speculation as he has no personal knowledge about the accident itself.

**B.     Defendant's Designation**

Defendant Bandukra may use the following deposition testimony in lieu of live witnesses:

Roy Latieri

| PAGE | LINES |
|---|---|
| 6 | 14-25 |
| 7-9 | All |
| 10 | 4-9, 24-25 |
| 11-21 | All |
| 22 | 1-17 |
| 23 | 24-25 |
| 24 | All |
| 25 | 1-8 |
| 26 | 16-24 |
| 30 | 25 |
| 31 | 1-4 |
| 44 | 8-18 |
| 51 | 23-25 |
| 52 | 1-7, 20-25 |
| 53 | 3-18 |
| 57 | 10-13 |

**Plaintiff objects to**: any testimony of Row Latieri on the issue of causation or damages as he is not qualified on these matters, there is no expert designated by defendant on these matters, and because he testified that he did not know whether or not plaintiff was in fact injured in this accident. Further, plaintiff objects to his deposition being used without the witness appearing at the trial of this matter.

**Supplemental addition**: Without waiving this objection, plaintiff objects to the following:

Page 7 through 9 All:

Page 9, lines 7-8: Objection: hearsay, lack of foundation.

Page 9, lines 18-20: Objection. Witness not qualified to give opinion on whether Michael Cornwell was hurt. Further, her was named as an expert to give an opinion. Further later in the deposition witness said that he did not know if Michael Cornwell was hurt (page 60, lines 1-9l; page 61, lines 18 through 25). Also, objection as being speculative.

Page 10, lines 7 through 9: Objection. Witness is not an expert in auto body damage. Speculative.

Page 12, lines 4 through 8: Objection hearsay.

Page 12, lines 15 through 18: Objection hearsay.

Page 12, lines 23 through 25: Objection hearsay.

Page 13, lines 2 through 4: Objection hearsay.

Page 13, lines 9 through 12: Objection speculation as to injuries of person next to Michael Cornwell and as to the extent of the injuries to Michael Cornwell.

Page 13, lines 13 through 20: Objection. hearsay and lack of foundation as to whom he is referring.

Page 18, lines 7 through 9: Objection hearsay.

Page 18, lines 12 through 15: Objection hearsay.

Page 18, lines 19 through 25: Objection hearsay.

Page 19, lines 1 through 9: Objection hearsay.

Page 19, lines 10 through 25 and page 20: Objection lack of foundation, witness not an expert in auto body repair, and witness is not an expert designated by defendant.

Page 21, lines 1 through 11: Objection hearsay.

Page 22, lines 4 through 17: Objection hearsay.

Page 23, lines 24-25 and page 24, lines 1 through 23: Speculation about Michael Cornwell not being hurt; and inadmissible attack on Michael Cornwell's character. Speculation about other person in hospital being hurt by a chain saw.

Page 25, lines 1-8: speculation on Michael being hurt before accident and lack of foundation as to hurt where on his body and further witness is not an expert.

Page 26, lines 18-21: objection as non-responsive and speculative and lack of foundation as to hurt where on his body and further witness is not an expert.

Page 31, lines 1-4: objection witness is not an expert at auto body repair.

Page 53, lines 3-18: objection speculative and lack of foundation as to hurt where on his body and further witness is not an expert and on the next lines he said he did not know where he was hurt.

**Supplemental addition:** If deposition comes in, plaintiff seeks the following testimony (defendant has not reviewed following):

Page 11, lines 18 through 20 and lines 23 through 25: concerning the witness going to the hospital himself.

Page 31, lines 5 through 7 witness never worked in the fild of auto body repair.

Page 45, all as to what the witness saw at the point of impact.

Page 46, lines 23-25 and page 47, lines 1 through 7 on what witness said to occupants of car immediately after being hit.

Page 53, lines 19-20: only if testimony about Cornwell being previously hurt comes in.

Page 57, lines 14-25: concerning being able to sustain injury by your head snapping.

Page 58, lines 11-12: witness testifies as to his perception as not being a doctor.

**VII**.   *<u>LCvR 16.5(1)(vii) Plaintiff's Itemization of Damages:</u>*

See plaintiff's list of medical bills under *"LCvR 16.5(1)(v) Plaintiff's List of Exhibits"* Plaintiff reserves the right to supplement with the few noted missing bills if and once he is able to obtain them.

Plaintiff also claims damages for his injuries, pain and suffering, distress, inconvenience and other intangible damages.

Plaintiff seeks $300,000 in total damages.

**Defendant's Objection:**   Defendant objects to any supplement of bills that are have not been produced in discovery or that are not included in the Pretrial Statement.

Defendant seeks a dismissal with prejudice and award of costs.

**VIII.**   *<u>LCvR 16.5(1)(viii) Plaintiff's Request for Other Relief Sought:</u>*

None.

Plaintiff estimates that his case will take about two days to present.

Plaintiff reserves the right to make further and more detailed objections one plaintiff has an opportunity to review defendant's final pre-trial statement.

Defendant estimates that her case will take about one day to present.

                    Respectfully submitted,

                    _____/s/_____
                    Christopher M. Johns, Esq.
                    18961 Highstream Drive
                    Germantown, Maryland 20874
                    *Counsel for Plaintiff*

                    _____/s/_____
                    **(except as to above supplemental additions)**
                    John J. Hathway  (#412664)
                    Jennifer S. Jackman (#466922)
                    Whiteford, Taylor & Preston L.L.P.
                    1025 Connecticut Avenue, NW
                    Washington, DC  20036-5405
                    (202) 659-6800
                    *Counsel for Defendant*